| | |
|---|---|
| **PETER C. ANDERSON**<br>**UNITED STATES TRUSTEE**<br>Russell S. Clementson, No. 143824<br>Attorney for the U.S. Trustee<br>**UNITED STATES TRUSTEE**<br>915 Wilshire Boulevard, Suite 1850<br>Los Angeles, California 90017<br>Telephone: (213) 894-4505; Fax: (213) 894-0276<br>Email: russell.clementson@usdoj.gov | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

In re: **Valley Enterprises T.S. Inc.,**

Debtor.

| | |
|---|---|
| **NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT CASE; DECLARATION OF ALFRED COOPER III** | CHAPTER 11 CASE NUMBER<br><br>**1:20-bk-11784-MB** |

TO THE DEBTOR, DEBTOR'S ATTORNEY, CREDITORS, AND OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that on the following date and time in the indicated courtroom, the United States Trustee will move, and does hereby move the court for an order either converting the above entitled chapter 11 case to chapter 7 or dismissing the case and for such other relief as may be appropriate on the grounds set forth below.

> Hearing Date:  **November 20, 2020** Time: **1:30 p.m.**  Ctrm: **303**
> **U. S. Bankruptcy Court**
> **21041 Burbank Blvd.**
> **Woodland Hills, California 91367**

Local Bankruptcy Rule 9013-1(f) requires that any opposition or response to this motion be stated in writing, filed with the Clerk of the Court and served upon the United States Trustee at the address set forth in the upper left-hand corner of this document, upon the chapter 11 trustee and his or her attorney if a trustee has been appointed, and upon the debtor and the debtor's attorney no less than fourteen (14) days prior to the above hearing date.  The court may treat failure to file a written response to this motion within the required time period as consent to the motion.

**FILING INFORMATION**

A voluntary petition under chapter 11 was filed on October 5, 2020.

| Page 2 - (Form 2.1) | CHAPTER 11 CASE NUMBER |
|---|---|
| In re:<br>**Valley Enterprises T.S. Inc.,**<br>Debtor. | 1:20-bk-11784-MB |

# DECLARATION OF ALFRED COOPER III

1. I am employed as a Paralegal at the Office of the United States Trustee for the Central District of California with the responsibility of monitoring the administration of chapter 11 cases.

2. I have reviewed the files of the Office of the United States Trustee in connection with this bankruptcy case. I have personal knowledge of the facts set forth herein and if called as a witness could and would competently testify thereto.

3. The Debtor has failed to comply with the requirements of the United States Trustee's Guidelines and Requirements for Chapter 11 Debtors-in-Possession ("United States Trustee Guidelines") and/or Local Bankruptcy Rules by failing to provide the following:
   A. The Declaration of Debtor Regarding Compliance with United States Trustee Guidelines and Requirements for Chapter 11 Debtors in Possession (Form USTLA-3) ("Declaration Regarding Compliance");
   B. Real Property Questionnaire(s) (USTLA-5);
   C. Sufficient evidence of closing of all pre-petition bank accounts including: closing bank statements and all bank account information required by the Declaration Regarding Compliance;
   D. Sufficient evidence of opening and maintenance of debtor-in-possession bank accounts including: a voided debtor-in-possession check;
   E. Proof of appropriate insurance coverage including declaration pages and evidence that the Office of the U.S. Trustee has been added to receive notice regarding each insurance policy;
   F. Proof of required certificates and licenses;
   G. A projected cash flow statement for the first ninety days of operation under chapter 11;
   H. A statement of major issues and timetable report;
   I. Employee Benefit Plan Questionnaire (Form USTLA-8);
   J. Copies of the two most recent federal tax returns;
   K. Conformed copies of recorded petition in each county in which real property is owned;
   L. List of insiders; and
   M. Pre-petition financial statements.

   By the time of the hearing on this motion, monthly operating report for October 2020 will be due. If the hearing on this motion is continued, additional reports may become due.

4. If this case is dismissed or converted at the hearing on this motion, U.S. Trustee quarterly fees at minimum will be due in the amount of $325.00 for fourth quarter 2020. If the case is continued, additional fees may become due.

5. Pursuant to Local Bankruptcy Rule 9011-2(a), a corporation, a partnership including a limited liability partnership, a limited liability company, or any other unincorporated association, or a trust may not file a petition or otherwise appear without counsel. Here, the Debtor is a corporation and is required to be represented by counsel. On October 21, 2020, Debtor's counsel filed a motion to withdraw as bankruptcy counsel. To date there is no evidence in the record to indicate that the Debtor has obtained new counsel.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the following date at Los Angeles, California.

Date of execution: October 22, 2020        By: *Alfred Cooper III*
                                                Alfred Cooper III
                                                Paralegal

(This motion is continued on the next page.)

| In re:                                  | CHAPTER 11 CASE NUMBER |
|-----------------------------------------|------------------------|
| **Valley Enterprises T.S. Inc.,**       | 1:20-bk-11784-MB       |
| Debtor.                                 |                        |

**The United States Trustee submits the following points and authorities in support of this motion:**

1. "[O]n request of a party in interest, and after notice and a hearing, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1).

2. "For the purposes of this subsection, the term "cause" includes- (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; (B) gross mismanagement of the estate; (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public; (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors; (E) failure to comply with an order of the court; (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor; (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee (or the bankruptcy administrator, if any); (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief; (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court; (K) failure to pay any fees or charges required under chapter 123 of title 28; (L) revocation of an order of confirmation under section 1144 of this title; (M) inability to effectuate substantial consummation of a confirmed plan; (N) material default by the debtor with respect to a confirmed plan; (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition." 11 U.S.C. § 1112(b)(4).

