| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| SCHEER LAW GROUP, LLP<br>JOSHUA L. SCHEER #242722<br>REILLY D. WILKINSON #250086<br>155 n. Redwood Dr., Suite 100<br>San Rafael, CA 94903<br>Telephone: (415) 491-8900<br>Facsimile: (415) 491-8910<br>rwilkinson@scheerlawgroup.com<br>File BSI.100-1080S<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>Valley Enterprises T.S. Inc | CASE NO.: 1:20-bk-11784-MB |
|---|---|
| | CHAPTER: 7 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE: 03/23/2021 |
| | TIME: 10:00am |
| Debtor(s). | COURTROOM: 303 |

| **Movant:** | 1SHARPE OPPORTUNITY INTERMEDIATE TRUST REO ENTITY: 1S REO OPPORTUNITY 1, LLC, its successors and/or assignees |
|---|---|

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012       ☐ 411 West Fourth Street, Santa Ana, CA 92701

   ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  02/26/2021

SCHEER LAW GROUP, LLP
Printed name of law firm (if applicable)

REILLY D. WILKINSON
Printed name of individual Movant or attorney for Movant


/S/REILLY D. WILKINSON
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 2                            **F 4001-1.RFS.RP.MOTION**

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 8901 Moonbeam Avenue
   *Unit/suite number*:
   *City, state, zip code*: Panorama City, CA 91402

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __3__): Document Recording Number: 20190403332; Los Angeles County.

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was filed on (*date*) __10/05/2020__.

   b. ☒ An order to convert this case to chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) __12/10/2020__.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay**:

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☐ Movant's interest in the Property is not adequately protected.

      (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

      (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

      (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☐ The bankruptcy case was filed in bad faith.

      (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

      (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

      (F) ☐ Other (*see attached continuation page*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 3                    **F 4001-1.RFS.RP.MOTION**

(3) ☐ (*Chapter 12 or 13 cases only*)

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12
        trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not
        been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____,
    which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, ~~see attached continuation page~~.
        Movant's Note has matured and is all due and payable as of May 1, 2020.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to
    § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or
    30 days after the court determined that the Property qualifies as "single asset real estate" as defined in
    11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay,
    hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or
        court approval; or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have
    been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
    with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:  (D***eclaration(s) MUST be signed under penalty of perjury and attached to this
motion***)

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set
    forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case
    commencement documents are attached as Exhibit __4__.

d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                    Page 4                    **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1) ☐ 11 U.S.C. § 362(d)(2) ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date: 02/26/2021

SCHEER LAW GROUP, LLP
Printed name of law firm (*if applicable*)

REILLY D. WILKINSON
Printed name of individual Movant or attorney for Movant

/S/REILLY D. WILKINSON
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 5                                    **F 4001-1.RFS.RP.MOTION**

## REAL PROPERTY DECLARATION

I, (*print name of Declarant*) _____Raymond Valderrama_____, declar

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.  I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a.  ☐ I am the Movant.

    b.  ☐ I am employed by Movant as (*state title and capacity*):

        Assistant Vice President
    c.  ☒ Other (*specify*):  I am a _____ of BSI. BSI has power of attorney to sign on behalf of Movant, which holds a secured lien on the subject property. A copy of the Limited Power of Attorney is attached hereto as Exhibit 1. BSI is also the servicer of the subject loan.

2.  a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property.  I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant.  These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐ Other (*see attached*):

3.  The Movant is:

    a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.  A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit __2__.

    b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary.  True and correct copies of the recorded security instrument and assignments are attached as Exh i b i t __3 & 4___ .

    c. ☐ Servicing agent authorized to act on behalf of the:

        ☐ Holder.
        ☐ Beneficiary.

    d. ☐ Other (*specify*):

4.  a.  The address of the Property is:

        *Street address*: 8901 Moonbeam Avenue
        *Unit/suite no.*:
        *City, state, zip code*: Panorama City, CA 91402

    b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
        Document Recorded Number: 20190403332; Los Angeles County

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5.  Type of property (*check all applicable boxes*):

a. ☐ Debtor's principal residence   b. ☒ Other residence
c. ☐ Multi-unit residential          d. ☐ Commercial
e. ☐ Industrial                      f. ☐ Vacant land
g. ☐ Other (*specify*):

6.  Nature of the Debtor's interest in the Property:

a. ☒ Sole owner

b. ☐ Co-owner(s) (*specify*):

c. ☐ Lienholder (*specify*):

d. ☐ Other (*specify*):

e. ☒ The Debtor ☒ did ☐ did not  list the Property in the Debtor's schedules.

f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.
   The deed was recorded on (*date*) _____.

7.  Movant holds a ☐ deed of trust ☐ judgment lien ☐ other (*specify*) _____
    that encumbers the Property.

a. ☒ A true and correct copy of the document as recorded is attached as Exhibit __3__.

b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
     attached as Exhibit __2__.

c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
     trust to Movant is attached as Exhibit __4__.

8.  Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ 425,000.00 |
| b. | Accrued interest: | $ | $ | $ 82,442.92 |
| c. | Late charges | $ | $ | $ 1,857.60 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ 1,013.00 |
| e. | Advances (property taxes, insurance): | $ | $ | $ 1,404.52 |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[0.00          ] |
| g. | TOTAL CLAIM as of (*date*): 02/24/2021 | $ | $ | $ 511,718.04 |

h. ☒ Loan is all due and payable because it matured on (*date*) 05/01/2020

9.  Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
    has occurred*):

a. Notice of default recorded on (*date*) _____ or ☒ none recorded.

b. Notice of sale recorded on (*date*) _____ or ☒ none recorded.

c. Foreclosure sale originally scheduled for (*date*) _____ or ☒ none scheduled.

d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.

e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 7                          F 4001-1.RFS.RP.MOTION

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

a. Amount of current monthly payment as of the date of this declaration: $ _Matured_____ for the month of _Matured_____ 20___.

b. Number of payments that have come due and were not made: _N/A__. Total amount: $ _Matured_____

c. Future payments due by time of anticipated hearing date (*if applicable*):

An additional payment of $ _Matured_____ will come due on (*date*) _____, and on the _N/A__ day of each month thereafter. If the payment is not received within _N/A__ days of said due date, a late charge of $ _Matured_____ will be charged to the loan.

d. The fair market value of the Property is $ _750,000.00_____, established by:

(1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

(2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

(3) ☒ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit __4__.

(4) ☐ Other (*specify*):

e. **Calculation of equity/equity cushion in Property:**

Based upon ☐ a preliminary title report ☒ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

|  | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Movant | $ | $ 511,718.04 |
| 2nd deed of trust: |  | $ | $ |
| 3rd deed of trust: |  | $ | $ |
| Judgment liens: |  | $ | $ |
| Taxes: |  | $ | $ |
| Other: |  | $ | $ |
| **TOTAL DEBT:** $ 511,718.04 | | | |

f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit __4___ and consists of:

(1) ☐ Preliminary title report.

(2) ☒ Relevant portions of the Debtor's schedules.

(3) ☐ Other (*specify*):

g. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ _238,281.96_____ and is _32____% of the fair market value of the Property.

h. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ _238,281.96_____.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                  Page 8                          **F 4001-1.RFS.RP.MOTION**

i.   ☒  Estimated costs of sale: $ 60,000.00 _____ (estimate based upon __8____ % of estimated gross sales price)

j.   ☐  The fair market value of the Property is declining because:


12.  ☐  (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a.   A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
     A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
     A plan was confirmed on the following date (*if applicable*): _____.

b.   Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c.   Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.   Postpetition advances or other charges due but unpaid:                    $
     (*For details of type and amount, see Exhibit _____*)

e.   Attorneys' fees and costs:                                                $
     (*For details of type and amount, see Exhibit _____*)

f.   Less suspense account or partial paid balance:              $[                    ]

              TOTAL POSTPETITION DELINQUENCY:            $

g.   Future payments due by time of anticipated hearing date (*if applicable*): _____.
     An additional payment of $_____ will come due on _____, and on
     the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late
     charge of $_____ will be charged to the loan.

h.   Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
     applied (if applicable):
     $_____  received on (*date*) _____
     $_____  received on (*date*) _____
     $_____  received on (*date*) _____

i.   ☐  The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
        A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
        13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name: _____
        Chapter: _____ Case number: _____
        Date dismissed: _____ Date discharged: _____ Date filed: _____
        Relief from stay regarding the Property ☐ was ☐ was not granted.

        2. Case name: _____
        Chapter: _____ Case number: _____
        Date dismissed: _____ Date discharged: _____ Date filed: _____
        Relief from stay regarding the Property ☐ was ☐ was not granted.

        3. Case name: _____
        Chapter: _____ Case number: _____
        Date dismissed: _____ Date discharged: _____ Date filed: _____
        Relief from stay regarding the Property ☐ was ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

02/26/2021       Raymond Valderrama                
_Date_              _Printed name_                       _Signature_

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2017_             Page 11             **F 4001-1.RFS.RP.MOTION**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

85 ARGONAUT, SUITE 202, ALISO VIEJO, CA 92665

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 02/26/2021   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
U.S. Trustee: ustpregion16.wh.ecf@usdoj.gov
Notice: Greg P Campbell, ch11ecf@aldridgepite.com    Notice: Robert M Yaspan, court@yaspanlaw.com
Notice: Julian K Bach, Julian@Jbachlaw.com            Notice: Reilly D Wilkinson, rwilkinson@scheerlawgroup.com
Notice: Kelli M Brown, kbrown@mclaw.org               Notice: Erica T Loftis Pacheco, eloftis@ghidottiberger.com
Notice: Matthew D. Resnik, matt@rhmfirm.com  Notice: Tanya Behnam, tbehnam@polsinelli.com
Attorney for U.S. Trustee:Russell Clementson, russell.clementson@usdoj.gov Trustee: Diane C Weil , dcweil@dcweillaw.com
Attorney for Debtor: Roksana D. Moradi-Brovia, roksana@rhmfirm.com    ☐  Service information continued on attached page
Attorney for Debtor: Thomas B Ure, tbuesq@aol.com
**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 02/26/2021   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Valley Enterprises T.S. Inc, 13962 Saticoy Street, Van Nuys, CA 91402

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


| 02/26/2021 | Jennifer Meza | /s/Jennifer Meza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                      Page 12                          **F 4001-1.RFS.RP.MOTION**

Exhibit "1"

After Recording, Return To:
Servis One, Inc. d/b/a/ BSI Financial Services
314 S. Franklin Street, 2nd Floor
Titusville, PA 16354

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that 1Sharpe Capital, a Limited Liability Company, having its principal place of business at 370 Highland Ave, Piedmont, CA 94611, as the owner (the "**Owner**"), hereby constitutes and appoints Servis One, Inc. d/b/a BSI Financial Services (the "**Servicer**") and any officer or agent thereof, as its true and lawful attorney-in-fact with full power of substitution and authority, to act in the name, place and stead of the Owner or in the Servicer's own name, from time to time in the Servicer's discretion, for the purpose of managing and servicing Mortgage Loans and REO Properties, pursuant to that certain Servicing Agreement between the Owner and the Servicer dated as of May 29, 2019 (as amended from time to time, the "**Servicing Agreement**"), and to execute any and all documents and instruments as may be necessary or desirable to accomplish such tasks, and, without limiting the generality of the foregoing, the Owner hereby gives the Servicer the authority, power and right, on behalf of the Owner, without assent by the Owner, to:

1.    execute, acknowledge, seal and deliver deed of trust/mortgage note endorsements, lost note affidavits,    assignments    of    deed    of    trust/mortgage    and    other    recorded    documents, satisfactions/releases/reconveyances of deed of trust/mortgage, subordinations and modifications, tax authority notifications and declarations, deeds, bills of sale, and other instruments of sale, conveyance, and transfer, appropriately completed, with all ordinary or necessary endorsements, acknowledgments, affidavits, and supporting documents as may be necessary or appropriate to effect its execution, delivery, conveyance, recordation or filing;

2.    execute and deliver insurance filings and claims, affidavits of debt, substitutions of trustee, substitutions of counsel, non-military affidavits, notices of rescission, foreclosure deeds, transfer tax affidavits, affidavits of merit, verifications of complaints, notices to quit, bankruptcy declarations for the purpose of filing motions to lift stays, and other documents or notice filings on behalf of the Owner in connection with insurance, foreclosure, bankruptcy and eviction actions;

3.    endorse and collect any checks or other instruments received by the Servicer and made payable to the Owner;

4.    pursue any deficiency, debt or other obligation, secured or unsecured, including, but not limited to, those arising from foreclosure or other sale, promissory note or check, and to collect, negotiate or otherwise settle any deficiency claim, including interest and attorney's fees;

5.    do any other act or complete any other document or instrument that arises in the normal course of managing and servicing all Mortgage Loans and REO Properties, subject to the terms of the Servicing Agreement; and

6.    take such other actions and exercise such rights which may be taken by the Owner with respect to any Mortgaged Property, including, but not limited to, realization upon all or any part of a Mortgage Loan or any collateral therefor or guaranty thereof.

The undersigned gives the Servicer, as the undersigned's attorney-in-fact, full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the power or powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and hereby ratifies and confirms to all that this Limited Power of Attorney is effective as of the date set forth below.

This appointment is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it give rise to, and is to be construed as, a general power of attorney.

This Limited Power of Attorney is not intended to extend the powers granted to the Servicer under the Servicing Agreement or to allow the Servicer to take any action not authorized by the Servicing Agreement.

Any capitalized term used but not defined herein has the meaning assigned to such term in the Servicing Agreement. In the event of any conflict between the terms of the Servicing Agreement and the terms hereof, the provisions of the Servicing Agreement control, and this Limited Power of Attorney does not constitute a waiver of any provisions of the Servicing Agreement.

TO INDUCE ANY THIRD PARTY TO ACT HEREUNDER, THE OWNER HEREBY AGREES THAT ANY THIRD PARTY RECEIVING A DULY EXECUTED COPY OR FACSIMILE OF THIS INSTRUMENT MAY ACT HEREUNDER, AND THAT REVOCATION OR TERMINATION HEREOF WILL BE INEFFECTIVE AS TO SUCH THIRD PARTY UNLESS AND UNTIL ACTUAL NOTICE OR KNOWLEDGE OF SUCH REVOCATION OR TERMINATION HAS BEEN RECEIVED BY SUCH THIRD PARTY.

IN WITNESS WHEREOF, the Owner has caused this Limited Power of Attorney to be executed to be effective as of September 6, 2019.


