DAVID SEROR – Bar No. 67488
TAMAR TERZIAN – Bar No. 254148
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:  dseror@bg.law
  tterzian@bg.law

Proposed Attorneys for Diane C. Weil,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>VALLEY ENTERPRISES T.S., INC., | Case No. 1:20-bk-11784-MB<br><br>Chapter 7<br><br>**OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY CREDITOR, 1SHARPE OPPORTUNITY INTERMEDIATE TRUST REO ENTITY; DECLARATION OF DIANE C. WEIL IN SUPPORT THEREOF**<br><br>**Date:** March 23, 2021<br>**Time:** 10:30 a.m.<br>**Place:** Courtroom 303<br>United States Bankruptcy Court<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |

2586741

1

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND ITS COUNSEL, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

Diane C. Weil, the duly appointed and acting Chapter 7 Trustee ("Trustee" or "Applicant") for the bankruptcy estate ("Estate") of the above-captioned debtor, Valley Enterprises, T.S., Inc. ("Debtor"), hereby opposes the motion seeking relief from the automatic stay (the "Motion") filed by 1Sharpe Opportunity Intermediate Trust REO Entity: 1s REO Opportunity 1, LLC, its successors and/or assignees, ("Creditor").

Section 362(d)(1 ), which provides for relief from the automatic stay of an act against real property if the secured creditor's interest in the property is not adequately protected. Here, the Creditor is adequately protected with a significant equity cushion. The Motion is not well-founded because Creditor is adequately protected based on the current valuation of the property located at 8901 Moonbeam Avenue, Panorama City, Ca (the "Subject Property"). As evidenced by the Motion and the valuation stated in Debtor's schedules, the Subject Property is adequately protected with an equity cushion of approximately $230,000.

## I.

## Statement of Facts and Procedural History

This bankruptcy case ("Case") was commenced by the filing of a Voluntary Petition by the Debtor under Chapter 11 of Title 11 of the United States Code (beginning at 11 U.S.C. § 101, *et seq.*, "Bankruptcy Code") on October 5, 2020 ("Petition Date"). On December 10, 2020, an Order was entered by this Court converting the Chapter 11 case to one under Chapter 7. Shortly thereafter Diane C. Weil was appointed as the Trustee.

The Debtor owns and operates six real properties. Jose Pasco is the President and CEO of the Debtor and its sole shareholder. Based on the pleadings in this case, the Debtor filed chapter 11 to prevent the imminent foreclose sale of one of the Debtor's properties.

The Debtor disclosed in its Schedule "A" its interest in the Subject Property. The Debtor in its Schedule "A" provided a valuation of approximately $750,000. Based on Creditor's Motion the note matured on May 1, 2020. The outstanding amount of the note as of May 1, 2020 is

$511,718.04, [Motion, Docket No. 66, Pg. 8].

The 341(a) meeting was scheduled for March 8, 2021.  The Trustee will be filing an application to employ a real estate broker in this case.

## II.

## **Creditor Is Protected By Its Equity Cushion**

"Adequate protection" is a flexible concept that requires a court to make decisions on a case-by-case basis. *In re Harrington & Richardson, Inc.,* 48 B.R. 431, 433 (Bankr. D. Mass 1985). There is no dispute that the Ninth Circuit has held that a 20% equity cushion is sufficient. *See In re Mellor*, 734 F.2d at 1401. Further, the Ninth Circuit Court of Appeals has held that , "although the existence of an equity cushion as a method of adequate protection is not specifically mentioned, it is the classic form of [adequate] protection ... " Id at 1400.

Further, based on the valuation provided by the Debtor and the Creditor, the fair market value of the Subject Property is approximately $750,000. [Motion, Docket No. 66, Pg.8]  Creditors assertion of this valuation of the Subject Property evidences that Creditor fails to satisfy its burden to show that it is not adequately protected pursuant to 11 U.S.C. 362(d)(1).

Moreover, Section 362(g) states:- 11 -(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue

of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

Here, other than the fact that the mortgage has come due, Creditor offers no other basis for seeking relief from the automatic stay.  To the contrary, Creditor has provided its own proof that Debtor has equity in the Property to cover any costs of sale and Creditor's lien.  In addition, Creditor fails to address the current arrearages on the Property.  It is actually  in the best interest of the estate and Creditor to deny its motion for relief from stay and allow the Trustee to sell or operate the Subject Property.

