DAVID SEROR – Bar No. 67488
TAMAR TERZIAN – Bar No. 254148
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile:  (818) 827-9099
Email:      dseror@bg.law
            tterzian@bg.law

Attorneys for Diane C. Weil,
Chapter 7 Trustee for the bankruptcy estate of
Valley Enterprises T.S., Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:20-bk-11784-MB |
| VALLEY ENTERPRISES TS, INC., | Chapter 7 |
| Debtor. | **NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING DISGORGEMENT OF FUNDS PURSUANT TO 11 U.S.C. § 329 AND FRBP 2016 AND 2017 AND TURNOVER OF ESTATE PROPERTY UNDER § 542; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DIANE C. WEIL, CHAPTER 7 TRUSTEE, IN SUPPORT THEREOF** |
| | **Date:** May 11, 2021<br>**Time:** 11:00 a.m.<br>**Place:** Via Zoom.Gov |

1

2618081

**TO THE HONORABLE MARTIN BARASH, THE DEBTOR, THE URE LAW FIRM, THE OFFICE OF UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on May 11, 2021, at 11:00 a.m., via zoom.gov, in the above captioned case, Diane C. Weil, in her capacity as Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Valley Enterprises T.S., Inc. ("Valley Enterprise"), will move the Court, pursuant to 11 U.S.C. §§ 329(a)-(b) and 330; 11 U.S.C. § 542(a); Rules 2016(b) and 2017 of the Federal Rules of Bankruptcy Procedure ("FRBP"); and applicable case law, for entry of an Order directing the Ure Law Firm to disgorge and turn over to the Trustee within 14 days after entry of an order on this Motion the amount of $7,000, plus interest as allowed by law, representing unearned retainer funds held by the Ure Firm which constitutes property of the Estate.

The Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Diane C. Weil; and the evidence and argument submitted in support of the Motion.

**PLEASE TAKE FURTHER NOTICE** that any opposition to this Motion must be in the form as required by Local Bankruptcy Rule 9013-1(f) and filed with the Clerk of the above-entitled Court no later than fourteen (14) days prior to the hearing date set forth above, and copies served on Brutzkus Gubner to the attention of David Seror and Tamar Terzian at the address indicated in the upper left-hand corner of the first page of this Notice.  A copy of any response must also be served on the Office of the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017.

Failure to timely respond may be deemed as acceptance of the proposed relief and the Court may grant the relief requested in the Motion without further notice or hearing. *See* Rule 9013-1(h) of the Local Bankruptcy Rules.

DATED:  April 7, 2021                          BRUTZKUS GUBNER


                                                By: /s/ David Seror_____
                                                     David Seror
                                                Attorneys for Diane C. Weil, Chapter 7 Trustee

2618081

<u>**MEMORADUM OF POINTS AND AUTHORITIES**</u>

Diane C. Weil, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of debtor Valley Enterprises T.S., Inc. ("Valley Enterprise"), Case No. 1:20-bk-11784-MB hereby moves the Court for an order requiring The Ure Law Firm, ("Debtor's counsel") to disgorge $7,000 in fees paid by the Debtor, and and/or by other parties on behalf of the Debtor, (the "Motion") and held by Debtor's counsel as unapplied funds. The Motion is brought pursuant 11 U.S.C. § 329(a) and (b) and Fed. R. Bankr. P. 2017(a).

The Motion is based on the Notice of the Motion filed concurrently herewith, these moving papers and the accompanying Memorandum of Points and Authorities and Declaration of Diane C. Weil ("Weil Declaration") the pleadings and papers on file in this case, and all testamentary and documentary evidence presented at or prior to the hearing on the Motion.

## I.    **BACKGROUND**

On October 5, 2020, Valley Enterprise filed a voluntary chapter 11 petition, initiating Bankruptcy Case No. 1:20-bk-11784-MB. At the time of filing, Debtor was represented by the law firm of Resnick, Hayes Moradi, LLP ("Resnick Hayes"). Form B2030 filed October 5, 2020 [Doc. No. 1] states that Resnick Hayes received a retainer of $5,000.