3. Local Bankruptcy Rule 2015-2(b) provides that timely compliance with the reasonable requirements of the United States Trustee is mandatory.

4. A debtor's failure to comply with the reporting requirements of the United States Trustee and the Local Bankruptcy Rules is cause to dismiss this chapter 11 case or convert it to one under chapter 7, pursuant to 11 U.S.C. § 1112(b)(1) and (b)(4)(F) and (H). *See also In re 3868-70 White Plains Road Inc.*, 28 B.R. 515 (Bankr. S.D.N.Y. 1983); *In re Bianco,* 5 B.R. 466 (Bank. D. Mass.1980); *In re Pappas,* 17 B.R. 662 (Bankr. D. Mass. 1982).

5. The court may convert or dismiss a case where no reasonable possibility of effective reorganization exists, the debtor is unable to effectuate a plan and/or for unreasonable delay which prejudices the rights of creditors. *See, e.g., In re Johnston*, 149 B.R. 158, 161 (9th Cir. BAP 1992).

6. The court may prohibit the debtor from filing another bankruptcy petition for a period of 180 days for cause. 11 U.S.C. §§ 105, 109(g) & 349(a).

7. In the alternative, the court may appoint a chapter 11 trustee pursuant to 11 U.S.C. §§ 1112(b)(1) and 1104(a). Specifically, 11 U.S.C. § 1112(b)(1) provides that a trustee shall be appointed if grounds exist to convert or dismiss the case under § 1112(b), but the court determines that appointing a trustee is in the best interests of creditors and the estate. The debtor has failed to comply with the U.S. Trustee's requirements and the Local Rules, which constitutes cause to dismiss a chapter 11 case or convert it to one

(This motion is continued on the next page.)

Case 1:20-bk-11784-MB    Doc 18    Filed 10/22/20    Entered 10/22/20 15:29:25    Desc
Main Document    Page 4 of 6

| Page 4 - (Form 2.1) | CHAPTER 11 CASE NUMBER |
|---|---|
| In re: **Valley Enterprises T.S. Inc.,** Debtor. | **1:20-bk-11784-MB** |

under chapter 7 pursuant to 11 U.S.C. § 1112(b)(4)(F) and (H).  *See also* LBR 2015-2(b)("[t]imely compliance is mandatory"); *White Plains Road Inc.*, 28 B.R. 515; *Pappas*, 17 B.R. 662.  Therefore, depending on what would serve the best interests of the creditors and the estate, this Court may order conversion, dismissal, or the appointment of a chapter 11 trustee.

**Based on the above facts and law, and also based upon such oral and/or documentary evidence as may be presented at the time of the hearing, the United States Trustee respectfully requests as follows.**

A. That the Court grant the United States Trustee's motion herein and either dismiss this case or convert it to one under chapter 7 of the United States Bankruptcy Code for cause pursuant to 11 U.S.C. § 1112(b)(4)(F).

B. If the case is converted to one under chapter 7, that the Court enter an order requiring debtor's counsel to file a fee application under Bankruptcy Code § 330 within thirty (30) days.

C. In the alternative, that the Court set dates certain for the debtor to file a disclosure statement and plan, to obtain court approval of the adequacy of information in the disclosure statement, and to obtain court confirmation of a plan of reorganization ("dates certain") and that this Court order that the debtor remain in full and timely compliance with the United States Trustee requirements.

D. If the Court sets date(s) certain and/or orders that the debtor remain in full and timely compliance with the United States Trustee requirements, that the Court further order that if the debtor fails to comply with any date set or to remain in full and timely compliance, that this case may be converted or dismissed without further hearing, upon application of the United States Trustee to the court, served upon debtor and debtor's counsel.

E. That the Court order such other and further relief as may be appropriate in the circumstances.

Date of execution:  October 22, 2020            **UNITED STATES TRUSTEE**

By: */s/Russell Clementson*
    Russell Clementson
    Attorney for the U.S. Trustee

| Page 5 - (Form 2.1) In re: **Valley Enterprises T.S. Inc.,** Debtor. | CHAPTER 11 CASE NUMBER **1:20-bk-11784-MB** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017**

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION UNDER 11 U.S.C. § 1112(b) TO DISMISS OR CONVERT CASE; DECLARATION OF ALFRED COOPER III** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/22/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **10/22/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **N/A,** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/22/2020 | Russell Clementson | */s/Russell Clementson* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

| Page 6 - (Form 2.1) <br> In re: <br> **Valley Enterprises T.S. Inc.,** <br> Debtor. | CHAPTER 11 CASE NUMBER <br><br> **1:20-bk-11784-MB** |
|---|---|

## SERVICE LIST FOR PROOF OF SERVICE

### SERVED BY ELECTRONIC FILING

- **Julian K Bach**     Julian@Jbachlaw.com, julianbach@sbcglobal.net
- **Greg P Campbell**     ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Russell Clementson**     russell.clementson@usdoj.gov
- **Roksana D. Moradi-Brovia**     roksana@rhmfirm.com, matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Matthew D. Resnik**     matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **United States Trustee (SV)**     ustpregion16.wh.ecf@usdoj.gov