Witness:

Name:  Zeeshan Rehmani

Name:  Allison Newman


Name:  Feng Wang
Title:  Director

## ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of Alameda                                    )

On 9/6/2019 _____ before me, _____ Kitty Lin, Notary Public _____
                                        (insert name and title of the officer)

personally appeared _____ Feng Wang _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

KITTY LIN
COMM. #2267720
Notary Public - California
Alameda County
My Comm. Expires Nov. 19, 2022

Signature _____    (Seal)

Exhibit "2"

Valley Enterprises TS Inc.
($425,000.00)
April 22, 2019

## COMMERCIAL PROMISSORY NOTE

FOR VALUE RECEIVED, on April 22, 2019 (the **"Effective Date"**) the undersigned, Valley Enterprises TS Inc., a California corporation having an address at 13962 Saticoy Street, Van Nuys, California 91402 (the **"Borrower"**), promises to pay to the order of SLS Mortgage, Inc., a California corporation at its principal place of business at 13741 Foothill Boulevard, Suite 150, Sylmar, California 91342 (**"Lender"**), or at such other place as the holder hereof may designate, the principal sum of up to Four Hundred Twenty Five Thousand 00/100 Dollars ($425,000.00) (**"Maximum Principal Amount"**), or so much as may be advanced hereunder, with interest on said unpaid balance from time to time outstanding computed from the date advanced (the **"Commencement Date"**) as hereinafter set forth, together with all taxes assessed upon this Note and together with any costs, expenses, and reasonable attorneys' fees incurred in the collection of this Note or in protecting, maintaining, or enforcing its security interest or any Deed of Trust securing this Note or upon any litigation or controversy affecting this Note or the security given therefor, including, without limitation, proceedings under the Federal Bankruptcy Code.

1.    **Payments.** Principal and interest hereunder shall be payable as follows:

    **A.**    From the date hereof, interest on the principal amount of this Note shall accrue at the rate of Ten and 49/100ths Percent (10.49%) per annum. Interest for the period from the Closing Date (as defined in the Loan Agreement) to and including the last day in the month in which the Closing Date occurs shall be payable at the Closing of the Loan. Capitalized terms used in this Note that are not otherwise defined herein, shall have the meanings ascribed to them in the Loan Agreement between Borrower and Lender of even date herewith.

    **B.**    The rate of interest of this Note, which shall remain effective until an Event of Default (as defined below), shall be fixed at Ten and 49/100ths Percent (10.49%) per annum. Interest on this Note shall be calculated on a 30/360 simple interest basis; that is, with the exception of odd days before the first full payment cycle and after the last full payment cycle, monthly interest is calculated by applying the ratio of the interest over a year of 360 days, multiplied by the outstanding principal balance, multiplied by a month of 30 days. Interest for the odd days before the first full month and after the last full month is calculated on the basis of the actual days and a 360-day year.

    **C.**    Concurrently with the Closing Date (as defined in the Loan Agreement), Borrower shall prepay interest for the balance of the month in which sums are first disbursed hereunder. Thereafter, Borrower shall pay interest-only, in arrears, on the first day of each month (each a **"Payment Date"**) all interest accrued through such Payment Date. The first such payment comes due June 1, 2019 (the "**First Payment Date**").

    **D.**    If not sooner paid, the entire principal amount of this Note, together accrued interest

Loan Number ████████

1

and with all other sums due hereunder, shall be due and payable in full on May 1, 2020 (the **"Maturity Date"**). It is understood and agreed by Borrower that if sufficient prepayments of principal have not been made, a balloon payment will be due on the Maturity Date.

    **E.**    All payments received will be credited first to late charges and costs hereunder, then to interest accrued at the applicable interest rate hereinafter set forth, with the balance on account of principal.

    **F.**    At no time shall the interest rate exceed the maximum rate permitted by the usury statutes governing this Note, if any. If, by application of the above interest rate formula, the interest rate would exceed and violate such usury statutes, interest shall accrue at the maximum rate permitted by law.

**2.**    **Advances.** All advances made hereunder will be made in accordance with the terms of the Loan Agreement of even date.

**3.**    **Security.** This Note is secured by, among other things, a first priority Commercial Deed of Trust, Security Agreement, Fixture Filing and Assignment of Leases and Rents of even date herewith (the **"Deed of Trust"**) recorded in the Official Records of the County in which the Property (as defined and as more particularly described in the Deed of Trust), 8901 Moonbeam Avenue, Panorama City, California 91402 is located.

**4.**    **Default.** If any of the following events occur (each an **"Event of Default"**), Lender may declare the entire outstanding principal balance hereof, together with any other amounts that Borrower owes to Lender, to be immediately due and payable:

    **a.**    Borrower fails to pay any installment of principal and/or interest or any other charges due under this Note within five (5) days after the same becomes due and payable;

    **b.**    Borrower defaults in any other obligations, liabilities, or indebtedness with Lender (whether now existing or hereafter arising);

    **c.**    Borrower sells, leases, or otherwise disposes of all or substantially all of its property, assets, or business, or if Borrower ceases any of its business operations, dissolves, or commences reorganization;

    **d.**    Borrowers makes or takes any action to make a general assignment for the benefit of its creditors or becomes insolvent or has a receiver, custodian, trustee in Bankruptcy, or conservator appointed for it or for substantially all or any of its assets;

    **e.**    Borrowers files or becomes the subject of a petition in Bankruptcy or upon the commencement of any proceeding or action under any Bankruptcy laws, insolvency laws, relief of debtors laws, or any other similar law affecting Borrower, provided, however, that Borrower shall have sixty (60) days from the filing of any involuntary petition in Bankruptcy to have the same discharged and dismissed;

Loan Number █████
2

     **f.**    Upon the failure by Borrower to observe or perform, or upon default in, any covenants, agreements, or provisions in the Deed of Trust, Loan Agreement or in any other instrument, document, or agreement, executed and/or delivered in connection herewith or therewith;

     **g.**    Any representation or statement made herein or any other representation or statement made or furnished to Lender by Borrower was materially incorrect or misleading at the time it was made or furnished;

     **h.**    In the event of any material adverse change in the financial condition of Borrower or any guarantor of the loan; or

     **i.**    Upon the death of any Guarantor of the Loan.

**5.**    **Default Rate.** After the occurrence of an Event of Default, interest will accrue at the lesser of **(i) 18%** per annum or **(ii)** the Maximum Rate allowed by applicable law (as defined in Section 15 below) (the **"Default Rate"**). Interest will continue to accrue at the default rate after judgment until the Note is paid in full.

**6.**    **Prepayment.** The Principal Amount may be prepaid in whole or in part at any time without charge, penalty or premium AFTER that date that is three (3) months after the Closing Date (the **"Lockout Date"**). In the event the loan is paid in full or in part prior to the Lockout Date, Borrower shall nonetheless be indebted to and owe Lender for interest on the Principal Amount through and including the Lockout Date (i.e. a three (3) month prepayment penalty). All prepayments shall be paid, together with accrued interest to the date of prepayment, upon at least fifteen (15) days' prior written notice to Payee of Borrower's intention to prepay. Upon the giving of such notice of Borrower's intention to prepay the amount set forth in such notice, the amount to be prepaid shall become due and payable on the date specified in such notice.

**7.**    **Late Charge.** It is further agreed that the holder hereof may collect a late charge equal to the greater of One Hundred Dollars ($100.00) or ten percent (10%) of any payment required hereunder, or required under any security agreement, Deed of Trust, or any other instrument, document, or agreement executed and/or delivered in connection herewith which is not paid within ten (10) days of the due date thereof. This late charge is to cover the extra expenses involved in handling delinquent payments and is not to be construed to cover other costs and attorneys' fees incurred in any action to collect this Note or to foreclose the Deed of Trust securing the same. This provision shall not affect or limit the holder's rights or remedies with respect to any Event of Default.

**8.**    **Lien/Set Off.** Borrower hereby gives the holder hereof a lien and right of set off for all of Borrower's liabilities to the holder hereof or Lender upon and against all deposits, credits, and other property of Borrower now or hereafter in the possession or control of the holder hereof, or in transit to it, excepting however, funds held in trust by Borrower. All payments shall be made in lawful currency of the United States of America in immediately available funds, without abatement, counterclaim, or set-off, and free and clear of, and without any deduction or withholding for, any taxes or other matters.

Loan Number █████
3

9.    **Purpose of Loan.** Borrower represents and warrants that the proceeds of this Note are to be used solely for business and commercial purposes and not at all for any personal, family, household, or other noncommercial or farming or agricultural purposes. Borrower acknowledges that Lender is making this loan to Borrower in reliance upon the above representation by Borrower. The above representation by Borrower will survive the closing of this loan and repayment of amounts due to Lender hereunder.

10.    **Other Obligations.** To the extent that the outstanding balance of this Note is reduced or paid in full by reason of any payment to Lender by an accommodation Borrower, endorser, or guarantor, and all or any part of such payment is rescinded, avoided, or recovered from Lender for any reason whatsoever, including, without limitation, any proceedings in connection with the insolvency, bankruptcy, or reorganization of the accommodation Borrower, endorser, or guarantor, the amount of such rescinded, avoided, or returned payment shall be added to or, in the event this Note has been previously paid in full, shall revive the principal balance of this Note upon which interest may be charged at the applicable rate set forth in this Note and shall be considered part of the outstanding balance of this Note and all terms and provisions herein shall thereafter apply to the same.

11.    **WAIVER. BORROWER (AND EACH AND EVERY ENDORSER, GUARANTOR, AND SURETY OF THIS NOTE) ACKNOWLEDGES THAT THE LOAN EVIDENCED BY THIS NOTE IS A COMMERCIAL TRANSACTION, AND HEREBY VOLUNTARILY AND KNOWINGLY WAIVES THE RIGHT TO NOTICE AND HEARING UNDER APPLICABLE CALIFORNIA GENERAL STATUTES, OR ANY SUCCESSOR STATUTE OF SIMILAR IMPORT, WITH RESPECT TO ANY PREJUDGMENT REMEDY AS DEFINED THEREIN, AND FURTHER WAIVES DILIGENCE, DEMAND, PRESENTMENT FOR PAYMENT, NOTICE OF NONPAYMENT, PROTEST AND NOTICE OF PROTEST AND NOTICE OF ANY RENEWALS OR EXTENSIONS OF THIS NOTE, AND ALL RIGHTS UNDER ANY STATUTE OF LIMITATIONS, AND AGREES THAT THE TIME FOR PAYMENT OF THIS NOTE MAY BE CHANGED AND EXTENDED AS PROVIDED IN SAID DEED OF TRUST OR ANY SECURITY AGREEMENT, WITHOUT IMPAIRING BORROWER'S LIABILITY THEREON, AND FURTHER CONSENTS TO THE RELEASE OF ALL OR ANY PART OF THE SECURITY FOR THE PAYMENT HEREOF, OR THE RELEASE OF ANY PARTY LIABLE FOR THIS OBLIGATION WITHOUT AFFECTING THE LIABILITY OF THE OTHER PARTIES HERETO. ANY DELAY ON THE PART OF THE HOLDER HEREOF IN EXERCISING ANY RIGHT HEREUNDER SHALL NOT OPERATE AS A WAIVER OF ANY SUCH RIGHT, AND ANY WAIVER GRANTED FOR ONE OCCASION SHALL NOT OPERATE AS A WAIVER IN THE EVENT OF ANY SUBSEQUENT DEFAULT. BORROWER FURTHER WAIVES TRIAL BY JURY AND ACKNOWLEDGES THAT IT MAKES THIS WAIVER KNOWINGLY, VOLUNTARILY, AND ONLY AFTER CONSIDERATION OF THE RAMIFICATIONS OF THE WAIVER BY ITS ATTORNEY.**

12.    **Binding Effect.** This Note shall be binding on Borrower, its successors and assigns and shall inure to the benefit of Lender, any holder hereof, its successors and assigns.

Loan Numb█████████
4

13.    **Governing Law.** This Note shall be governed by, and construed in accordance with, the laws of the State of California. The Borrower acknowledges and agrees that the transaction evidenced by this Note was negotiated and accepted in the State of California and the performance of the obligations hereunder shall be deemed to be performed in the State of California.

14.    **Joint and Several.** Should this Note be signed by more than one Borrower, references in this Note to Borrower in the singular shall include the plural and all obligations herein contained shall be joint and several of each signer hereof.

15.    **Maximum Rate.** Notwithstanding anything to the contrary contained herein, under no circumstances shall the aggregate amount paid or agreed to be paid hereunder exceed the highest lawful rate permitted under applicable usury law (the "Maximum Rate") and the payment obligations of Borrower under this Note are hereby limited accordingly. If under any circumstances, whether by reason of advancement or acceleration of the maturity of the unpaid principal balance hereof or otherwise, the aggregate amounts paid on this Note shall include amounts which by law are deemed interest and which would exceed the Maximum Rate, Borrower stipulates that payment and collection of such excess amounts shall have been and will be deemed to have been the result of a mistake on the part of both Borrower and the holder of this Note, and the party receiving such excess payments shall promptly credit such excess (to the extent only of such payments in excess of the Maximum Rate) against the unpaid principal balance hereof and any portion of such excess payments not capable of being so credited shall be refunded to Borrower. If at any time this Note prescribes a rate of interest in excess of the maximum rate permitted by law, all sums paid or agreed to be paid to the Lender for the use, forbearance or detention of the money advanced hereunder pursuant to the terms of this Note or the other Loan Documents shall be amortized, prorated, allocated and spread throughout the term of such indebtedness until payment in full, so that the actual rate of interest on account of such indebtedness is uniform throughout the term hereof.

16.    **Rights Cumulative.** The rights and remedies of Lender shall be cumulative and not in the alternative, and shall include all rights and remedies granted herein, in any document referred to herein or executed and/or delivered in connection herewith, and under all applicable laws, and the exercise of any one or more of them will not be a waiver of any other.

17.    **Severability.** If any term, clause, or provision hereof shall be adjudged to be invalid or unenforceable by a court of appropriate jurisdiction, the validity and enforceability of the remainder shall not affected thereby and each such term, clause, or provision shall be valid and enforceable to the fullest extent permitted by law.

18.    **Increase in Principal.** At any time while there exists an Event of Default other than one which has been waived in writing by the Lender, or while there exists any default under any of the Loan Documents (as defined and as more particularly described in the Deed of Trust), if a determination has been made in good faith by the Lender that failure to advance funds might jeopardize its rights or interests, as and when the Lender so elects in its sole discretion, the Lender shall be entitled to pay costs and expenses relating to the Property or the Borrower, including, without limitation, to cure any defaults or satisfy any requirements under the Loan Documents or any encumbrance on the Property, or to pay any other obligation or liability of the Borrower. Upon

Loan Numbe███████████
5

payment of funds to or for the benefit of the Borrower by the Lender, the principal balance of this Note shall automatically be increased by the amount so expended by the Lender.  All such increases in principal shall be secured by all of the liens and security interests created by the Loan Documents, shall bear interest at the Default Rate, and shall be payable on demand.