///

2586741

3

Therefore, cause does not exist to grant Creditor's Motion for relief from stay.

### III.

### The 10-Day Stay Described By Federal Rule Of Bankruptcy Procedure 4001(A){3) Should Not Be Waived

Federal Rule of Bankruptcy Procedure 4001 (a)(3) provides, "An order granting a motion for relief from an automatic stay ... is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise." Creditor requests that the Court waive this 10-day stay, but offers no justification for its request. Therefore, even if the Court grants the Motion generally, the Court should not waive the 10-day stay provided for the benefit of the Debtor and other parties in interest under Rule 4001 (a)(3).

### VI.

### Conclusion

Cause does not exist to grant Creditor's Motion. Creditor's interest in the Subject Property is protected by an adequate equity cushion and it would be in the best interest of the Estate for the Trustee to sell or operate the Subject Property. For these and other reasons stated herein, the Motion should be denied.

DATED: March 9, 2021                    BRUTZKUS GUBNER

By: /s/ David Seror
    David Seror
    Proposed Attorneys for Diane C. Weil,
    Chapter 7 Trustee

2586741

4

## DECLARATION OF DIANE C. WEIL

I, Diane C. Weil, declare:

1. I am an attorney at law, licensed to practice before this Court and I am the duly-appointed, qualified, and acting Chapter 7 trustee in the bankruptcy case of the above-named Debtor. I have personal knowledge of the facts set forth herein and if called as a witness I could and would testify competently thereto.

2. I make this declaration in support of the "Opposition to Motion for Relief From the Automatic filed by Creditor, 1Sharpe Opportunity Intermediate Trust REO Entity: 1s REO Opportunity 1, LLC, its successors and/or assignees (the Opposition").

3. The Debtor owns and operates six real properties. Jose Pasco is the President and CEO of the Debtor and its sole shareholder. Based on the pleadings in this case, the Debtor filed chapter 11 to prevent the imminent foreclose sale of one of the Debtor's properties.

4. The Debtor disclosed in his Schedule "A" its interest in the Subject Property. The Debtor in its Schedule "A" provided a valuation of approximately $750,000. Based on Creditor's Motion the note matured on May 1, 2020,. The outstanding amount of the note as of May 1, 2020 is $511,718.04, [Motion, Docket No. 66, Pg. 8].

5. The 341(a) meeting was scheduled for March 8, 2021 and Debtor failed to appear. I will be filing an application to employ a real estate broker in this case. Therefore, the Court should deny Creditor's Motion

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this Declaration was executed this 9th day of March 2021 at Woodland Hills, California.

*/s/ Diane C. Weil*
DIANE C. WEIL

2586741

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367.

A true and correct copy of the foregoing document entitled: **OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY CREDITOR, 1SHARPE OPPORTUNITY INTERMEDIATE TRUST REO ENTITY; DECLARATION OF DIANE C. WEIL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On **March 9, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On **March 9, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**[Delivery to Judge temporarily suspended if under 25 pages, per General Order 20-12]**

<u>Debtor</u>:
Valley Enterprises T.S. Inc.
13962 Saticoy Street
Van Nuys, CA 91402

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 9, 2021 | ABBIE AU | /s/ Abbie Au |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                   **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Julian K Bach**   Julian@Jbachlaw.com, julianbach@sbcglobal.net
- **Tanya Behnam**   tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Kelli M Brown**   kbrown@mclaw.org, CACD_ECF@mclaw.org
- **Katherine Bunker**   kate.bunker@usdoj.gov
- **Greg P Campbell**   ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Russell Clementson**   russell.clementson@usdoj.gov
- **Erica T Loftis Pacheco**   bknotifications@ghidottiberger.com
- **Matthew D. Resnik**   matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **David Seror**   dseror@bg.law, ecf@bg.law
- **United States Trustee (SV)**   ustpregion16.wh.ecf@usdoj.gov
- **Thomas B Ure**   tbuesq@aol.com, urelawfirm@jubileebk.net;tom@ecf.courtdrive.com
- **Diane C Weil (TR)**   dcweil@dcweillaw.com, DCWTrustee@dcweillaw.com,dweil@iq7technology.com,alopez@dcweillaw.com;ecf.alert+Weil@titlexi.com
- **Reilly D Wilkinson**   rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com
- **Robert M Yaspan**   court@yaspanlaw.com, tmenachian@yaspanlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**