On October 21, 2020, Resnick Hayes filed a motion to withdraw as counsel, due to a conflict of interest [Doc. No. 16]. That Motion was granted pursuant to Order entered November 16, 2020 [Doc. No. 35]. Neither the motion to withdraw, nor the order granting it make any reference to the disposition of the retainer received by Resnick Hayes. During the time that Debtor was represented by Resnick Hayes, Debtor had failed to file its schedules and statement of financial affairs. On October 22, 2020, the Office of the United States Trustee filed a Motion to Dismiss or Convert this case [Doc. No. 18]. On November 16, 2020, this Court issued an Order to Show Cause why the case should not be dismissed with a 180 bar to refiling [Doc. No. 34]. Simultaneously, the 341(a) meeting of creditors was continued from November 5, 2020 to November 10, 2020, which was continued for a third time to December 1, 2020.

On December 9, 2020, appearing through Thomas B. Ure, Debtor filed Schedules [Doc. No. 49] and on the same day, Thomas B. Ure filed a Motion to Employ Thomas B. Ure as General

2618081

1  Bankruptcy Counsel effective November 20, 2020 (the "Ure Motion") [Doc. No. 51] pursuant to

2  Bankruptcy Code Section 327(a). The Ure Motion states that Mr. Ure has previously received a

3  retainer of $7,000 and will receive an additional $2,000 from Debtor.

4          By Order entered December 10, 2020 [Doc. No. 54] the case was converted to a Chapter 7

5  case and Diane C. Weil was appointed Chapter 7 Trustee, in which capacity she continues to serve.

6          Mr. Ure's employment as Debtor's General Bankruptcy Counsel was never approved and no

7  order was entered thereon.

8  **II.     ARGUMENT**

9          **A.     The Court Should Order Disgorgement of the Fees Paid to the Ure Firm**

10         Entry of an order approving employment is a condition precedent to any retained

11 professional being paid from property of a bankruptcy estate. *See* 11 U.S.C. § 330. Professionals

12 hired to represent a debtor-in-possession must give notice to creditors and receive approval before

13 being compensated by the estate. Attorneys who provide representation to a debtor in connection

14 with a bankruptcy case must disclose all funds received within 14 days of the petition date (*see*

15 11 U.S.C. § 329(a); FRBP 2016(b)), and if those payments are deemed excessive, must turn over the

16 same to the trustee as property of the estate (*see* 11 U.S.C. §§ 329(b), 542(a); FRBP 2017.)

17         Property of the estate includes property in the possession of a third party at the time the

18 bankruptcy case is commenced. 11 U.S.C. §§ 541, 542. Section 542 creates a duty to turn over

19 property of the estate:

20             (a) [A]n entity…in possession, custody, or control, during the case, of
               property that the trustee may use, sell, or lease under section 363 of this
21             title, or that the debtor may exempt under section 522 of this title, shall
               deliver to the trustee, and account for, such property or the value of such
22             property, unless such property is of inconsequential value or benefit to the
               estate.
23

24 11 U.S.C. § 542(a).

25          The duty to turn over property under 11 U.S.C. § 542(a) is mandatory; noncustodial entities

26 with notice of a bankruptcy case holding estate property have an affirmative duty to deliver that

27 property to the Trustee. *Id.* Demand by the Trustee is not required, but failure to deliver property

28 "after notice of the estate's interest in property held by it, is probably contumacious." *Matter of*

2618081

1    *Larimer*, 27 B.R. 514, 516 (Bankr. D. Idaho 1983); see also *Mwangi v. Wells Fargo Bank N.A. (In*

2    *re Mwangi)*, 432 B.R. 812, 818, 822 (9th Cir. BAP 2010) ("The failure to return property of the

3    estate with knowledge of the bankruptcy is a violation of both the automatic stay and of the

4    turnover requirements of the Bankruptcy Code").

5          Section 330 and 331 govern the award of compensation to professionals employed under

6    § 327. Section 330(a)(1) provides that the court may award compensation to a professional person

7    employed under § 327 only after notice and a hearing. Supplementing these sections is Rule 2016(a),

8    which requires that "[a]n entity seeking interim or final compensation for services, or reimbursement

9    of necessary expenses, from the estate shall file an application" containing certain specified

10    information. There is no question that a professional hired to represent a debtor-in-possession must

11    give notice to creditors and receive approval before being compensated by the estate. Absent

12    compliance with the Bankruptcy Code and Rules, a professional has no right to an award of

13    compensation. *In re Anderson*, 936 F.2d 199 (5th Cir. 1991); *Lavender v. Wood LawFirm*, 785 F.2d

14    247 (8th Cir. 1986). Professionals who fail to do so may be ordered to return all compensation

15    received. *In re Land*, 943 F.2d 1265 (10th Cir. 1991); *Anderson*, 936 F.2d 204.