**19.     Descriptive Headings; Interpretation.**  The headings in this Note are for purposes of convenience only and shall not be used in construing or interpreting this Note.  References to a "Schedule" or an "Exhibit" are, unless otherwise specified, to a Schedule or an Exhibit attached to this Note.  References to an "Article" or "Section" are, unless otherwise specified, to an "Article" or "Section" of this Note, as the case may be.  Notwithstanding that this Note was initially prepared by Lender's counsel, this Note has been reviewed and negotiated by competent counsel on behalf of the Borrower, or Borrower has had the opportunity to have counsel of its choosing review and negotiate this Note.  The Parties to this Note agree that this Note shall not be construed against the Lender as a result of this Note having been so prepared.

**IN WITNESS WHEREOF**, the undersigned have executed this Commercial Promissory Note as of the Effective Date.

**BORROWER:**
Valley Enterprises TS Inc., a California corporation,

By:

Jose A. Pasco
President

Loan Number
6

## ALLONGE TO PROMISSORY NOTE

This Allonge is to be attached to that certain Promissory Note dated April 22, 2019, made by Valley Enterprises TS Inc., a California corporation, as borrower, to SLS Mortgage, Inc., a California corporation, as lender/holder, in the original principal amount of Four Hundred Twenty Five Thousand 00/100 Dollars ($425,000.00), as the same Promissory Note may be renewed, assigned, amended, supplemented, restated or modified.

Pay now to the order of **Triumph Capital Partners, LLC.**

This Allonge is given as collateral to secure payment of indebtedness owed by Assignor to Triumph Capital Partners, LLC, a Delaware limited liability company.

Pay to the order of

Triumph Capital Partners, LLC, a Delaware limited
liability company

SLS Mortgage, Inc., a California corporation

By: _Mike Gutierrez_

Name: _MIke GUTIEWEZ_

Title: _OWNER_

Loan Number ▓▓▓▓▓▓

## ALLONGE TO NOTE

LOAN NUMBER:            ███████

NOTE DATE:             APRIL 22, 2019

BORROWER:              VALLEY ENTERPRISES INC.

ORIGINAL LOAN AMOUNT:   $425,000.00

PAY TO THE ORDER OF SHARPE OPPORTUNITY INTERMEDIATE TRUST , without recourse

**Triumph Capital Partners, LLC**
A Delaware limited liability company

By: Triumph Capital Partners, Inc
Its:  Managing Member

Name: Oliver Austria
Title:   Chief Executive Officer

Exhibit "3"



**This page is part of your document - DO NOT DISCARD**



## 20190403332



**Pages:
0027**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**05/03/19 AT 08:00AM**

| | |
|---|---|
| FEES: | 162.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 162.00 |



**L E A D S H E E T**





**SEQ:
02**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

E48 86036 #8

E269820

RECORDING REQUESTED BY
Priority Title

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME Triumph Collateral Processing

STREET ADDRESS
155 South Highway 101, Suite 7

CITY, STATE &
ZIP CODE
Solana Beach, CA 92075

SPACE ABOVE FOR RECORDER'S USE ONLY

COMMERCIAAL DEED OF TRUST, SECURITY AGREEMENT FIXTURE FILING AND ASSIGNMENT OF LEASES AND RENTS

### Title of Document

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

[✓] Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

[ ] Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

[ ] Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.

[ ] Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

PRIORITY TITLE

**RECORDING REQUESTED BY
AND
WHEN RECORDED MAIL TO:**

Triumph Collateral Processing
155 South Highway 101, Suite 7
Solana Beach, California 92075

APN: 2639-022-029

**SPACE ABOVE FOR RECORDER'S USE ONLY**

80030

**COMMERCIAL DEED OF TRUST, SECURITY AGREEMENT, FIXTURE FILING, AND
ASSIGNMENT OF LEASES AND RENTS**

THIS COMMERCIAL DEED OF TRUST, SECURITY AGREEMENT, FIXTURE FILING and
ASSIGNMENT OF LEASES AND RENTS (this **"Deed of Trust"**) is made and entered into
effective April 22, 2019 (the **"Effective Date"**) by and between Valley Enterprises TS Inc., a
California corporation having a principal place of business at 13962 Saticoy Street, Van Nuys,
California 91402 (**"Trustor"** or **"Borrower,"** as the case maybe), in consideration of the Loan
made by Lender hereinafter mentioned does hereby GRANT, BARGAIN, SELL, TRANSFER,
ASSIGN, and CONVEY in trust unto Priority Title (**"Trustee"**), the following
described property for the benefit of SLS Mortgage, Inc., a California corporation at its principal
place of business at 13741 Foothill Boulevard, Suite 150, Sylmar, California 91342
(**"Beneficiary"** or **"Lender,"** as the case may be):

**(A)**      All right, title and interest in and to that certain real property more commonly known as
8901 Moonbeam Avenue, Panorama City, California 91402, which is more particularly described
in Exhibit A attached hereto and incorporated herein by this reference (collectively, with all of the
Improvements, property, rights, Rents, and Leases described in Paragraphs B, C, D, E, and F
below, the **"Property"**);

**(B)**      TOGETHER WITH: (i) all buildings, structures and improvements of every nature
whatsoever now or hereafter situated on the Property; and (ii) all building materials, supplies and
other personal property stored at or delivered to the Property or any other location for incorporation
into the improvements located or to be located on the Property, and all fixtures, machinery,
appliances, equipment, furniture and personal property of every nature whatsoever now or
hereafter owned by the Trustor and located in or on, or attached to, and used or intended to be used
in connection with, or with the operation of, or the occupancy of, the Property, buildings, structures
or other improvements, or in connection with any construction being conducted or which may be
conducted thereon, and owned by the Trustor, and all extensions, additions, improvements,
betterments, renewals, substitutions and replacements to any of the foregoing, and all of the right,
title and interest of the Trustor in and to such personal property which, to the fullest extent
permitted by law, shall be conclusively deemed fixtures and a part of the real property encumbered

Loan Num▮▮▮▮▮▮▮
1

hereby (the **"Improvements"**);

**(C)**        TOGETHER WITH: (i) all estate, right, title and interest of the Trustor, of whatever character, whether now owned or hereafter acquired, in and to **(a)** all streets, roads and public places, open or proposed, in front of or adjoining the Property, and the land lying in the bed of such streets, roads and public places, and **(b)** all other sidewalks, alleys, ways, passages, strips and gores of land adjoining or used or intended to be used in connection with any of the property described in **paragraphs (A) and (B)** hereof, or any part thereof; and (ii) all water courses, water rights, easements, rights-of-way and rights of use or passage, public or private, and all estates, interest, benefits, powers, rights (including, without limitation, any and all lateral support, drainage, slope, sewer, water, air, mineral, oil, gas and subsurface rights), privileges, licenses, profits, rents, royalties, tenements, hereditaments, reversions and subreversions, remainders and submremainders and appurtenances whatsoever in any way belonging, relating or appertaining to any of the property described in **paragraphs (A) and (B)** hereof, or any part thereof, or which hereafter shall in any way belong, relate or be appurtenant thereto, whether now owned or hereafter acquired by the Trustor; and

**(D)**        TOGETHER WITH: (i) all estate, right, title and interest of the Trustor of, in and to all judgments, insurance proceeds, awards of damages and settlements hereafter made resulting from condemnation proceedings or the taking of the Property described in paragraphs (A), (B) and (C) hereof or any part thereof under the power of eminent domain, or for any damage (whether caused by such taking or otherwise) to the Property described in paragraphs (A), (B) or (C) hereof or any part thereof, or to any rights appurtenant thereto, and all proceeds of any sales or other dispositions of the Property described in paragraphs (A), (B) or (C) hereof, or any part thereof; and the Beneficiary is hereby authorized to collect and receive said awards and proceeds and to give proper receipts and acquittances therefor, and (if it so elects) to apply the same, after deducting therefrom any expenses incurred by the Beneficiary in the collection and handling thereof, toward the payment of the indebtedness and other sums secured hereby, notwithstanding the fact that the amount owing thereon may not then be due and payable; and (ii) all contract rights, general intangibles, governmental permits, licenses and approvals, actions and rights in action, including without limitation all rights to insurance proceeds and unearned premiums, arising from or relating to the Property described in paragraphs (A), (B) and (C) above; and (c) all proceeds, products, replacements additions, substitutions, renewals and accessions of and to the Property described in paragraphs (A), (B) and (C).

**(E)**        TOGETHER WITH: all rents, revenues, issues, profits, proceeds, income, royalties, accounts, escrows, letter-of-credit rights, security deposits, impounds, reserves, tax refunds and other rights to monies from the Properties and/or the businesses and operations conducted by Trustor thereon (collectively, the **"Rents"**), to be applied against the Indebtedness (defined below), all of which Trustor hereby absolutely and unconditionally assigns to Beneficiary; provided, however, that Trustor, for so long as no Event of Default has occurred hereunder, may collect rent as it becomes due, but not more than one (1) month in advance.

**(F)**        TOGETHER WITH all interest of Trustor in all leases now or hereafter of all or any portion of the Property, whether written or oral (the **"Leases"**), together with all security therefor and all monies payable thereunder, all of which Trustor hereby absolutely and unconditionally

Loan Number ▮
2

assigns to Beneficiary; subject, however, to the conditional permission hereinabove given to Trustor to collect the rents under any such Lease;

TO HAVE AND TO HOLD the Property, unto Trustee and Trustee's successors, substitutes, or assigns, in trust and for the uses and purposes herein set forth, forever, together with all rights, privileges, hereditaments, and appurtenances in anywise appertaining or belonging thereto, and made a part hereof, and Trustor, for Trustor and Trustor's successors, hereby agrees to warrant and forever defend, all and singular, the Property unto Trustee and Trustee's successors or substitutes in this trust against the claim or claims of all persons claiming or to claim the same or any part thereof.

## THE CONDITION OF THIS DEED OF TRUST IS SUCH THAT:

WHEREAS, the Trustor is indebted to the Beneficiary by virtue of a commercial loan transaction (the "**Loan**") in the sum of Four Hundred Twenty Five Thousand 00/100 Dollars ($425,000.00) as evidenced by, among other documents: (i) that certain Commercial Promissory Note in the original principal amount of Four Hundred Twenty Five Thousand 00/100 Dollars ($425,000.00) (as same may be amended, restated, or modified from time to time, the "**Note**") of even date herewith executed by the Trustor and delivered to the Beneficiary, with all amounts remaining unpaid thereon being finally due and payable on the Maturity Date (as defined in the Note) and (ii) that certain Loan Agreement (as same may be amended, restated, or modified from time to time, "**Loan Agreement**") of even date herewith;

WHEREAS, the terms and repayment of such obligations of the Trustor are set forth in the Note;

WHEREAS, to secure payment and performance of the indebtedness and obligations represented by the Note, the Trustor is hereby executing this Deed of Trust in favor of the Beneficiary;

WHEREAS, Trustor represents and warrants that it has full power and authority to execute and deliver the Note, this Deed of Trust, and all other documents, agreements and instruments required of it by Beneficiary in connection with the making of the Loan (the Note, this Deed of Trust, and all such other documents, agreements and instruments executed and delivered by Trustor in connection with the Loan being sometimes collectively referred to herein as the "**Loan Documents**").

NOW, THEREFORE, Trustor hereby covenants and agrees with Beneficiary as follows:

## ARTICLE ONE: COVENANTS OF THE TRUSTOR

**1.01  Performance of Loan Documents.** The Trustor shall cause to be performed, observed and complied with all provisions hereof, of the Note, and each of the Loan Documents, and will promptly pay to the Beneficiary the principal, with interest thereon, and all other sums required to be paid by the Trustor under the Note and pursuant to the provisions of this Deed of Trust and of the Loan Documents when payment shall become due (the entire principal amount of the Note, all accrued interest thereon and all obligations and indebtedness thereunder and hereunder and under all of the Loan Documents described being referred to herein as the "**Indebtedness**").

Loan Numbe ████████
3

**1.02  General Representations, Covenants and Warranties.** The Trustor represents and covenants that: **(a)** Trustor is now able to meet its debts as they mature, the fair market value of its assets exceeds its liabilities and no bankruptcy or insolvency case or proceeding is pending or contemplated by or against the Trustor; **(b)** all reports, statements and other data furnished by the Trustor to the Beneficiary in connection with the Loan are true, correct and complete in all material respects and do not omit to state any fact or circumstance necessary to make the statements contained therein not misleading; **(c)** this Deed of Trust, the Note and all other Loan Documents are legal, valid and binding obligations of the Trustor enforceable in accordance with their respective terms and the execution and delivery thereof do not contravene any contract or agreement to which the Trustor is a party or by which the Trustor may be bound and do not contravene any law, order, decree, rule or regulation to which the Trustor is subject; **(d)** there are no actions, suits or proceedings pending, or to the knowledge of the Trustor threatened, against or affecting the Trustor or any part of the Property; **(e)** all costs arising from construction of any improvements and the purchase of all equipment located on the Property which have been incurred prior to the date of this Deed of Trust have been paid; **(f)** the Property has frontage on, and direct access for, ingress and egress to the street(s) described in any survey submitted to the Beneficiary; **(g)** electric, sewer, water facilities and any other necessary utilities are, or will be, available in sufficient capacity to service the Property satisfactorily during the term of the Note, and any easements necessary to the furnishing of such utility service by the Trustor have been or will be obtained and duly recorded (evidence satisfactory to the Beneficiary that all utility services required for the use, occupancy and operations of the Property shall be provided to the Beneficiary immediately upon the Beneficiary's request); **(h)** there has not been, is not presently and will not in the future be any activity conducted by the Trustor or any tenant at or upon any part of the Property that has given or will give rise to the imposition of a lien on any part of the Property; **(i)** the Trustor is not in default under the terms of any instrument evidencing or securing any indebtedness of the Trustor, and there has occurred no event which would, if uncured or uncorrected, constitute a default under any such instrument with the giving of notice, or the passage of time or both; and **(j)** the Beneficiary has legal capacity to enter into the Loan and to execute and deliver the Loan Documents, and the Loan Documents have been duly and properly executed on behalf of the Beneficiary.