16          **B.    The Money Held By The Ure Firm Is Property of the Estate.**

17          The retainer of $7,000 held by The Ure Firm (, the "Retainer") constitute property of the

18    Estate that the Trustee could use, sell, or lease under 11 U.S.C. § 363. As such, the Ure Firm has an

19    affirmative duty to turn over the Retainer to the Trustee. *See* 11 U.S.C. § 542(a). Accordingly, the

20    Trustee requests the Court enter an order requiring the Ure Firm to immediately turn over the

21    Retainer in its possession, custody, or control. The Retainer received by the Ure Firm is property of

22    the estate and should be turned over.

23          Further, the Ure Firm failed to obtain court authorization to be employed by Debtor and did

24    not obtain approval for compensation from estate property. Accordingly, the Ure Firm should not

25    have been paid from property of the Estate, and the Retainer should be disgorged.

26    ///

27    ///

28    ///

### III.  **MR. URE HAS ABANDONED DEBTOR**

The original Section 341(a) meeting of creditors took place on January 15, 2021.  Debtor appeared with Mr. Ure and the Trustee requested Debtor produce documents concerning its business operations and the meeting was continued to February 19, 2021.  On February 18, 2021, the Trustee wrote to Mr. Ure and advised him that no documents had been produced.  A true copy of the Trustee's email is attached hereto, marked Exhibit "A".  At the bottom of Exhibit "A" is Mr. Ure's response.  He states:

> "Diane:  Just wanted you to know that I do not represent the debtor in this converted case.  I was retained to represent the Debtor in Chapter 11 only. The case did not get far enough to be employed as general counsel and Mr. Resnik's office had already been relieved as counsel by the Court.  Thanks." [1]

### IV.  **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court grant this Motion and enter an order requiring Mr. Ure to disgorge $7,000 and granting to the Trustee such other and further relief as the Court deems just and proper under the circumstances.

DATED:  April 7, 2021                               BRUTZKUS GUBNER


                                                  By: /s/ David Seror_____
                                                        David Seror
                                                  Attorneys for Diane C. Weil, Chapter 7 Trustee

---

[1]  It is important to note, however, that Mr. Ure cannot just unilaterally decide that he no longer represents Valley Enterprise.  Like any other lawyer in a bankruptcy case, Mr. Ure must make a motion to withdraw as counsel and obtain a court order authorizing him to do so.  The Trustee submits that this unilateral abandonment is nothing more than a strategic effort to achieve a goal that the Debtor could not otherwise achieve – the dismissal of the bankruptcy case – because a corporate debtor cannot appear without counsel.

6

2618081

## <u>DECLARATION OF DIANE C. WEIL</u>

I, Diane C. Weil, declare:

1.    I am the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Valley Enterprise T.S., Inc., Case No. 1:20-bk-11784-MB.  Unless otherwise stated, the facts contained herein are based upon my personal knowledge or upon documents and information, I review in the normal course of my duties as Trustee, and if called as a witness, I could and would competently testify thereto under oath.

2.    I make this declaration in support of the "Chapter 7 Trustee's Motion For Order Requiring Disgorgement of Attorney's Fees" (the "Motion").  Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

3.    On October 5, 2020, Valley Enterprise filed a voluntary chapter 11 petition, initiating Bankruptcy Case No. 1:20-bk-11784-MB.  At the time of filing, Debtor was represented by the law firm of Resnick, Hayes Moradi, LLP ("Resnick Hayes").  Form B2030 filed October 5, 2020 [Doc. No. 1] states that Resnick Hayes received a retainer of $5,000.

4.    On October 21, 2020 Resnick Hayes filed a motion to withdraw as counsel, due to a conflict of interest [Doc. No. 16].  That Motion was granted pursuant to Order entered on November 16, 2020 [Doc. No. 35].  Neither the motion to withdraw, nor the order granting it make any reference to the disposition of the retainer received by Resnick Hayes.   During the time that Debtor was represented by Resnick Hayes, Debtor had failed to file its schedules and statement of financial affairs.  On October 22, 2020, the Office of the United States Trustee filed a Motion to Dismiss or Convert this case [Doc. No. 18].  On November 16, 2020, this Court issued an Order to Show Cause why the case should not be dismissed with a 180 bar to refiling [Doc. No. 34].  Simultaneously, the 341(a) meeting of creditors was continued from November 5, 2020 to November 10, 2020, which was continued for a third time to December 1, 2020.