**1.03  Compliance with Laws; Permits; Notice.** The Trustor covenants and warrants that the Property presently complies with and shall continue to comply with all applicable restrictive covenants, applicable zoning, wetlands and subdivision ordinances and building codes, all applicable health and environmental laws and regulations and all other applicable laws, statutes, rules, ordinances, codes, and regulations, and the Trustor has not received any notice that the Property is not in compliance with any such laws, statutes, rules, ordinances, codes and regulations. If the Trustor receives notice from any federal, state or other governmental body that it is not in compliance with any such laws, statutes, rules, ordinances, codes and regulations, the Trustor shall provide the Beneficiary with a copy of such notice promptly. The Trustor agrees to comply with all federal, state and municipal local laws, statutes, rules, ordinances, codes and regulations in connection with the construction and development of the Property. The Trustor has obtained all licenses, permits, authorizations, consents and approvals necessary for the construction and development of the Property, and all such licenses, permits, authorizations, consents and approvals are in full force and effect and all appeal periods have expired. Unless required by applicable law or unless the Beneficiary has otherwise agreed in writing, the Trustor shall not

Loan Num ███████
4

allow changes in the nature of the occupancy for which the Property were intended at the time this Deed of Trust was executed. The Trustor shall not initiate or acquiesce in a change in the zoning classification of the Property without the Beneficiary's prior written consent. The Trustor warrants and represents that its use, and the use by any of its tenants, of the Property is in accordance and compliance with the terms and conditions of any and all rules, regulations, and laws that may be applicable to the Property, including, without limitation, all federal, state and local laws, ordinances, rules and regulations regarding hazardous and toxic materials and that the Trustor shall maintain and continue such compliance and shall require and ensure its tenants' compliance with the same. the Trustor shall maintain or shall cause their agent to maintain in its possession, available for the inspection of the Beneficiary, and shall deliver to the Beneficiary, upon three (3) business days' request, evidence of compliance with all such requirements. The Trustor hereby indemnifies and holds the Beneficiary free of and harmless from and against any and all claims, demands, damages or liabilities that the Beneficiary may incur with regard thereto.

### 1.04  Taxes and Other Charges.

**1.04.1       Impositions.** Subject to the provisions of this **Section 1.04**, the Trustor shall pay, at least five (5) days before the date due, all real estate taxes, personal property taxes, assessments, water and sewer rates and charges, license fees, all charges which may be imposed for the use of vaults, chutes, areas and other space beyond the lot line and abutting the public sidewalks in front of or adjoining the Land, and all other governmental levies and charges (collectively, the "Impositions"), of every kind and nature whatsoever, general and special, ordinary and extraordinary, foreseen and unforeseen, which shall be assessed, levied, confirmed, imposed or become a lien upon or against the Property or any part thereof, or which shall become payable with respect thereto. The Trustor shall deliver to the Beneficiary, within twenty (20) days after the due date of each payment in connection with the Impositions or any assessment for local improvements ("Assessment"), the original or a true Photostatic copy of the official receipt evidencing such payment or other proof of payment satisfactory to the Beneficiary.

**1.04.2       Insurance.**

(a)     The Trustor shall keep all buildings erected on or to be erected on the Property insured against loss by fire and such other hazards as the Beneficiary may require and the Trustor shall obtain and maintain insurance with respect to other insurable risks and coverage relating to the Property including, without limitation, fire, builder's risk, worker's compensation, physical damages, loss of rentals or business interruption, earthquake (if applicable), and liability insurance, all such insurance to be in such sums and upon such terms and conditions as the Beneficiary reasonably may require, with loss proceeds by the terms of such policies made payable to the Beneficiary as its interest may appear. The Trustor covenants that all insurance premiums shall be paid not later than fifteen (15) days prior to the date on which such policy could be cancelled for non-payment. If, to the Trustor's knowledge, any portion of the Property is in an area identified by any federal governmental authority as having special flood hazards, and flood insurance is available, a flood insurance policy meeting the current guidelines of the Federal Insurance Administration is in effect with a generally acceptable insurance carrier, in an amount representing coverage not less than the least of (1) the outstanding principal balance of the Loan, (2) the full insurable value of the Property, and (3) the maximum amount of insurance available under the Flood Disaster Protection

Loan Numb█████
5

Act of 1973, as amended. All such insurance policies (collectively, the **"hazard insurance policy"**) shall contain a standard the Beneficiary clause naming the Beneficiary and its successors and assigns as beneficiary, and may not be reduced, terminated, or canceled without thirty (30) days' prior written notice to the Beneficiary.

**(b)**    Such insurance companies shall be duly qualified as such under the laws of the states in which the Property is located, duly authorized and licensed in such states to transact the applicable insurance business and to write the insurance provided, and companies whose claims paying ability is rated in the two highest rating categories by A.M. Best with respect to hazard and flood insurance. Such insurance shall be in amounts not less than the greater of: **(i)** the outstanding principal balance of the Loan, or **(ii)** the amount necessary to avoid the operation of any co- insurance provisions with respect to the Property.

**(c)**    All such policies must provide for a minimum of thirty (30) days prior written cancellation notice to the Beneficiary. the Beneficiary, upon its request to the Trustor, will have custody of all such policies and all other policies which may be procured insuring said Property, the same to be delivered, to the Beneficiary at its office and all renewal policies to be delivered and premiums paid to the Beneficiary at its office at least twenty (20) days before the expiration of the old policies, and the Trustor agrees that upon failure to maintain the insurance as above stipulated or to deliver said renewal policies as aforesaid, or the pay the premiums therefor, the Beneficiary may, without obligation to do so, procure such insurance and pay the premiums therefor and all sums so expended shall immediately be paid by the Trustor and unless so paid, shall be deemed part of the debt secured hereby and shall bear interest at the rate set forth in the Note, and thereupon the entire principal sum unpaid, including such sums as have been paid for premiums of insurance as aforesaid, and any and all other sums which shall be payable hereunder shall become due and payable forthwith at the option of the Beneficiary, anything herein contained to the contrary notwithstanding. In case of loss and payment by any insurance company, the amount of insurance money received shall be applied either to the Indebtedness secured hereby, or in rebuilding and restoring the damaged property, as the Beneficiary may elect.

**(d)**    The Trustor has not engaged in and shall not engage in any act or omission which would impair the coverage of any such policy, the benefits of the endorsement provided for herein, or the validity and binding effect of either including, without limitation, no unlawful fee, commission, kickback, or other unlawful compensation or value of any kind has been or will be received, retained, or realized by any attorney, firm, or other person, and no such unlawful items have been received, retained, or realized by the Trustor.

**(e)**    No action, inaction, or event has occurred and no state of facts exists or has existed that has resulted or will result in the exclusion from, denial of, or defense to coverage under any applicable special hazard insurance policy or bankruptcy bond, irrespective of the cause of such failure of coverage.

**1.04.3**        **Deposits for Impositions and Insurance.** Notwithstanding anything to the contrary contained in any of the Loan Documents, upon demand by the Beneficiary, after failure by the Trustor to pay any of the amounts specified in **Subsections 1.04.1 or 1.04.2**, the Trustor shall deposit with the Beneficiary on the first day of each month an amount equal to one twelfth

Loan Number ██████████

6

(1/12th) of the sum of: **(i)** the aggregate annual payments for the Impositions; **(ii)** the annual insurance premiums on the policies of insurance required to be obtained and kept in force by the Trustor under this Deed of Trust; and **(iii)** all other periodic charges (other than interest and principal under the Note) arising out of the ownership of the Property or any portion thereof which are or with notice or the passage of time or both will become a lien against the Property or any part thereof **((i), (ii), and (iii)**, collectively, the **"Annual Payments"**). Such sums will not bear interest and are subject to adjustment or additional payments in order to assure the Beneficiary that it will have the full amount of any payment on hand at least one (1) month prior to its due date. the Beneficiary shall hold said sums in escrow to pay said Annual Payments in the manner and to the extent permitted by law when the same become due and payable. Notwithstanding anything herein to the contrary, however, such deposits shall not be, nor be deemed to be, trust funds but may be commingled with the general funds of the Beneficiary. If the total payments made by the Trustor to the Beneficiary, on account of said Annual Payments up to the time when the same become due and payable, shall exceed the amount of payment for said Annual Payments actually made by the Beneficiary, such excess shall be credited by the Beneficiary against the next payment or payments due from the Trustor to the Beneficiary on account of said Annual Payments. If, however, said payments made by the Trustor shall not be sufficient to pay said Annual Payments when the same become due and payable, the Trustor agrees to promptly pay to the Beneficiary the amount necessary to make up any deficiency. In case of default in the performance of any of the agreements or provisions contained in the Note, the Beneficiary may, at its option, at any time after such default, apply the balance remaining of the sums accumulated, as a credit against the principal or interest of the Deed of Trust Indebtedness, or both.

**1.04.4        Late Charge.** The Beneficiary may collect a **"late charge"** of ten percent (10%) on any payment or installment due or required to be paid pursuant to the terms of this Deed of Trust or the Note which is not paid within five (5) days of when the same is required to be paid to cover the extra expenses involved in handling such delinquent payment.

**1.04.5        Proof of Payment.** Upon request of the Beneficiary, the Trustor shall deliver to the Beneficiary, within twenty (20) days after the due date of any payment required in this Section 1.04, proof of payment satisfactory to the Beneficiary.

**1.04.6        Condemnation.** The Beneficiary shall be entitled to all compensation awards, damages, claims, rights of action and proceeds of, or on account of, any damage or taking through condemnation, eminent domain or the like, and the Beneficiary is hereby authorized, at its option, to commence, appear in and prosecute in its own or the Trustor's name any action or proceeding relating to any such condemnation, taking or the like and to settle or compromise any claim in connection therewith.

**1.05  Care of Property; Demolition and Alteration.** The Trustor shall maintain the Property in good condition and repair, shall not commit or suffer any waste of the Property, and shall comply with or cause to be complied with, all statutes, laws, rules, ordinances and requirements of any governmental authority relating to the Property; and the Trustor shall promptly repair, restore, replace or rebuild any part of the Property now or hereafter subject to the lien of this Deed of Trust which may be damaged or destroyed by any casualty whatsoever or which may be affected by any proceeding of the character referred to in Section 1.05. The Trustor shall complete and pay

Loan Numb█████████
7

for, within a reasonable time, any structure in the process of construction on the Property at any time during the term of the Loan; and the Trustor shall not initiate, join in, or consent to any change in any private restrictive covenants, or private restrictions, limiting or defining the uses which may be made of the Property or any part thereof, without the written consent of the Beneficiary. The Trustor agrees that no building or other property now or hereafter covered by the lien of this Deed of Trust shall be removed, demolished, or materially altered, without the prior written consent of the Beneficiary, except that the Trustor shall have the right, without such consent, to remove and dispose of, free from the lien of this Deed of Trust, such equipment as from time to time may become worn out or obsolete, provided that simultaneously with or prior to such removal any such equipment shall be replaced with other equipment of value at least equal to that of the replaced equipment and free from any title retention or security agreement or other encumbrance, and by such removal and replacement the Trustor shall be deemed to have subjected such equipment to the lien of this Deed of Trust.

## 1.06   Transfer and Encumbrance of Property.

(a)         The Trustor shall not sell, convey, transfer, suffer any type of change in title or ownership, lease, assign or further encumber any interest in any part of the Property, without the prior written consent of the Beneficiary. Any such sale, conveyance, transfer, pledge, lease, assignment or encumbrance made without the Beneficiary's prior written consent shall be null and void and shall constitute a default hereunder. the Trustor shall not, without the prior written consent of the Beneficiary, permit any further assignment of the rents, royalties, issues, revenues, income, profits or other benefits from the Property, or any part thereof, and any such assignment without the prior written consent of the Beneficiary shall be null and void and shall constitute a default hereunder. the Trustor agrees that in the event the ownership of the Property or any part thereof is permitted by the Beneficiary to be vested in a person other than the Trustor, the Beneficiary may, without notice to the Trustor, deal in any way with such successor or successors in interest with reference to this Deed of Trust and the Note and other sums hereby secured without in any way vitiating or discharging the Trustor's liability hereunder or upon the Note and other sums hereby secured. No sale of the Property and no forbearance to any person with respect to this Deed of Trust and no extension to any person of the time for payment of the Note and other sums hereby secured given by the Beneficiary shall operate to release, discharge, modify, change or affect the original liability of the Trustor either in whole or in part.

(b)         If the Trustor shall sell, convey, assign or transfer all or any part of the Property or any interest therein or any beneficial interest in the Trustor without the Beneficiary's prior written consent, the Beneficiary may, at the Beneficiary's option, without demand, presentment, protest, notice of protest, notice of intent to accelerate, notice of acceleration or other notice, or any other action, all of which are hereby waived by the Trustor and all other parties obligated in any manner on the Indebtedness, declare the Indebtedness to be immediately due and payable, which option may be exercised at any time following such sale, conveyance, assignment, lease or transfer, and upon such declaration the entire unpaid balance of the Indebtedness shall be immediately due and payable.

(c)         The Trustor shall keep the Property free from mechanics' liens, materialmen's liens and encumbrances. If any prohibited lien or encumbrance is filed against the Property, the Trustor

Loan Number ████████
8

shall cause the same to be removed and discharged of record within thirty (30) days after the date of filing thereof.

(d)        The Trustor shall obtain, upon request by the Beneficiary, from all persons hereafter having or acquiring any interest in or encumbrance on the Property or the said equipment or accessions, a writing duly acknowledged, and stating the nature and extent of such interest or encumbrance and that the same is subordinate to this Deed of Trust and no offsets or defenses exist in favor thereof against this Deed of Trust or the Note hereby secured, and deliver such writing to the Beneficiary.

**1.07  Further Assurances.** At any time and from time to time upon the Beneficiary's request, the Trustor shall make, execute and deliver, or cause to be made, executed and delivered, to the Beneficiary and, where appropriate, shall cause to be recorded or filed, and from time to time thereafter to be re-recorded and refiled, at such time and in such offices and places as shall be deemed desirable by the Beneficiary, any and all such further Deed of Trusts, instruments of further assurance, certificates and such other documents as the Beneficiary may consider necessary or desirable in order to effectuate, complete or perfect, or to continue and preserve, the obligations of the Trustor under the Note and this Deed of Trust, the lien of this Deed of Trust as a lien upon all of the Property, and unto all and every person or persons deriving any estate, right, title or interest under this Deed of Trust. Upon any failure by the Trustor to do so, the Beneficiary may make, execute, record, file, re-record or refile any and all such Deed of Trusts, instruments, certificates and documents for and in the name of the Trustor, and the Trustor hereby irrevocably appoints the Beneficiary the agent and attorney-in-fact of the Trustor to do so.

**1.08  Uniform Commercial Code Security Agreement and Fixture Filing.** This Deed of Trust is intended to be a security agreement and fixture filing which is to be filed for record in the real estate records pursuant to the Uniform Commercial Code in effect from time to time in the State of California for any of the goods specified above in this Deed of Trust as part of the Property which, under applicable law, may be subject to a security interest pursuant to the Uniform Commercial Code and the Trustor hereby agrees to execute and deliver any additional financing statements covering said goods from time to time and in such form as the Beneficiary may require to perfect a security interest with respect to said goods. The Trustor shall pay all costs of filing such financing statements and renewals and releases thereof and shall pay all reasonable costs and expenses of any record searches for financing statements which the Beneficiary may reasonably require. Without the prior written consent of the Beneficiary, the Trustor shall not create or suffer to be created, pursuant to the Uniform Commercial Code, any other security interest in said goods, including replacements and additions thereto. Upon the Trustor's breach of any covenant or agreement of the Trustor contained in this Deed of Trust, including the covenants to pay when due all sums secured by this Deed of Trust, the Beneficiary shall have the remedies of a secured party under the Uniform Commercial Code and, at the Beneficiary's option, may also invoke the remedies permitted by applicable law as to such goods.