5.    On December 9, 2020, appearing through Thomas B. Ure, Debtor filed Schedules [Doc. No. 49] and on the same day, Thomas B. Ure filed a Motion to Employ Thomas B. Ure as General Bankruptcy Counsel effective November 20, 2020 (the "Ure Motion") [Doc. No. 51]

2618081

1  pursuant to Bankruptcy Code Section 327(a).  The Ure Motion states that Mr. Ure has previously

2  received a retainer of $7,000 and will receive an additional $2,000 from Debtor.

3      6.      By Order entered December 10, 2020 [Doc. No. 54] the case was converted to a

4  Chapter 7 case and I was appointed Chapter 7 Trustee, in which capacity I continue to serve.

5      7.      Mr. Ure's employment as Debtor's General Bankruptcy Counsel was never approved

6  and no order was entered thereon.

7      8.      The original Section 341(a) meeting of creditors took place on January 15, 2021.

8  Debtor appeared with Mr. Ure and I requested Debtor produce documents concerning its business

9  operations and the meeting was continued to February 19, 2021.  On February 18, 2021, I wrote to

10  Mr. Ure and advised him that no documents had been produced.  A true and correct copy of my

11  email and his response is attached hereto, marked Exhibit "A".

12      I declare under penalty of perjury under the laws of the United States of America that the

13  foregoing is true and correct.

14      Executed this _7th_ day of April, 2021, at Woodland Hills, California.

15

16

17      _Diane C. Weil_

18  Diane C. Weil

19

20

21

22

23

24

25

26

27

28

8

2611208_2.

**David Seror**

| | |
|---|---|
| **From:** | Diane Weil <dcweil@dcweillaw.com> |
| **Sent:** | Thursday, February 18, 2021 4:50 PM |
| **To:** | Thomas Ure |
| **Cc:** | David Seror |
| **Subject:** | RE: In re Valley Enterprises T.S. Inc - Insurance |

CAUTION: This email originated from an external source.

Tom-
You know better than that.  You filed an employment application, you received a retainer, you are counsel of record.  You cannot just say you don't represent the debtor anymore.  You will have to make a motion to withdraw (LBR 2091-1(a)(1)) , and, quite candidly, I doubt that Judge Barash will grant it unless new counsel is there to substitute in because a corporation cannot appear without an attorney (LBR 9011-2(a)).  You also cannot keep the retainer until your fees in the chapter 11 case are approved by the Court pursuant to a fee application.
Frankly, since it has been over 2 months since the case was converted, you have responded to emails and appeared at the initial 341(a) meeting, all without any mention of this issue, I suspect this is nothing more than a ploy to get the case dismissed.  That is not going to happen.  Please advise Mr. Pasco that it would be much easier to achieve whatever his goal was in filing the chapter 11 case by cooperating with me than by trying to outsmart me.

Please note that I am working primarily from home, so both response time and technological ability may vary.

*Diane C. Weil*
818.651.6400
dcweil@dcweillaw.com

My Trustee Administrator is Alysha Lopez.  Her email address is alopez@dcweillaw.com

**From:** Thomas Ure <tom@urelawfirm.com>
**Sent:** Thursday, February 18, 2021 3:52 PM
**To:** Diane Weil <dcweil@dcweillaw.com>
**Subject:** Re: In re Valley Enterprises T.S. Inc - Insurance

Diane:

Just wanted to let you know that I do not represent the debtor in this converted case.  I was retained to represent the debtor in Chapter 11 only.  The case did not get far enough to be employed as general counsel and Mr. Resnik's office had already been relieved as counsel by the Court.

Thanks.