AS IT IS RELATED HERETO:

DEBTOR IS:

Loan Numbe███████
9

Valley Enterprises TS Inc.
13962 Saticoy Street, Van Nuys, California 91402

SECURED PARTY IS:

SLS Mortgage, Inc.
13741 Foothill Boulevard, Suite 150, Sylmar, California 91342

The Trustor represents, covenants, and warrants that as of the date hereof as follows: the Trustor's full, correct, and exact legal name is set forth immediately above in this Section 1.08. The Trustor is an organization of the type and is incorporated in, organized, or formed under the laws of the state specified in the introductory paragraph to this Deed of Trust. In the event of any change in name or identity of the Trustor, the Trustor hereby authorizes the Beneficiary to file such Uniform Commercial Code forms as are necessary to maintain the priority of the Beneficiary's lien upon the Property which may be deemed personal property or fixtures, including future replacement thereof, which serves as collateral under this Deed of Trust.

**1.09  Lease Covenants.** Each and every covenant on the part of the Trustor contained in any assignment of lessor's interest in leases or any assignment of rents, royalties, issues, revenues, profits, income or other benefits made collateral hereto is made an obligation of the Trustor hereunder as if fully set forth herein.

**1.10  After-Acquired Property.** To the extent permitted by and subject to applicable law, the lien of this Deed of Trust will automatically attach, without further act, to all after-acquired property located in, on, or attached to, or used, or intended to be used, in connection with, or with the renovation of, the Property or any part thereof; provided, however, that, upon request of the Beneficiary, the Trustor shall execute and deliver such instrument or instruments as shall reasonably be requested by the Beneficiary to confirm such lien, and the Trustor hereby appoints the Beneficiary its attorney-in-fact to execute all such instruments, which power is coupled with an interest and is irrevocable.

**1.11  Expenses.** Unless otherwise agreed in writing, the Trustor will pay when due and payable all appraisal fees, recording fees, taxes, brokerage fees and commissions, abstract fees, title policy fees, escrow fees, attorneys' fees, court costs, fees of inspecting architect(s) and engineer(s) and all other costs and expenses of every character which have been incurred or which may hereafter be incurred by the Beneficiary in connection with: **(a)** the preparation and execution of the Loan Documents; **(b)** the funding of the Loan; **(c)** in the event an Event of Default occurs hereunder or under the Note or any of the Loan Documents, all costs, fees and expenses, including, without limitation, all reasonable attorneys' fees in connection with the enforcement under the Note or foreclosure under this Deed of Trust, preparation for enforcement of this Deed of Trust or any other Loan Documents, whether or not suit or other action is actually commenced or undertaken; **(d)** enforcement of this Deed of Trust or any other Loan Documents; **(e)** court or administrative proceedings of any kind to which the Beneficiary may be a party, either as plaintiff or defendant, by reason of the Note, the Deed of Trust or any other Loan Documents; **(f)** preparation for and actions taken in connection with the Beneficiary's taking possession of the Property; **(g)** negotiations with the Trustor, its beneficiary, or any of its agents in connection with the existence or cure of any Event

Loan Numb ████████
10

of Default or default; **(h)** any proposed refinancing by the Trustor or any other person or entity of the debt secured hereby; **(i)** the transfer of the Property in lieu of foreclosure; **(j)** inspection of the Property pursuant to Section 1.15; and **(k)** the approval by the Beneficiary of actions taken or proposed to be taken by the Trustor, its beneficiary, or other person or entity which approval is required by the terms of this Deed of Trust or any other of the Loan Document. The Trustor will, upon demand by the Beneficiary, reimburse the Beneficiary or any takeout lender for all such expenses which have been incurred or which shall be incurred by either of them; and will indemnify and hold harmless the Beneficiary from and against, and reimburse it for, the same and for all claims, demands, liabilities, losses, damages, judgments, penalties, costs and expenses (including, without limitation, attorneys' fees) which may be imposed upon, asserted against, or incurred or paid by it by reason of, on account of or in connection with any bodily injury or death or property damage occurring in or upon or in the vicinity of the Property through any cause whatsoever or asserted against it on account of any act performed or omitted to be performed hereunder or on account of any transaction arising out of or in any way connected with the Property, or with this Deed of Trust or the Indebtedness.

**1.12  The Beneficiary's Performance of Defaults.** If the Trustor defaults in the payment of any tax, Assessment, encumbrance or other Imposition, in its obligation to furnish insurance hereunder, or in the performance or observance of any other covenant, condition, agreement or term in this Deed of Trust, the Note or in any of the Loan Documents, the Beneficiary may, without obligation to do so, to preserve its interest in the Property, perform or observe the same, and all payments made (whether such payments are regular or accelerated payments) and costs and expenses incurred or paid by the Beneficiary in connection therewith shall become due and payable immediately. The amounts so incurred or paid by the Beneficiary, together with interest thereon at the default rate, as provided in the Note, from the date incurred until paid by the Trustor, shall be added to the Indebtedness and secured by the lien of this Deed of Trust to the extent permitted by law. The Beneficiary is hereby empowered to enter and to authorize others to enter upon the Property or any part thereof for the purpose of performing or observing any such defaulted covenant, condition, agreement or term, without thereby becoming liable to the Trustor or any person in possession holding under the Trustor.

**1.13  Financial Statements, Books, and Records.** The Trustor will furnish to the Beneficiary, within thirty (30) days after a request therefor, a detailed statement in writing, covering the period of time specified in such request, showing all income derived from the operation of the Property, and all disbursements made in connection therewith, and containing a list of the names of all tenants and occupants of the Property, the portion or portions of the Property occupied by each such tenant and occupant, the rent and other charges payable under the terms of their leases or other agreements and the period covered by such leases or other agreements.

**1.14  Inspection.** The Beneficiary, and any persons authorized by the Beneficiary, shall have the right, at the Beneficiary's option, to enter and inspect the Property upon reasonable notice and at all other reasonable times during the term of the Loan. The Trustor shall pay any professional fees and expenses, which may be incurred by the Beneficiary in connection with such inspection.

**1.15  Loan to Value Covenant.** If at any one or more time(s) during the term of the Note the then aggregate outstanding and committed principal amount of the Note, plus accrued interest and fees

Loan Number 
11

thereon, plus all amounts outstanding under any debts secured by prior liens on the Property, is greater than eighty percent (80%) of the value of the Property, as determined by the Beneficiary based upon the Beneficiary's review of any appraisal and such other factors as the Beneficiary may deem appropriate, then the Trustor shall within thirty (30) days following a request by the Beneficiary, prepay the Note by an amount sufficient to cause the then outstanding principal amount of the Note, plus accrued interest and fees thereon, to be reduced to an amount equal to or less than eighty percent (80%) of the value of the Property. The inability of the Trustor to reduce the principal balance of the Note within thirty (30) days following request by the Beneficiary shall be, at the Beneficiary's option, an Event of Default, hereunder.

**1.16  No Occupancy by Trustor et al.** None of (i) Trustor, (ii) any guarantor of Trustor, (iii) any person holding an equity or other ownership interest in Trustor or in any guarantor of Trustor or (iv) any member of the immediate family of the persons identified in (i), (ii), (iii) shall occupy or inhabit (or permit the occupancy or habitation of) any part of the Property, including without limitation any building, structure or other improvement located thereon.

## ARTICLE TWO: DEFAULTS

**2.01  Event of Default.** The term **"Event of Default"** or **"default"** wherever used in this Deed of Trust, shall mean anyone or more of the following events: (a) failure by the Trustor to pay any installment of principal and/or interest under the Note within five (5) days after the same becomes due and payable; (b) failure by the Trustor to observe or perform, or upon any default in, any other covenants, agreements or provisions herein, in the Note, or in any of the Loan Documents; (c) failure by the Trustor to pay any Imposition, Assessment, other utility charges on or lien against the Property; (d) failure by the Trustor to keep in force the insurance required in this Deed of Trust; (e) failure by the Trustor to either deliver the policies of insurance described in this Deed of Trust or to pay the premiums for such insurance as provided herein; (f) failure by the Trustor to pay any installment, which may not then be due or delinquent, of any Assessment for local improvements for which an official bill has been issued by the appropriate authorities and which may now or hereafter affect the Property, and may be or become payable in installments; (g) the actual or threatened waste, removal or demolition of, or material alteration to, any part of the Property, except as permitted herein; (h) the vesting of title, or any sale, conveyance, transfer, leasing, assignment or further encumbrance in any manner whatsoever of any interest in the Property, or any part thereof, in or to anyone other than the present owner, or any change in title or ownership of the Property, or any part thereof, without the prior written consent of the Beneficiary; (i) all or a material portion of the Property being taken through condemnation, eminent domain, or any other taking such that the Beneficiary has reason to believe that the remaining portion of the Property is insufficient to satisfy the outstanding balance of the Note, or the value of the Property being impaired by condemnation, eminent domain or any other taking, (which term when used herein shall include, but not be limited to, any damage or taking by any governmental authority or any other authority authorized by the laws of any state or the United States of America to so damage or take, and any transfer by private sale in lieu thereof), either temporarily for a period in excess of thirty (30) days, or permanently; (j) the merger or dissolution of the Trustor or the death of any guarantor of the Note ("Guarantor"); (k) any representation or warranty of the Trustor or any Guarantor made herein or in any such guaranty or in any certificate, report, financial statement, or other instrument furnished in connection with the making of the Note, the Deed of Trust, or any

Loan Number ███████
12

such guaranty, shall prove false or misleading in any material respect; (l) Trustor makes or takes any action to make a general assignment for the benefit of its creditors or becomes insolvent or has a receiver, custodian, trustee in Bankruptcy, or conservator appointed for it or for substantially all or any of its assets; (m) the Trustor files, or becomes the subject of, a petition in bankruptcy, or upon the commencement of any proceeding or action under any bankruptcy laws, insolvency laws, relief of debtors laws, or any other similar law affecting the Trustor, provided however, that the Trustor shall have sixty (60) days from the filing of any involuntary petition in bankruptcy to have the same discharged and dismissed; (n) the Property becomes subject to (1) any tax lien which is superior to the lien of the Deed of Trust, other than a lien for local real estate taxes and assessments not due and payable or (2) any mechanic's, materialman's, or other lien which is, or is asserted to be, superior to the lien of the Deed of Trust and such lien shall remain undischarged for thirty (30) days, (o) the Trustor fails to promptly cure any violations of laws or ordinances affecting or which may be interpreted to affect the Property; (p) in the event of any material adverse change in the financial condition of the Trustor; or (q) any of the aforementioned events occur with respect to any Guarantor.

## ARTICLE THREE: REMEDIES

In the event that an Event of Default or default shall have occurred, the remedies available to the Beneficiary include, but are not limited to, any and all rights and remedies available hereunder, any and all rights and remedies available at law, in equity, or by statute. Without limiting the foregoing, the rights and remedies available to the Beneficiary shall include, but not be limited to, any one or more of the following:

**3.01  Acceleration of Maturity.** If an Event of Default shall have occurred, the Beneficiary may, at its option, declare without demand or notice all of the outstanding Indebtedness to be due and payable immediately, and upon such declaration such Indebtedness shall immediately become and be due and payable without demand or notice.

**3.02  The Beneficiary's Right to Enter and Take Possession.** If an Event of Default shall have occurred, the Trustor, upon demand on the Beneficiary, shall forthwith surrender to the Beneficiary the actual possession of the Property and the Beneficiary itself, or by such officers or agents as it may appoint, may enter and take possession of the Property, collect and receive the rents and income therefrom, and to apply so much of said rents and income as may be required in the necessary expenses of running said Property, including reasonable attorneys' fees, management agents' fees, and if the Beneficiary manages the Property with its own employees, an amount equal to the customary management agents' fees charged for similar property in the area where the Property are located, and to apply the balance of said rents and income to the payment of the amounts due upon said Note, or in payment of taxes assessed against the Property, or both. And for this purpose, and in case of such default, the Trustor hereby assigns, transfers, and sets over to the Beneficiary the rents and income accruing from said Property. Nothing contained in the foregoing provisions shall impair or affect any right or remedy which the Beneficiary might now or hereafter have, were it not for such provisions, but the rights herein given shall be in addition to any others which the Beneficiary may have hereunder.

**3.03  Receiver.** If an Event of Default shall have occurred, the Beneficiary, to the extent permitted

Loan Number ▮▮▮▮▮
13

by law and without regard to the value or occupancy of the security, shall be entitled to apply for the appointment of a receiver of the rents and profit of the Property without notice, and shall be entitled to the appointment of such a receiver as a matter of right, without consideration of the value of the Property as security for the amounts due the Beneficiary, or the solvency of any person or limited liability company liable for the payment of such amounts.

**3.04  Trustee's Sale.** If any Event of Default occurs, Beneficiary is authorized and empowered, without further notice, to execute or cause the Trustee to execute a written notice of default and of election to cause the Property to be sold as required by law or as otherwise provided herein, and the Trustee shall file such notice for record in each county wherein the Property or any part thereof is situated. After such filing, the Trustee may lawfully foreclose and shall foreclose the lien of this Deed of Trust, and sell and dispose of the Property in masse or in separate parcels (as Beneficiary may elect) and all the right, title, and interest of Trustor therein, at a public auction at any place then authorized by law as may be specified in the notice of such sale, for the price permitted by law (the "Trustee's Sale"), legally required public notice having previously been given of the time and place of such sale. The Trustee, without demand on Trustor, shall sell the Property on the date and at the time and place designated in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which such Property, if consisting of several known lots or parcels, shall be sold), at public auction to the highest bidder, the purchase price payable in lawful money of the United States at the time of sale. The person conducting the sale may, for any cause he deems expedient in accordance with applicable law, postpone the sale from time to time until it shall be completed and, in every case, notice of postponement shall be given as required by law. Trustee shall execute and deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in the deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Beneficiary, may bid at the sale. Trustee shall apply the proceeds of the sale to payment of **(1)** the costs and expenses of exercising the power of sale and of the sale, including the payment of the Trustee's and attorneys' fees; **(2)** cost of any evidence of title procured in connection with such sale; **(3)** all sums expended under the terms hereof, not then repaid, with accrued interest as provided herein from date of expenditure; **(4)** all other sums then secured hereby; and **(5)** the remainder, if any, to the person or persons legally entitled thereto, or the Trustee, in its discretion, may deposit the balance of such proceeds with the County Clerk of the county in which the sale took place.