**EXHIBIT A**                                                    **9**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled**: NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING DISGORGEMENT OF FUNDS PURSUANT TO 11 U.S.C. § 329 AND FRBP 2016 AND 2017 AND TURNOVER OF ESTATE PROPERTY UNDER § 542; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DIANE C. WEIL, CHAPTER 7 TRUSTEE, IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **April 8, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Julian K Bach**    Julian@Jbachlaw.com, julianbach@sbcglobal.net
- **Tanya Behnam**    tbehnam@polsinelli.com, tanyabehnam@gmail.com;ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Kelli M Brown**    kbrown@mclaw.org, CACD_ECF@mclaw.org
- **Katherine Bunker**    kate.bunker@usdoj.gov
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Russell Clementson**    russell.clementson@usdoj.gov
- **Erica T Loftis Pacheco**    bknotifications@ghidottiberger.com
- **Matthew D. Resnik**    matt@rhmfirm.com,
  roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;
  russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **David Seror**    dseror@bg.law, ecf@bg.law
- **Tamar Terzian**    tterzian@bg.law, ecf@bg.law
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Thomas B Ure**    tbuesq@aol.com, urelawfirm@jubileebk.net;tom@ecf.courtdrive.com
- **Diane C Weil (TR)**    dcweil@dcweillaw.com,
  DCWTrustee@dcweillaw.com,dweil@iq7technology.com,alopez@dcweillaw.com;ecf.alert+Weil@titlexi.com
- **Reilly D Wilkinson**    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com
- **Robert M Yaspan**    court@yaspanlaw.com, tmenachian@yaspanlaw.com

☐    Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:  On **April 8, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**\*\*JUDGE'S COPY OF DOCUMENT UNDER 25 PAGES IS TEMPORARILY SUSPENDED (GENERAL ORDER 20-12).**

Honorable Martin R. Barash
United States Bankruptcy Court
San Fernando Valley Division
21041 Burbank Blvd., Suite 342
Woodland Hills, CA  91367

Debtor
Valley Enterprises T.S. Inc.
13962 Saticoy Street
Van Nuys, CA 91402-6522

☒    Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 8, 2021 | MELA ZEPEDA | /s/ Mela Zepeda |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                       **F 9013-3.1.PROOF.SERVICE**

### SERVED BY UNITED STATES MAIL

### Creditors

BSI Financial Services
P.O. Box 517
Titusville, PA 16354-0517

BSI Financial Services
PO Box 1943
Richmond, IN 47375-1943

California Dept of Tax and Fee Admi
Special Ops, MIC 29
PO Box 942879
Sacramento, CA 94279-0005

Carrington Mortgage Services
P.O. Box 79001
Phoenix, AZ 85062-9001

Chase Auto
PO Box 90187
Fort Worth, TX 76101-2087

Chrysler Financial
27777 Inkster Road
Farmington Hills MI 48334-5326

Chysler Capital
P.O. Box 961275
Fort Worth, TX 76161-0275

East West Bank
Loan Servicing Department
9300 Flair Drive, 6th Floor
El Monte, CA 91731-2851

East West Bank
P.O. Box 60021
City of Industry, CA 91716-0021

Employment Development Dept.
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
PO Box 2952
Sacramento, CA 95812-2952

Golf View Lane Limited Partnership
3835 E. Thousand Oaks Blvd #R-360
Thousand Oaks, CA 91362-3637

Golf View Lane Limited Partnership
c/o Law Offices of Robert M. Yaspan
21700 Oxnard Street, Suite 1750
Woodland Hills, CA 91367-7593
**(VIA NEF)**

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
2141 5th Ave
San Diego, CA 92101-2101

JPMorgan Chase Bank, N.A.
National Bankruptcy Department
P.O. Box 29505 AZ1-5757
Phoenix, AZ 85038-9505

LC Equity Group Inc
5737 Kanan Road #559
Agoura Hills, CA 91301-1601

LKJ LLC
11111 Santa Monica Blvd
Los Angeles, CA 90025-3333

Los Angeles County Treasurer
and Tax Colle
Attn Bankruptcy Unit
Po Box 54110
Los Angeles CA 90054-0110

Office of Finance
City of Los Angeles
200 N Spring Street, Room 101 City Hall
Los Angeles CA 90012-3224

SRA Associates
112 W. Park Drive, Suite 200
Mount Laurel, NJ 08054-1261

Santander Consumer USA Inc. d/b/a/
Chrysler
P.O. Box 961275
Fort Worth, TX 76161-0275

The Carrington Company
PO Box 1328
Eureka, CA 95502-1328

The Carrington Company
Ghidotti Berger
1920 Old Tustin Avenue
Santa Ana, CA 92705-7811
**(VIA NEF)**

Toorak Capital Partners, LLC
15 Maple St
Summit, NJ 07901-5008

Toorak Capital Partners, LLC
c/o Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067-3221
**(VIA NEF)**

Toyota Motor Credit Corporation
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Val-Chris Investments, Inc.
2601 Main Street Suite 400
Irvine, CA 92614-4213

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**