**3.05  Attorneys' Fees.** If this Deed of Trust is foreclosed by the Trustee, the Trustee shall allow a reasonable amount of attorneys' fees for services rendered in the supervision of such foreclosure proceedings as a part of the cost of foreclosure. If the foreclosure proceedings are made through court proceedings, attorneys' fees in an amount determined by the court to be reasonable shall be taxed by the court as a part of the cost of such foreclosure proceedings.

**3.06  Waiver of Appraisement, Valuation, Stay, Exemption, and Redemption Laws, etc.; Marshaling.** The Trustor agrees to the full extent permitted by law that after an Event of Default neither the Trustor nor anyone claiming through or under it shall or will set up, claim or seek to take advantage of any appraisement, valuation, stay, exemption, moratorium, or redemption laws now or hereafter in force, in order to prevent or hinder the enforcement or foreclosure of this Deed of Trust, and the Trustor, for itself and all who may at any time claim through or under it, hereby

Loan Numb█████████
14

waives, to the full extent that it may lawfully so do, any and all right to have the assets comprising the Property marshaled upon any foreclosure hereof.

**3.07  Suits to Protect the Property.** The Beneficiary shall have the power and authority to institute and maintain any suits and proceedings as the Beneficiary may deem advisable in order to **(a)** prevent any impairment of the Property, **(b)** foreclose this Deed of Trust, **(c)** preserve and protect its interest in the Property, and **(d)** to restrain the enforcement of, or compliance with, any legislation or other governmental enactment, rule, or order that may be unconstitutional or otherwise invalid, if the enforcement of or compliance with such enactment, rule or order might impair the security hereunder or be prejudicial to the Beneficiary's interest.

**3.08  Proofs of Claim.** In the case of any receivership, insolvency, bankruptcy, reorganization, arrangement, adjustment, composition or other judicial case or proceeding affecting the Trustor, its creditors or its property, the Beneficiary, to the extent permitted by law, shall be entitled to file such proofs of claim and other documents as may be necessary or advisable in order to have its claims allowed in such case or proceeding for the entire Indebtedness at the date of the institution of such case or proceeding, and for any additional amounts which may become due and payable by the Trustor after such date.

**3.09  Application of Monies by the Beneficiary.** After the occurrence of an Event of Default, any monies collected or received by the Beneficiary shall be applied in such priority as the Beneficiary may determine in its sole and absolute discretion, to such matters including, but not limited to, the payment of compensation, expenses and disbursements of the agents, attorneys and other representatives of the Beneficiary, to deposits for Impositions and Insurance and insurance premiums due, to the cost of insurance, Impositions, Assessments, and other charges and to the payment of the Indebtedness.

**3.10  No Waiver.** Notwithstanding any course of dealing or course of performance, neither failure nor delay on the part of the Beneficiary to exercise any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, power, or privilege.

**3.11  No Waiver of One Default to Affect Another.** No waiver of any Event of Default hereunder shall extend to or affect any subsequent or any other Event of Default then existing, or impair any rights, powers or remedies consequent thereon. If the Beneficiary **(a)** grants forbearance or an extension of time for the payment of any of the Indebtedness; **(b)** takes other or additional security for the payment thereof; **(c)** waives or does not exercise any right granted in the Note, this Deed of Trust or any other of the Loan Documents; **(d)** releases any part of the Property from the lien of this Deed of Trust or any other of the Loan Documents or releases or any party liable under the Note; **(e)** consents to the filing of any map, plat or replat of the Land; **(f)** consents to the granting of any easement on the Land; or **(g)** makes or consents to any agreement changing the terms of this Deed of Trust or subordinating the lien or any charge hereof, no such act or omission shall release, discharge, modify, change or affect the original liability under this Deed of Trust or otherwise of the Trustor, or any subsequent purchaser of the Property or any part thereof or any trustor, co-signer, endorser, surety or guarantor. No such act or omission shall preclude the Beneficiary from

Loan Numbe ▮▮▮▮▮▮
15

exercising any right, power or privilege herein granted or intended to be granted in case of any Event of Default then existing or of any subsequent Event of Default nor, except as otherwise expressly provided in an instrument or instruments executed by the Beneficiary, shall the lien of this Deed of Trust be altered thereby.

**3.12 Remedies Cumulative.** No right, power or remedy conferred upon or reserved to the Beneficiary by the Note, this Deed of Trust or any other of the Loan Documents is exclusive of any other right, power and remedy, but each and every such right, power and remedy shall be cumulative and concurrent and shall be in addition to any other right, power and remedy given hereunder or under the Note or any other of the Loan Documents, or now or hereafter existing at law, in equity or by statute.

**3.13 Interest after Event of Default; Default Rate.** If an Event of Default shall have occurred, all sums outstanding and unpaid under the Note and this Deed of Trust shall, at the Beneficiary's option, bear interest at the default rate set forth in the Note.

**3.14 Indemnification of Trustee.** Except for gross negligence or willful misconduct, Trustee shall not be liable for any act or omission or error of judgment. Trustee may rely on any document believed by Trustee in good faith to be genuine. All money received by Trustee shall, until used or applied as herein provided, be held in trust, but need not be segregated (except to the extent required by law), and Trustee shall not be liable for interest thereon. Trustor shall indemnify Trustee against all liability and expenses which Trustee may incur in the performance of Trustee's duties hereunder.

**3.15 Substitute Trustee.** Beneficiary may appoint a substitute Trustee **(a)** if Trustee herein named or any substitute Trustee shall die, resign, or fail, refuse or be unable, for any reason, to make any such sale or to perform any of the trusts herein declared; or **(b)** at the option of Beneficiary from time to time as often and whenever Beneficiary prefers and with or without any reason or cause. Each appointment shall be in writing, but without the necessity of recordation, notice to Trustor, or any other action or formality. Each substitute Trustee so appointed shall thereupon by such appointment become Trustee and succeed to all the estates, titles, rights, powers, trusts and duties of predecessor Trustee. Any such appointment may be executed by Beneficiary or any authorized representative of Beneficiary, and such appointment shall be presumed conclusively to have been executed with due and proper authority. Without limiting the generality of the foregoing, if Beneficiary is a corporation, bank or association, of any type or character, such appointment may be executed in its behalf by any officer of Beneficiary and shall be presumed conclusively to have been executed with due and proper authority without necessity of proof of any action by the board of directors or any superior officer. Wherever herein the word "Trustee" is used, the same shall mean the duly appointed trustee or substitute trustee hereunder at the time in question. Trustee may resign by written notice to Beneficiary.

**3.16 Provisional Remedies: Foreclosure And Injunctive Relief:** Nothing shall be deemed to apply to limit the right of Trustee to: (a) exercise self-help remedies, (b) foreclose judicially or non-judicially against any real or personal property collateral, or to exercise judicial or non-judicial power of sale rights, (c) obtain from a court provisional or ancillary remedies (including, but not limited to, injunctive relief, a writ of possession, prejudgment attachment, a protective order or the

Loan Number ▮▮▮▮▮
16

appointment of a receiver) or (d) pursue rights against Trustor or any other party in a third party proceeding in action bought against Beneficiary (including, but not limited to, actions in bankruptcy court). Beneficiary may exercise the rights set forth in the foregoing clauses (a) through (d), inclusive, before, during, or after the pendency of any proceeding.

## ARTICLE FOUR: ASSIGNMENT OF LEASES AND RENTS.

**4.1    Assignment.** Trustor hereby irrevocably, absolutely, presently and unconditionally assigns to Beneficiary all of Trustor's right, title and interest in and to all Leases and Rents, and confers upon Beneficiary the right to collect such Rents with or without taking possession of the Property. In the event that anyone establishes and exercises any right to develop, bore for or mine for any water, gas, oil or mineral on or under the surface of the Property, any sums that may become due and payable to Trustor as bonus or royalty payments, and any damages or other compensation payable to Trustor in connection with the exercise of any such rights, shall also be considered Rents assigned under this Section. THIS IS AN ABSOLUTE ASSIGNMENT, NOT AN ASSIGNMENT FOR SECURITY ONLY.

**4.2    Grant of License.** Notwithstanding the provisions of Section 4.1, Beneficiary hereby confers upon Trustor a license ("**License**") to collect and retain the Rents as they become due and payable, so long as no Event of Default shall exist and be continuing. If an Event of Default has occurred and is continuing, Beneficiary shall have the right, which it may choose to exercise in its sole discretion, to terminate this License without notice to or demand upon Trustor, and without regard to the adequacy of the security for the Indebtedness.

**4.3    Effect of Assignment.** The foregoing irrevocable and absolute assignment shall not cause Beneficiary to be: (a) a mortgagee in possession; (b) responsible or liable for the control, care, management or repair of the Property or for performing any of the terms, agreements, undertakings, obligations, representations, warranties, covenants and conditions of the Leases; or (c) responsible or liable for any waste committed on the Property by the lessees under any of the Leases or any other parties; for any dangerous or defective condition of the Property; or for any negligence in the management, upkeep, repair or control of the Property resulting in loss or injury or death to any lessee, licensee, employee, invitee or other person. Beneficiary and Trustee shall not directly or indirectly be liable to Trustor or any other person as a consequence of: (i) the exercise or failure to exercise by Beneficiary or Trustee, or any of their respective employees, agents, contractors or subcontractors, any of the rights remedies or powers granted to Beneficiary or Trustee hereunder; or (ii) the failure or refusal of Beneficiary to perform or discharge any obligation, duty or liability of Trustor arising under the Leases.

**4.4    Representations and Warranties.** Trustor represents and warrants that: (a) it has provided to Beneficiary a true, correct and complete list of all Leases, if any, (b) all existing Leases, if any, are in full force and effect and are enforceable in accordance with their respective terms subject to applicable laws affecting creditors' rights and principles of equity, (c) no breach or default, or event which would constitute a breach or default after notice or the passage of time, or both, exists under any existing Leases on the part of Trustor or, to the best of Trustor's knowledge, any other party; (d) no rent or other payment under any existing Lease has been paid by any lessee for more than

Loan Number ██████
17

one (1) month in advance; and (e) none of the lessor's interests under any of the Leases has been transferred or assigned.

**4.5      Covenants.** Trustor shall (i) fulfill or perform each and every term, covenant and provision of the Leases to be fulfilled or performed by the lessor thereunder; (ii) give prompt notice to Beneficiary of any notice received by Trustor of default thereunder or of any alleged default or failure of performance that could become a default thereunder, together with a complete copy of any such notice; and (iii) enforce, short of termination thereof, the performance or observance of each and every material term, covenant and provision of each Lease to be performed or observed by the lessees and tenants thereunder. Trustor, without the prior written consent of Beneficiary, shall not: (i) cancel, materially modify or alter, or accept the surrender of, any Lease; (ii) assign, transfer, pledge or encumber, the whole or any part of the Leases and Rents to anyone other than Beneficiary; (iii) accept any Rents more than one month in advance of the accrual thereof; (iv) do or permit anything to be done, the doing of which, or omit or refrain from doing anything, the omission of which, could be a breach or default under the terms of any Lease or a basis for termination thereof; or (v) enter in to any new tenant leases.

**4.6      Beneficiary's Right to Proceeds. Without in any way limiting the requirement of Beneficiary's consent hereunder, any sums received by Trustor in consideration of any termination (or the release or discharge of any lessee), modification or amendment of any Lease shall be paid over to Beneficiary and applied to reduce the outstanding Indebtedness and any such sums received by Trustor shall be held in trust by Trustor for such purpose.**

## ARTICLE FIVE: MISCELLANEOUS PROVISIONS

**5.1      Heirs, Successors and Assigns Included in Parties.** Whenever one of the parties hereto is named or referred to herein, the heirs, successors and assigns of such party shall be included and all covenants and agreements contained in this Deed of Trust, by or on behalf of the Trustor or the Beneficiary shall bind and inure to the benefit of their respective heirs, successors and assigns, whether so expressed or not.

**5.2      Addresses for Notices, etc.**

**(a)**      Any notice, report, demand or other instrument authorized or required to be given or furnished under this Deed of Trust shall be in writing, signed by the party giving or making the same, and shall be sent by certified mail, return receipt requested, as follows:

**THE TRUSTOR:**

Valley Enterprises TS Inc.
13962 Saticoy Street, Van Nuys, California 91402

**THE BENEFICIARY:**

SLS Mortgage, Inc.
13741 Foothill Boulevard, Suite 150, Sylmar, California 91342


Loan Number
18

**With a copy to:**

The Weiss Group, LLP
12526 High Bluff Drive, Suite 300
San Diego, California 92130
Attn: Benjamin M. Weiss, Esq.

**(b)**    Either party may change the address to which any such notice, report, demand or other instrument is to be delivered or mailed, by furnishing written notice of such change to the other party, but no such notice of change shall be effective unless and until received by such other party.

**5.3    Headings.** The headings of the articles, sections, paragraphs and subdivisions of this Deed of Trust are for convenience of reference only, are not to be considered a part hereof and shall not limit or expand or otherwise affect any of the terms hereof.

**5.4    Provisions Subject to Applicable Laws; Severability** All rights, powers and remedies provided herein may be exercised only to the extent that the exercise thereof does not violate any law and are intended to be limited to the extent necessary so that they will not render this Deed of Trust invalid or unenforceable. In the event that any of the covenants, agreements, terms or provisions contained in the Note, or in this Deed of Trust or in any other Loan Documents shall be deemed invalid, illegal or unenforceable in any respect by a court with appropriate jurisdiction, the validity of the remaining covenants, agreements, terms or provisions contained herein or in the Note or in any other Loan Documents shall be in no way affected, prejudiced or disturbed thereby.

**5.5    Modification.** This Deed of Trust, the Note, and all other Indebtedness are subject to modification. Neither this Deed of Trust, nor any term hereof, may be changed, waived, discharged or terminated orally or by any action or inaction, but only by an instrument in writing signed by the party against which enforcement of the change, waiver, discharge, or termination is sought.

**5.6    Governing Law.** THIS DEED OF TRUST IS MADE BY THE BENEFICIARY AND ACCEPTED BY THE TRUSTOR IN THE STATE OF CALIFORNIA EXCEPT THAT AT ALL TIMES THE PROVISIONS FOR THE CREATION, PERFECTION, PRIORITY, ENFORCEMENT AND FORECLOSURE OF THE LIENS AND SECURITY INTERESTS CREATED IN THE PROPERTY UNDER THE LOAN DOCUMENTS SHALL BE GOVERNED BY AND CONSTRUED ACCORDING TO THE LAW OF THE STATE WHERE THE PROPERTY IS LOCATED. TO THE FULLEST EXTENT PERMITTED BY THE LAW OF THE STATE WHERE THE PROPERTY IS LOCATED, THE LAW OF THE STATE OF CALIFORNIA SHALL GOVERN THE VALIDITY AND ENFORCEABILITY OF ALL LOAN DOCUMENTS, AND THE DEBT OR OBLIGATIONS ARISING HEREUNDER (BUT THE FOREGOING SHALL NOT BE CONSTRUED TO LIMIT BENEFICIARY'S RIGHTS WITH RESPECT TO SUCH SECURITY INTEREST CREATED IN THE STATE WHERE THE PROPERTY IS LOCATED).

Loan Number ███████
19

**5.7    Prejudgment Remedies. THE TRUSTOR HEREBY REPRESENTS, COVENANTS, AND AGREES THAT THE PROCEEDS OF THE LOAN SECURED BY THIS DEED OF TRUST, AND EVIDENCED BY THE LOAN AGREEMENT, AND THE NOTE SHALL BE USED FOR GENERAL COMMERCIAL PURPOSES AND THAT SUCH LOAN IS A "COMMERCIAL TRANSACTION" AS DEFINED BY THE STATUTES OF THE STATE OF CALIFORNIA. THE TRUSTOR HEREBY WAIVES SUCH RIGHTS AS IT MAY HAVE TO NOTICE AND/OR HEARING UNDER ANY APPLICABLE FEDERAL OR STATE LAWS INCLUDING, WITHOUT LIMITATION, CALIFORNIA GENERAL STATUTES, PERTAINING TO THE EXERCISE BY THE BENEFICIARY OF SUCH RIGHTS AS THE BENEFICIARY MAY HAVE INCLUDING, BUT NOT LIMITED TO, THE RIGHT TO SEEK PREJUDGMENT REMEDIES AND/OR TO DEPRIVE THE TRUSTOR OF OR AFFECT THE USE OF OR POSSESSION OR ENJOYMENT OF THE TRUSTOR'S PROPERTY PRIOR TO THE RENDITION OF A FINAL JUDGMENT AGAINST THE TRUSTOR. THE TRUSTOR FURTHER WAIVES ANY RIGHT IT MAY HAVE TO REQUIRE THE BENEFICIARY TO PROVIDE A BOND OR OTHER SECURITY AS A PRECONDITION TO OR IN CONNECTION WITH ANY PREJUDGMENT REMEDY SOUGHT BY THE BENEFICIARY, AND WAIVES ANY OBJECTION TO THE ISSUANCE OF SUCH PREJUDGMENT REMEDY BASED ON ANY OFFSETS, CLAIMS, DEFENSES, OR COUNTERCLAIMS TO ANY ACTION BROUGHT BY THE BENEFICIARY. FURTHER, THE TRUSTOR HEREBY WAIVES, TO THE EXTENT PERMITTED BY LAW, THE BENEFITS OF ALL PRESENT AND FUTURE VALUATION, APPRAISAL, HOMESTEAD, EXEMPTION, STAY, REDEMPTION AND MORATORIUM LAWS.**

**5.8    Effects of Changes and Laws Regarding Taxation.** In the event of an enactment of any law deducting from the value of the Property any Deed of Trust lien thereon, or imposing upon the Beneficiary the payment of any or part of the Impositions, charges, or Assessments previously paid by the Trustor pursuant to this Deed of Trust, or change in the law relating to the taxation of Deed of Trusts, debts secured by Deed of Trusts or the Beneficiary's interest in the Property so as to impose new incidents of taxes on the Beneficiary, then the Trustor shall pay such Impositions or Assessments or shall reimburse the Beneficiary therefor; provided that, however, if in the opinion of counsel to the Beneficiary such payment cannot lawfully be made by the Trustor, then the Beneficiary may, at the Beneficiary's option, declare all of the sums secured by this Deed of Trust to be immediately due and payable without prior notice to the Trustor, and the Beneficiary may invoke any remedies permitted by applicable law.

**5.9    Purpose of Loan.** The Trustor represents and warrants that the proceeds from this Loan are to be used solely for business and commercial purposes and not at all for any personal, family, household, or other noncommercial or farming or agricultural purposes. The Trustor acknowledges that the Beneficiary has made this Loan to the Trustor in reliance upon the above representation. Said representation will survive the closing and repayment of the Loan. The Trustor acknowledges that the Federal and California Truth in Lending disclosures are not required for loans that are given solely for business and commercial purposes.

**5.10    Duplicate Originals.** This Deed of Trust may be executed in any number of duplicate originals and each such duplicate original shall be deemed to be an original.

Loan Number ▮▮▮▮▮▮
20

**5.11    Usury Laws.** This Deed of Trust, the Note, and the other Loan Documents are subject to the express condition that at no time shall the Trustor be obligated or required to pay interest on the debt at a rate which could subject the holder of the Note to either civil or criminal liability as a result of being in excess of the maximum interest rate permitted by applicable law. If, by the terms of this Deed of Trust, the Note, or any of the Loan Documents, the Trustor is at any time required or obligated to pay interest on the debt at a rate in excess of such maximum rate, the rate of interest under the same shall be deemed to be immediately reduced to such maximum rate and the interest payable shall be computed at such maximum rate and all prior interest payments in excess of such maximum rate shall be applied and shall be deemed to have been payments in reduction of the principal balance of the Note.

**5.12    Construction.** This Deed of Trust and the Note shall be construed without regard to any presumption or other rule requiring construction against the party causing this Deed of Trust and the Note to be drafted.

**5.13    Release and Reconveyance.** If all of Trustor's obligations under the Loan Documents are paid in full in accordance with the terms of the Loan Documents, no Default then exists hereunder and no Event of Default then exists under any other Loan Document, and if Trustor shall well and truly perform all of Trustor's covenants contained herein, then this conveyance shall become null and void and be released, and the Property shall be reconveyed to Trustor, at Trustor's request and expense.

**5.14    Entire Agreement.** This Deed of Trust, together with the other Loan Documents executed in connection herewith, constitutes the entire agreement and understanding among the parties relating to the subject matter hereof and supersedes all prior proposals, negotiations, agreements, and understandings relating to such subject matter. In entering into this Deed of Trust, Trustor acknowledges that it is not relying on any representation, warranty, covenant, promise, assurance, or other statement of any kind made by the Beneficiary or by any employee or agent of the Beneficiary.

**5.15    Protection of Lender's Security; Instrument Secures Future Advances.** If Borrower fails to perform any of its obligations under this Instrument or any other Loan Document, or if any action or proceeding is commenced which purports to affect the Property, Lender's security, or Lender's rights under this Instrument, including eminent domain, insolvency, code enforcement, civil or criminal forfeiture, enforcement of Hazardous Materials Laws (as defined in Subsection .5.15(A) of this Instrument), fraudulent conveyance or reorganizations or proceedings involving a bankrupt or decedent, then Lender at Lender's option may make such appearances, file such documents, disburse such sums and take such actions as Lender reasonably deems necessary to perform such obligations of Borrower and to protect Lender's interest, including all of the following: (i) payment of attorney's fees and costs; (ii) enter upon the Property to make repairs or secure the Property; (iii) pay any amounts which Borrower has failed to pay under this Instrument, the Loan Agreement, or any of the Loan Documents; (iv) perform any of Borrower's obligations under the Loan Agreement; (v) make advances to pay, satisfy or discharge any obligation of Borrower for the payment of money that is secured by a lien on the Property. Any amounts disbursed by Lender under this Section 5.15 or under any other provision of this Instrument that

Loan Number ▮▮▮▮▮▮▮
21

treats such disbursement as being made under this Section 5.15, will be secured by this Instrument, will be added to, and become part of, the principal component of the Indebtedness, will be immediately due and payable and will bear interest from the date of disbursement until paid at the Default Rate (as defined in the Note.) Nothing in this Section 5.15 will require Lender to incur any expense or take any action. The provisions in Section 5.15, including the obligation to indemnify the Lender, shall survive the payment of the indebtedness and the satisfaction and conveyance of the lien of this Instrument and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

A.      As used herein, the term **"Hazardous Materials Law"** and **"Hazardous Materials Laws"** mean any and all federal, state and local laws, ordinances, regulations and standards, rules, policies and other governmental requirements, administrative rulings and court judgments and decrees in effect now or in the future, including all amendments, that relate to Hazardous Materials (as defined in Subsection 5.15B of this Instrument) or the protection of human health or the environment and apply to Borrower or to the Property. Hazardous Material Laws include Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Section 9601, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901. et seq., the Toxic Substance Control Act, 15 U.S.C. Section 2601, et seq., the Clear Water Act, 33 U.S.C. Section 1251, and the Hazardous Materials Transportation Act, 49 U.S.C. Section 5101 et seq., and their state analogs.

B.      As used herein, the term **"Hazardous Materials"** means petroleum and petroleum products and compounds containing them, including gasoline, diesel, fuel and oil; explosives; flammable materials; radioactive materials; polychlorinated biphenyls (PCBs) and compounds containing them; lead and lead- based paint; asbestos containing them; lead and lead-based paint; asbestos or asbestos containing materials in any form that is or could become friable; underground or above-ground tanks, whether empty or containing any substance; any substance the presence of which on the Property is prohibited by any governmental authority; any substance that requires special handling and any other material or substance that requires special handling and any other material or substance now or in the future that (i) is defined as a "hazardous substance", "hazardous material", "hazardous waste", "toxic substance", "toxic pollutant", "containment", or "pollutant" by or within the meaning of any Hazardous Material Law, or (ii) is regulated in any way by or within the meaning of any Hazardous Materials Law.

NOW, THEREFORE, If the Note and any Indebtedness secured by this Deed of Trust shall be well and truly paid according to their tenor and if all the terms, covenants, conditions, and agreements of the Trustor contained herein and in the Note and Loan Documents, shall be fully and faithfully performed, observed, and complied with, then this Deed of Trust deed shall be void, but shall otherwise remain in full force and effect.

*[No further text on this page; signatures appear on the following page]*


Loan Number
22

**IN WITNESS WHEREOF**, Trustor has executed this Deed of Trust as of the Effective Date.

**TRUSTOR:**
Valley Enterprises TS Inc., a California corporation,

By: _____
   Jose A. Pasco
   President

Signature Page to Deed of Trust

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                               )
County of _Los Angeles_____                  )

On _April 26, 2019_____ before me, _Adriana Fabela, Notary Public_____,
      _Date_                                 *Here Insert Name and Title of the Officer*

personally appeared _Jose A. Pasco_____
                                  *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

> ADRIANA FABELA
> Notary Public - California
> Los Angeles County
> Commission # 2213051
> My Comm Expires Sep 30, 2021

Signature _____
                *Signature of Notary Public*

      *Place Notary Seal Above*
_____ **OPTIONAL** _____
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Commercial Deed of Trust_ Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: _____ | Signer's Name: _____ |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s): _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Individual ☐ Attorney in Fact | ☐ Individual ☐ Attorney in Fact |
| ☐ Trustee ☐ Guardian or Conservator | ☐ Trustee ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5907

## EXHIBIT A

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

LOT 134 OF TRACT NO. 14807, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 327, PAGE(S) 39 TO 44 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM, ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL WATER, CLAIMS OR RIGHTS TO WATER, TOGETHER WITH APPURTENANT RIGHTS THERETO, WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOW ANY PORTION OF THE SUBSURFACE LYING ABOVE A DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED IN BOOK 31936 PAGE 269, OF OFFICIAL RECORDS.

APN: 2639-022-029

Exhibit "4"




**This page is part of your document - DO NOT DISCARD**



## 20190805068



**Pages:
0005**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**08/12/19 AT 03:42PM**

| | |
|---|---|
| FEES: | 89.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 225.00 |
| PAID: | 314.00 |



**L E A D S H E E T**



**201908123310019**

**00016954657**



**010014592**

**SEQ:
01**

**SECURE - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**



19SLS6780 - OF ASSIGNME

E521940

RECORDING REQUESTED BY
AND
WHEN RECORDED MAIL TO:

Triumph Collateral Processing
155 S Highway 101, Suite 7
Solana Beach, California 92075

SPACE ABOVE LINE FOR RECORDER'S USE ONLY

## ASSIGNMENT OF DEED OF TRUST, SECURITY AGREEMENT, FIXTURE FILING, AND ASSIGNMENT OF LEASES AND RENTS

This ASSIGNMENT OF DEED OF TRUST, SECURITY AGREEMENT, FIXTURE FILING, AND ASSIGNMENT OF LEASES AND RENTS is dated as of April 22, 2019 (the **"Effective Date"**), and made by SLS Mortgage, Inc., a California corporation (**"Assignor"**) in favor of TRIUMPH CAPITAL PARTNERS, LLC, a Delaware limited liability company (**"Assignee"**).

1.      For good and valuable consideration, the receipt of which is hereby acknowledged, Assignor hereby assigns to Assignee all of Assignor's right, title and interest: as "Lender" under that certain Commercial Deed of Trust, Security Agreement, Fixture Filing, and Assignment of Leases and Rents dated April 22, 2019 executed by Valley Enterprises TS Inc., a California corporation, as "Borrower", and recorded in the Official Records of the County and State in which the Property (as defined in the Deed of Trust) is located (the **"Official Records"**) on MAY 05, 2019 as Document No. 20190403332 (the **"Deed of Trust"**), together with the obligation therein described, all monies due and to become due thereunder, and all interest thereon, all rights arising therefrom, and all documents associated therewith (collectively, the **"Assigned Loan Documents"**).

2.      As a condition to this Assignment, Assignee has agreed to and accepted the assignment described in Section 1 above, and has assumed the terms, covenants, obligations, and conditions required to be kept, performed, and fulfilled by Assignor under, and/or with respect to, the Assigned Loan Documents and the Loan from and after the Effective Date.

3.      This Assignment shall be binding upon and inure to the benefit of Assignee, Assignor and their respective successors and assigns.

**Exhibit A attached hereto and made a part hereof**

Loan Number ████████

4.    This Assignment shall be governed by and construed in accordance with the laws of the State of California.

IN WITNESS WHEREOF, this Assignment is executed as of the Effective Date.

**ASSIGNOR:**
**SLS Mortgage, Inc., a California corporation**

By: _Mike Gutierrez_

Name: _MIKE GUTIERREZ_

Title: _OWNER_

Date: _4-27-19_

[NOTARY]

Loan Number ████

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**                    CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_ }

On _April 26, 2019_ before me, _Alejandra Ceniceros (Notary Public)_
      *Date*                            *Here Insert Name and Title of the Officer*

personally appeared _Mike Gutierrez_
                               *Name(s) of Signer(s)*

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

ALEJANDRA CENICEROS
Notary Public - California
Los Angeles County
Commission # 2267864
My Comm. Expires Nov 20, 2022

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
                       *Signature of Notary Public*

*Place Notary Seal and/or Stamp Above*

——————————— OPTIONAL ———————————

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

| | |
|---|---|
| Signer's Name: _____ | Signer's Name: _____ |
| ☐ Corporate Officer – Title(s): _____ | ☐ Corporate Officer – Title(s): _____ |
| ☐ Partner – ☐ Limited ☐ General | ☐ Partner – ☐ Limited ☐ General |
| ☐ Individual ☐ Attorney in Fact | ☐ Individual ☐ Attorney in Fact |
| ☐ Trustee ☐ Guardian of Conservator | ☐ Trustee ☐ Guardian of Conservator |
| ☐ Other: _____ | ☐ Other: _____ |
| Signer Is Representing: _____ | Signer Is Representing: _____ |

©2017 National Notary Association

## Exhibit A

### [Property Description]

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

LOT 134 OF TRACT NO. 14807, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 327, PAGE(S) 39 TO 44 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM, ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL WATER, CLAIMS OR RIGHTS TO WATER, TOGETHER WITH APPURTENANT RIGHTS THERETO, WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOW ANY PORTION OF THE SUBSURFACE LYING ABOVE A DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED IN BOOK 31936 PAGE 269, OF OFFICIAL RECORDS.

APN: 2639-022-029

Loan #: ▉▉▉▉▉▉▉

**This page is part of your document - DO NOT DISCARD**



## 20190986967



**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**09/20/19 AT 08:00AM**

| | |
|---|---|
| FEES: | 89.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 225.00 |
| PAID: | 314.00 |



**L E A D S H E E T**



**201909201060135**

**00017186952**



**010141161**

**SEQ:**
**01**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

*E269820*

**19SLS6780 - TOP ASSIGNM**

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

Triumph Capital Partners, LLC
155 S Highway 101, Suite 7
Solana Beach, CA 92075

SPACE ABOVE LINE FOR RECORDER'S USE ONLY

## ASSIGNMENT OF COMMERCIAL DEED OF TRUST, SECURITY AGREEMENT, FIXTURE FILING, AND COLLATERAL ASSIGNMENT OF LEASES AND RENTS

This ASSIGNMENT OF COMMERCIAL DEED OF TRUST, SECURITY AGREEMENT, FIXTURE FILING, AND COLLATERAL ASSIGNMENT OF LEASES AND RENTS is dated as of *4/22/2019* (the **"Effective Date"**), and made by TRIUMPH CAPITAL PARTNERS, LLC, a Delaware limited liability company (**"Assignor"**) in favor of 1Sharpe Opportunity Intermediate Trust, a Delaware Statutory Trust _____ (**"Assignee"**).

1.     For good and valuable consideration, the receipt of which is hereby acknowledged, Assignor hereby assigns to Assignee all of Assignor's right, title and interest: (i) as "Lender" under that certain Commercial Deed of Trust, Security Agreement, and Fixture Filing dated *4/22/2019* executed by *VALLEY ENTERPRISES TS, INC.* as "Borrower", and recorded in the Official Records of the County and State in which the Property (as defined in the Deed of Trust and on **Exhibit A** of this document) is located (the **"Official Records"**) on 05/03/19 as Document No. 20190403332 (the **"Deed of Trust"**): and (ii) as "Assignee" under that certain Collateral Assignment of Leases and Rents dated *4/22/2019* executed by *VALLEY ENTERPRISES TS, INC.*, as Assignor, and recorded in the Official Records on _____ as Document No._____ (the **"Collateral Assignment of Leases and Rents"**), together with the obligation therein described, all monies due and to become due thereunder, and all interest thereon, all rights arising therefrom, and all documents associated therewith (collectively, the **"Assigned Loan Documents"**).

2.     As a condition to this Assignment, Assignee has agreed to and accepted the assignment described in Section 1 above, and has assumed the terms, covenants, obligations, and conditions required to be kept, performed, and fulfilled by Assignor under, and/or with respect to, the Assigned Loan Documents and the Loan from and after the Effective Date.

Loan #: ███████

**3.**      This Assignment shall be binding upon and inure to the benefit of Assignee, Assignor and their respective successors and assigns.

**4.**      This Assignment shall be governed by and construed in accordance with the laws of the State of California.

IN WITNESS WHEREOF, this Assignment is executed as of the date first set forth above.

**ASSIGNOR:**

**Triumph Capital Partners, LLC**
A Delaware limited liability company as Assignor

By: Triumph Capital Partners, Inc
Its:  Managing Member

Name: Oliver Austria
Title: Chief Executive Officer

[NOTARY]

Loan #: █████████

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of San Diego

On ___5/16/19___ before me, ___Alexis Austria___, a Notary Public, personally appeared **Oliver Austria**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature ___Alexis Austria___ **(Seal)**

```
ALEXIS AUSTRIA
Notary Public - California
San Diego County
Commission # 2178302
My Comm. Expires Jan 2, 2021
```

Loan # ████████

## Exhibit A

### [Property Description]

Real property in the City of Los Angeles, County of Los Angeles, State of California, described as follows:

LOT 134 OF TRACT NO. 14807, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 327, PAGE(S) 39 TO 44 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM, ALL OIL, OIL RIGHTS, NATURAL GAS RIGHTS, MINERAL RIGHTS, ALL OTHER HYDROCARBON SUBSTANCES BY WHATSOEVER NAME KNOWN, AND ALL WATER, CLAIMS OR RIGHTS TO WATER, TOGETHER WITH APPURTENANT RIGHTS THERETO, WITHOUT, HOWEVER, ANY RIGHT TO ENTER UPON THE SURFACE OF SAID LAND NOW ANY PORTION OF THE SUBSURFACE LYING ABOVE A DEPTH OF 500 FEET, AS EXCEPTED OR RESERVED BY DEED RECORDED IN BOOK 31936 PAGE 269, OF OFFICIAL RECORDS.

APN: 2639-022-029

Loan #: █████████

Exhibit "5"

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Valley Enterprises T.S. Inc.** |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (if known) | **1:20-bk-11784-MB** |

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

■ No.  Go to Part 2.
☐ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor**          Current value of debtor's interest

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

■ No.  Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
|---|---|

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property          page 1

| Debtor | **Valley Enterprises T.S. Inc.** | Case number *(If known)* | **1:20-bk-11784-MB** |
|---|---|---|---|
| | Name | | |

☐ Yes Fill in the information below.

<table>
<tr><td style="background:black;color:white">**Part 7:**</td><td>**Office furniture, fixtures, and equipment; and collectibles**</td></tr>
</table>

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.

■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.** | **Office furniture** | | | |
| **40.** | **Office fixtures** | | | |
| **41.** | **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | **Computer desktop and laptop** | $0.00 | | $2,200.00 |
| **42.** | **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

| | | |
|---|---|---|
| **43.** | **Total of Part 7.** Add lines 39 through 42.  Copy the total to line 86. | $2,200.00 |

**44.** **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No
☐ Yes

**45.** **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

<table>
<tr><td style="background:black;color:white">**Part 8:**</td><td>**Machinery, equipment, and vehicles**</td></tr>
</table>

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.  Go to Part 9.

■ Yes Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.** | **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1. | **2019 Range Rover Evoque** | $0.00 | | $42,000.00 |
| 47.2. | **2019 Chrysler Pacifica Van** | $0.00 | | $39,000.00 |
| **48.** | **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| **49.** | **Aircraft and accessories** | | | |
| **50.** | **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor | **Valley Enterprises T.S. Inc.** | Case number *(If known)* | **1:20-bk-11784-MB** |
|---|---|---|---|
| | Name | | |

| 51. | **Total of Part 8.** | | **$81,000.00** |
|---|---|---|---|
| | Add lines 47 through 50. Copy the total to line 87. | | |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
- ■ No
- ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
- ■ No
- ☐ Yes

| Part 9: | Real property |
|---|---|

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

■ Yes Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1. **15649 Chase St.**<br>**North Hills, CA 91343** | Fee simple | $0.00 | | $1,160,000.00 |
| 55.2. **15094 Nurmi St.**<br>**Sylmar, CA 91342** | Fee simple | $0.00 | | $526,000.00 |
| 55.3. **5959 Tampa Ave.**<br>**Tarzana, CA 91356** | Fee simple | $0.00 | | $1,500,000.00 |
| 55.4. **7106 Figueroa St.**<br>**Los Angeles, CA**<br>**90003** | Fee simple | $0.00 | | $485,000.00 |
| 55.5. **8901 Moonbeam Ave.**<br>**Panorama City, CA**<br>**91402** | Fee simple | $0.00 | | $750,000.00 |
| 55.6. **7759 Skyhill Drive**<br>**Los Angeles, CA**<br>**90068** | Fee simple | $0.00 | | $2,700,000.00 |

| 56. | **Total of Part 9.** | | **$7,121,000.00** |
|---|---|---|---|
| | Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.<br>Copy the total to line 88. | | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | **Valley Enterprises T.S. Inc.** | Case number *(if known)* | **1:20-bk-11784-MB** |
|--------|----------------------------------|--------------------------|----------------------|
|        | Name                             |                          |                      |

57.    **Is a depreciation schedule available for any of the property listed in Part 9?**

   ■ No
   ☐ Yes

58.    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

   ■ No
   ☐ Yes

| Part 10: | **Intangibles and intellectual property** |
|----------|-------------------------------------------|

59.    **Does the debtor have any interests in intangibles or intellectual property?**

   ■ No. Go to Part 11.
   ☐ Yes Fill in the information below.

| Part 11: | **All other assets** |
|----------|----------------------|

70.    **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

   ■ No. Go to Part 12.
   ☐ Yes Fill in the information below.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Debtor | **Valley Enterprises T.S. Inc.** | Case number *(If known)* | **1:20-bk-11784-MB** |
|---|---|---|---|
| | Name | | |

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $2,200.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $81,000.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.......................................................................> | | $7,121,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $83,200.00 | + 91b. $7,121,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $7,204,200.00 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name __**Valley Enterprises T.S. Inc.**__

United States Bankruptcy Court for the: __CENTRAL DISTRICT OF CALIFORNIA__

Case number (if known) __**1:20-bk-11784-MB**__

☐ Check if this is an
amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

| 2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. | Column A<br>**Amount of claim**<br><br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

| 2.1 | **BSI Financial Services, Inc.** | **Describe debtor's property that is subject to a lien** | $425,000.00 | $750,000.00 |
|---|---|---|---|---|

**2.1  BSI Financial Services, Inc.**
Creditor's Name

**P.O. Box 517**
**Titusville, PA 16354**
Creditor's mailing address


Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**
**6780**
**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe debtor's property that is subject to a lien**
**8901 Moonbeam Ave.**
**Panorama City, CA 91402**

**Describe the lien**
**First Mortgage**
**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

**Amount of claim:** $425,000.00
**Value of collateral:** $750,000.00

---

**2.2  East West Bank**
Creditor's Name

**Loan Servicing Department**
**9300 Flair Drive, 6th Floor**
**El Monte, CA 91731**
Creditor's mailing address


Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**
**0001**
**Do multiple creditors have an interest in the same property?**

**Describe debtor's property that is subject to a lien**
**7759 Skyhill Drive**
**Los Angeles, CA 90068**

**Describe the lien**
**First Mortgage**
**Is the creditor an insider or related party?**
■ No
☐ Yes
**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply

**Amount of claim:** $1,050,000.00
**Value of collateral:** $2,700,000.00

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | **Valley Enterprises T.S. Inc.** | Case number *(if known)* | **1:20-bk-11784-MB** |
|---|---|---|---|
| | Name | | |

■ No
☐ Yes. Specify each creditor,
including this creditor and its relative
priority.

☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.3 | **LC Equity Group Inc.** | | **Describe debtor's property that is subject to a lien** | $195,000.00 | $485,000.00 |
|---|---|---|---|---|---|

Creditor's Name

**5737 Kanan Road #559
Agoura Hills, CA 91301**

Creditor's mailing address

7106 Figueroa St.
Los Angeles, CA 90003

**Describe the lien**
**First Mortgage**
**Is the creditor an insider or related party?**

Creditor's email address, if known

■ No
☐ Yes
**Is anyone else liable on this claim?**

**Date debt was incurred**

■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an
interest in the same property?**
■ No
☐ Yes. Specify each creditor,
including this creditor and its relative
priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.4 | **LKJ LLC** | | **Describe debtor's property that is subject to a lien** | $290,000.00 | $1,160,000.00 |
|---|---|---|---|---|---|

Creditor's Name

**11111 Santa Monica Blvd.
Los Angeles, CA 90025**

Creditor's mailing address

15649 Chase St.
North Hills, CA 91343

**Describe the lien**
**First Mortgage**
**Is the creditor an insider or related party?**

Creditor's email address, if known

■ No
☐ Yes
**Is anyone else liable on this claim?**

**Date debt was incurred**

■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an
interest in the same property?**
☐ No
■ Yes. Specify each creditor,
including this creditor and its relative
priority.
**1. LKJ LLC**
**2. The Carrington Company**

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.5 | **The Carrington Company** | | **Describe debtor's property that is subject to a lien** | $350,000.00 | $1,160,000.00 |
|---|---|---|---|---|---|

Creditor's Name

**P.O. Box 1328
Eureka, CA 95502**

Creditor's mailing address

15649 Chase St.
North Hills, CA 91343

**Describe the lien**
**2nd Deed of Trust**
**Is the creditor an insider or related party?**

■ No

---

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

| Debtor | **Valley Enterprises T.S. Inc.** | Case number (if known) | **1:20-bk-11784-MB** |
|---|---|---|---|
| | Name | | |

Creditor's email address, if known

☐ Yes
**Is anyone else liable on this claim?**

**Date debt was incurred**

■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**
**0529**

**Do multiple creditors have an interest in the same property?**
☐ No
■ Yes. Specify each creditor, including this creditor and its relative priority.
**Specified on line 2.4**

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.6 | **Toorak Capital Partners, LLC** | Describe debtor's property that is subject to a lien | $265,000.00 | $526,000.00 |

Creditor's Name

**15 Maple St.**
**Summit, NJ 07901**
Creditor's mailing address

**15094 Nurmi St.**
**Sylmar, CA 91342**

**Describe the lien**
**First Mortgage**
**Is the creditor an insider or related party?**
■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**
**9250**

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.7 | **Val-Chris Investments, Inc.** | Describe debtor's property that is subject to a lien | $950,000.00 | $1,500,000.00 |

Creditor's Name

**2601 Main Street, Suite 400**
**Irvine, CA 92614**
Creditor's mailing address

**5959 Tampa Ave.**
**Tarzana, CA 91356**

**Describe the lien**
**First Mortgage**
**Is the creditor an insider or related party?**
■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**
**1567**

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. **$3,525,000.0**

| Debtor | **Valley Enterprises T.S. Inc.** | Case number (if known) | **1:20-bk-11784-MB** |
|---|---|---|---|
| | Name | | |

|  |
|---|
| 0 |

| **Part 2:** | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy