1  DAVID SEROR – Bar No. 67488
   TAMAR TERZIAN – Bar No. 254148
2  BRUTZKUS GUBNER
   21650 Oxnard Street, Suite 500
3  Woodland Hills, CA 91367
   Telephone:  (818) 827-9000
4  Facsimile:   (818) 827-9099
   Email:        dseror@bg.law
5                    tterzian@bg.law

6  Attorneys for Diane C. Weil,
   Chapter 7 Trustee for Valley Enterprises, T.S. Inc.

7

8                    **UNITED STATES BANKRUPTCY COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| 10  In re | Case No. 1:20-bk-11784 MB |
| 11  VALLEY ENTERPRISES T.S., INC., | Chapter 7 |
| 12              Debtor. | **NOTICE OF MOTION AND MOTION FOR:** |
| 13 | **(1) ISSUANCE OF AN ORDER TO SHOW CAUSE RE CONTEMPT OF COURT AND FOR ORDER HOLDING JOSE PASCO, PERSON MOST KNOWLEDGEABLE OF DEBTOR'S FINANCIAL AFFAIRS, IN CONTEMPT OF THIS COURT FOR FAILURE TO TURNOVER DOCUMENTS;** |
| 16 | **(2)  FOR SUCH FURTHER ORDERS FOR RELIEF AS THE COURT MAY DEEM NECESSARY TO ENFORCE ITS ORDERS AGAINST JOSE PASCO, PERSON MOST KNOWLEDGEABLE OF DEBTOR'S FINANCIAL AFFAIRS;** |
| 20 | **MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID SEROR IN SUPPORT THEREOF** |
| 21 | [11 U.S.C. §105(a), Federal Rules of Bankruptcy Procedure 9016 and 9020 and Local Bankruptcy Rule 9020-1] |
| 24 | Hearing: |
| 25 | DATE:   [To Be Set] |
| 26 | TIME:    [To Be Set] |
| | PLACE: VIA ZOOM.GOV |

2723317

**TO THE HONORABLE MARTIN BARASH, UNITED STATES BANKRUPTCY JUDGE, TO JOSE PASCO, AND TO DEBTOR VALLEY ENTERPRISES, T.S., INC., AND ITS COUNSEL OF RECORD, THE OFFICE OF UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** Diane C. Weil, the duly appointed Chapter 7 Trustee ("Trustee") for the Bankruptcy estate ("Estate") of Valley Enterprises T.S. Inc., ("Debtor") hereby moves the Court (the "Motion"),  pursuant to 11 U.S.C. §105(a), Federal Rules of Bankruptcy Procedure 9016 and 9020 and Local Bankruptcy Rule 9020-1, for issuance of the following:

1.  An Order to Show Cause ("OSC") Re Contempt regarding why Jose Pasco, individually and as the person most knowledgeable of Debtor's financial affairs, should not be held in civil contempt for willfully, intentionally and knowingly violating the Court's Orders for the production and turnover of Debtor's financial documents (the "Court's Orders").

2.  Such further orders as the Court may deem necessary to enforce its Orders and in aid of the contempt finding.

The Motion and accompanying supporting documents are served and filed herewith.  Said Motion is based upon the grounds set forth in the attached Motion and Declaration of David Seror.

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9020-1, Jose Pasco has seven (7) days to object to the issuance of the Proposed Order to Show Cause re Civil Contempt lodged separately and served concurrently herewith.  In the event that Jose Pasco does not object to the issuance of the OSC, the Court may issue the OSC and schedule a hearing thereon. Upon issuance of the OSC, the Trustee will serve Jose Pasco with the OSC setting the date and time of the hearing thereon, as well as the time to file and serve a responsive pleading and for the Trustee to file and serve a reply thereto.

The Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, and Declaration of  David Seror ("Seror Decl.") attached hereto, the [Proposed] Order to

2723317

Show Cause re Civil Contempt lodged separately and served concurrently herewith, the record in this case including the pleadings and documents filed on behalf of the parties, the arguments and representations of counsel and any oral or documentary evidence presented at the time of the hearing of this Motion or which this Court may take judicial notice.

**WHEREFORE**, the Trustee requests that the Court grant the Motion, and:

(1) Issue the proposed OSC and schedule a hearing as soon as this Court's calendar will accommodate;

(2) Hold Jose Pasco, individually and as the person most knowledgeable of Debtor's financial affairs, in civil contempt for willfully violating the Court's Orders;

(3) Order Jose Pasco, individually and as the person most knowledgeable of Debtor, to compensate the Estate for its attorney's fees damages incurred as a result of Pasco's violation of the Orders, including its attorney's fees and costs expended in conjunction with this Notice of Motion and Motion, as well as all other expenditures of legal fees and costs the Trustee was required to take to enforce the Court's Orders;

(4)  Issue such further Orders as the Court may deem necessary to enforce its Orders and in aid of the contempt finding; and,

(5) Grant such other relief as the Court deems just and proper.


DATED:  November 10, 2021                    BRUTZKUS GUBNER


                                             By: /s/ David Seror
                                                   David Seror
                                             Tamar Terzian
                                             Attorneys for Diane C. Weil, Chapter 7 Trustee

2723317

# **MOTION**

Diane C. Weil, Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Valley Enterprises, T.S. Inc. ("Debtor"), hereby moves the Court,  pursuant to 11 U.S.C. §105(a), Federal Rule of Bankruptcy Procedure 9020 and Local Bankruptcy Rule 9020-1, for an Order to Show Cause ("OSC") why Jose Pasco, individually and as the person most knowledgeable ("PMK") of Debtor's financial affairs should not be held in civil contempt ("Motion") for intentionally and knowingly violating the Court's Order requiring the PMK of Debtor to produce documents in its possession and for attendance at an examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "2004 Order") [Doc. 89].  As set forth herein, Jose Pasco has appeared on behalf of the Debtor and is the PMK of Debtor's financial affairs.  As stated in Debtor's petition [Doc. 1, pp. 5, 7, 10, 12], Mr. Pasco is in complete control of Debtor as he is the president as well as its only officer and director and 100% shareholder.  There is no other person or entity from which the Trustee could obtain compliance with the 2004 Order.

Mr. Pasco has refused to abide by this Court's orders and the Trustee's demands, and has deprived the Trustee of information critical to the Trustee's administration of this estate.  Initially, Mr. Pasco purposefully withheld, among other documents requested, (a) an accounting of rents received post-petition pertaining to the various real property assets, (b) any rental/lease agreements, (c) proof of insurance as to the various real property assets and (d) tax returns for tax years 2017, 2018, 2019 from the Trustee, despite having actual knowledge that this information is critical to the Trustee's investigation and administration of the Debtor's real property assets.  Through counsel, Mr. Pasco turned over some documents, however they appear to be incomplete.  As identified below there are certain documents that Mr. Pasco has refused to turnover, and as such, delayed any future testimony.

• All of Debtor's business records, licenses, permits, bank accounts, banks statements for 2019 and 2020, including but not limited to cancelled checks for 2019 and 2020.  Mr. Pasco turned over partial bank statements for 2020 from East West Bank, but did not turn over any other bank statements.  Pursuant to the 2004 Order, Mr. Pasco is required to turn over ALL bank statements for all bank accounts.

2723317

1    •      Any and all documents relating to monies received by Debtor in the calendar years
2  2019 and 2020 with respect to all parcels of real property owned, managed or controlled by Debtor.

3    •      All permits and documents related to the costs of construction for the Figueroa
4  Property.

5    •      All escrow documents related to purchase of the Moonbeam Property.

6    •      Any and all current mortgage statements for all properties, including but not limited
7  to any Notice of Defaults.

8    •      Any and all documents that refer, relate or describe rents received from tenants for
9  the calendar years 2019 and 2020, including but not limited to partial payments due to COVID-19.

10    •      Any and all documents that refer or reflect rent payments paid to Debtor on or after
11  October 5, 2020 related to all properties owned, managed or controlled by Debtor.

12    •      Any and all documents related to the purchase of all Debtor's properties identified in
13  Schedule "A" of Debtor's petition.

14    •      Any and all documents that refer or relate to the formation or incorporation of Debtor,
15  including but not limited to all deeds relating to properties owned, managed or controlled by Debtor.

16    •      Status of filing tax returns for 2019 and 2020.

17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23
24
25
26
27
28

4

2723317

1    The Trustee requests that the Court (1) Issue the proposed OSC and schedule a hearing as

2  soon as this Court's calendar will accommodate; (2) Hold Jose Pasco, individually and as PMK of

3  Debtor's financial affairs, in civil contempt for willfully violating the Court's Orders; (3) Order Jose

4  Pasco, individually and as PMK of Debtor, to compensate the Estate for its attorney's fees damages

5  incurred as a result of Mr. Pasco's violation of the Orders, including its attorney's fees and costs

6  expended in conjunction with this Notice of Motion and Motion, as well as all other expenditures of

7  legal fees and costs the Trustee was required to take to enforce the Court's Orders; (4)  Issue such

8  further Orders as the Court may deem necessary to enforce its Orders and in aid of the contempt

9  finding; and (5) grant such other relief as the Court deems just and proper.

10

11  DATED:  November 10, 2021                    BRUTZKUS GUBNER

12

13                                                            By: /s/ David Seror
                                                                    David Seror
14                                                                  Tamar Terzian
                                                            Attorneys for Diane C. Weil, Chapter 7 Trustee
15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

2723317

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    SUMMARY OF FACTS**

**A.    Mr. Pasco's Willful Violation of the Court's Order**

On April 16, 2021, this Court entered an order requiring the examination of the person most knowledgeable ("PMK") of Debtor's financial affairs pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "2004 Order") [Doc. 89].  The 2004 Order required production of the following documents by April 28, 2021, and an examination of Debtor's PMK to take place on May 6, 2021:[1]

- All of Debtor's business records, licenses, permits, bank accounts, banks statements for 2019 and 2020, including but not limited to cancelled checks for 2019 and 2020.

- Any and all documents relating to monies received by Debtor in the calendar years 2019 and 2020 with respect to all parcels of real property owned, managed or controlled by Debtor.

- All permits and documents related to the costs of construction for the Figueroa property.

- All escrow documents related to purchase of the Moonbeam property.

- Any and all current mortgage statements for all properties, including but not limited to any notice of defaults.

- Any and all documents that refer, relate or describe rents received from tenants for the calendar years 2019 and 2020, including but not limited to partial payments due to COVID-19.

- Any and all documents that refer or reflect rent payments paid to Debtor on or after October 5, 2020 related to all properties owned, managed or controlled by Debtor.

- Any and all documents related to the purchase of all Debtor's properties identified in schedule "A" of Debtor's petition.

---

[1] The document request was made by the Trustee during the 341(a) meeting of creditors.  Once the case was converted, the Trustee conducted a 341(a) meeting of creditors on January 15, 2021.  Jose Pasco appeared on behalf of Debtor and the Trustee requested Mr. Pasco, on behalf of Debtor, produce documents concerning Debtor's business operations and the meeting was continued to February 19, 2021.  On February 18, 2021, the Trustee wrote to Debtor's counsel stating that no documents had been produced.

- Any and all documents that refer or relate to the formation or incorporation of Debtor, including but not limited to all deeds relating to properties owned, managed or controlled by Debtor.

**Exhibit 1**, Doc. No. 89, Order Granting 2004 examination.

These documents have been requested for several months since January 2021. The Debtor has failed to comply, having produced nothing to the Trustee and having failed to produce its PMK, Jose Pasco, for the Court ordered examination. Mr. Pasco has appeared on behalf of the Debtor at the section 341(a) meeting of creditors, and as stated in Debtor's petition [Doc. 1, pp. 5, 7, 10, 12], Mr. Pasco is in complete control of Debtor as he is the president as well as its only officer and director and 100% shareholder. There is no other entity from which the Trustee could obtain the documents requested.

On June 29, 2021, the Trustee filed a motion pursuant to Rule 2005 of the Federal Rules of Bankruptcy Procedure seeking an order (1) directing the U.S. Marshal to compel the attendance of Mr. Pasco as PMK of the Debtor for an examination on or before August 25, 2021 at 10:00 a.m.; and (2) requiring the Debtor to produce by August 18, 2021, the following documents: (a) an accounting of rents received post-petition pertaining to the various real property assets, (b) any rental/lease agreements, (c) proof of insurance as to the various real property assets and (d) tax returns for tax years 2017, 2018, and 2019 (the "2005 Motion"). *See* Docket No. 148. At the initial hearing on the 2005 Motion, the Court directed that Mr. Pasco, as PMK of Debtor, appear on August 25 for his examination and, to assure compliance, set a continued hearing date for the 2005 Motion. The 2005 Motion is currently set to be heard on November 10, 2021 at 11:00 a.m.

On August 25, 2021, Mr. Pasco appeared for examination and stated he could not proceed because he was physically ill. The examination lasted minutes and was continued to September 9, 2021. On September 9, 2021, Mr. Pasco appeared for examination and stated he had to leave by 2:30 p.m. Counsel for Trustee conducted the examination and reserved the right to continue the examination until *ALL* outstanding documents are produced. While Mr. Pasco partially complied after the hearing on the 2005 Motion in that he appeared at the 2004 examination, after nine months of requesting the financials of the Debtor, Mr. Pasco has willfully failed to turnover such documents.

1    On October 6, 2021, Trustee's counsel sent to counsel for Debtor, an email requesting the

2    status of turnover of remaining documents, noting that Mr. Pasco as the PMK of the Debtor has

3    violated the 2004 Order, and requesting that Mr. Pasco comply with the 2004 Order.  A true and

4    correct copy of this October 6, 2021 email is attached hereto as **Exhibit 2** and incorporated herein by

5    this reference.  In connection with the 2005 Motion, this Court has pointed out specifically how Mr.

6    Pasco violated the 2004 Order and requested that Mr. Pasco take action to comply with the 2004

7    Order.

8    On Monday, October 25, 2021, counsel for Debtor sent an email to Trustee's counsel stating

9    that no response has been received from his client or documents.  A true and correct copy of that

10   email exchange is attached to the Seror Declaration as **Exhibit 3**.

11   On October 27, 2021, counsel for Debtor provided some of Debtor's bank statements, which

12   evidence that Mr. Pasco has engaged in the use of Debtor's bank accounts for his own personal use.

13   A true and correct copy of that email exchange is attached to the Seror Declaration as **Exhibit 4**.

14   Through discovery in the Golf View Adversary Proceeding, Trustee already had copies of these

15   bank statements and had used them during Mr. Pasco's examination.

16   As of the filing of this Motion, the promised response from Mr. Pasco has not been received

17   nor has Debtor's counsel contacted the Trustee's counsel to "meet and confer" regarding Mr.

18   Pasco's failure to comply with the 2004 Order.

19   **II.    ARGUMENT**

20   **A.    The Court Has the Authority to Issue an Order to Show Cause and to Schedule
         the Contempt Hearing**

21

22   The procedural mechanism for finding a party in civil contempt and awarding compensatory

23   damages is a noticed motion under Federal Rule of Bankruptcy Procedure 9014. *See* Fed. R. Bankr.

24   P. 9020; *Knupfer v. Lindblade* (*In re Dyer*), 322 F.3d 1178, 1193 (9th Cir. 2003)  (stating that

25   "contempt motions are governed by Fed. R. Bankr. P. 9014").  Specifically, in this District, Local

26   Bankruptcy Rule ("LBR") 9020-1 provides that this Court may issue an order requiring a party to

27   show cause why he or she should not be held in civil contempt.  The Court may issue such an order

28   with or without a prior hearing and schedule a separate contempt hearing.  *See* LBR 9020-1.

2723317

Local Bankruptcy Rule 9020-1 provides in pertinent parts as follows:

> (a) General.  Unless otherwise ordered by the court, contempt proceedings are initiated by filing a motion that conforms with LBR 9013-1 and a proposed order to show cause.  Cause must be shown by filing a written explanation why the party should not be held in contempt and by appearing at the hearing.

*See* LBR 9020-1.

As set forth in this Motion, good cause exists for setting the contempt hearing because Mr. Pasco, as PMK of Debtor, has willfully violated the 2004 Order.  No reasonable explanation exists for Mr. Pasco's failure to comply with the 2004 Order.  The 2004 Order specifically provides a mechanism for turnover of Debtor's financial documents and accounting of rents collected post-petition while in Chapter 11.  None of these documents have been submitted with the exception of a few lease agreements and declarations of insurance policies which were expired.

**B.    Debtor and Mr. Pasco Willfully Violated the Order**

The Court, in its 2004 Order, and during several hearings, has requested Mr. Pasco, as PMK of Debtor, to comply with the 2004 Order.  Mr. Pasco has chosen not to follow those instructions. Mr. Pasco was ordered to appear at the 2004 examination, and while he did appear, the Trustee could only ask limited questions based on the very few documents produced.

Trustee's counsel has further reminded Mr. Pasco of his obligation as PMK of Debtor and lack of compliance with the 2004 Order.  Nevertheless, Mr. Pasco still inexplicably remains in willful violation of the 2004 Order.

**C.    The Court Should Hold Mr. Pasco In Civil Contempt For Violation of the Order**

Bankruptcy courts have civil contempt power under 11 U.S.C. § 105.  *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188-1189 (9th Cir. 2011).  Damages are a recognized sanction for contempt.  *See, e.g., Costa v. Welch (In re Costa),* 172 B.R. 954, 963 (Bankr. E.D. Cal. 1994) (§ 524 case).  The purpose of sanctions for civil contempt is to compensate the opposing party for the injuries which arise from the contempt.  *Computer Communications, Inc. v. Codex Corp. (In re Computer Communications, Inc.),* 824 F.2d 725, 731 (9th Cir.1987); *Crystal Palace Gambling Hall, Inc. v. Mark Twain Indus., Inc. (In re Crystal Palace Gambling Hall, Inc.),* 817 F.2d 1361, 1366 (9th Cir.1987); *In re Costa,* 172 B.R. at 963.  Such an award is limited to the actual loss sustained.

2723317

*Crystal Palace,* 817 F.2d at 1366.  Actual damages are broadly construed to embrace consequential damages and include **attorneys' fees** incurred in the civil contempt proceeding.  *Superior Propane v. Zartun (In re Zartun),* 30 B.R. 543, 546 (9th Cir. BAP 1983).  Mr. Pasco should be held in contempt in his individual capacity as well as the PMK of Debtor.  *In re Kenny G. Enterprises, LLC*, 692 F. App'x 950 (9th Cir. 2017)

Mr. Pasco's blatant violations of the 2004 Order entitles the Trustee to damages in the form of compensation for her legal fees in conjunction with bringing this Motion.  The Trustee will submit a supplemental declaration detailing the total damages prior to the hearing on the Motion.

Based on the above, the Trustee requests this Court issue an order granting this Motion and:

(1) Issue the proposed OSC and schedule a hearing as soon as this Court's calendar will accommodate;

(2) Hold Jose Pasco, individually and as PMK of Debtor, in civil contempt for willfully violating the Court's Orders;

(3) Order Jose Pasco, individually and as PMK of Debtor, to compensate the Estate for its attorney's fees damages incurred as a result of Mr. Pasco's violation of the Order, including its attorney's fees and costs expended in conjunction with this Notice of Motion and Motion, as well as all other expenditures of legal fees and costs the Trustee was required to take to enforce the Court's Order;

(4)  Issue such further Orders as the Court may deem necessary to enforce its Orders and in aid of the contempt finding; and

(5) Grant such other relief as the Court deems just and proper.


DATED:  November 10, 2021                    BRUTZKUS GUBNER LLP


                                             By:   /s/ David Seror
                                                 David Seror
                                                 Tamar Terzian
                                                 Attorneys for Diane C. Weil, Chapter 7 Trustee

## DECLARATION OF DAVID SEROR

I, David Seror declare:

1.     I am an attorney at law duly licensed to practice before all courts of the State of California and this Court and am counsel for Diane C. Weil, the Chapter 7 Trustee.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2.     I make this declaration in support of the Motion.  All initial capitalized terms used but not defined herein have the same meaning ascribed to them in the Motion.

3.     On August 25, 2021, Mr. Pasco appeared for the 2004 examination and stated he could not proceed because he was physically ill.  The examination lasted minutes and was continued to September 9, 2021.

4.     On September 9, 2021, Mr. Pasco appeared for the continued 2004 examination and stated he had to leave by 2:30.  I conducted the examination and reserved the right to continue the examination until *ALL* outstanding documents are produced.

5.     On October 6, 2021, my office on behalf of the Chapter 7 Trustee sent to counsel for Debtor, an email requesting the status of turnover of remaining documents noting that Jose Pasco as the person most knowledgeable of the Debtor's financial affairs has violated the 2004 Order and requesting that Mr. Pasco comply with the 2004 Order.  A true and correct copy of this October 6, 2021 email is attached hereto as **Exhibit 2** and incorporated herein by this reference.  In connection with the 2005 Motion, this Court has pointed out specifically how Mr. Pasco violated the 2004 Order and requested that Mr. Pasco take action to comply with the 2004 Order.

6.     After the status hearing and continued 2005 Motion, I emailed counsel for Debtor requesting the status of production.  The response from counsel for Debtor was that they have made the request and no response was received from their client or Mr. Pasco.  A true and correct copy of that email exchange is attached hereto as **Exhibit 3**.

7.     On October 27, 2021, I received some bank statements from counsel for Debtor in response to the several requests made, but this was not a complete production of the documents requested.  Based on the lack of compliance to the Court's 2004 Order, I did not have new

2723317

1  information to conduct a further examination of Mr. Pasco. Attached hereto as **Exhibit 4** is a true

2  and correct copy of the email to counsel for Debtor.

3          8.      As of the execution of this declaration, I have not received the additional documents

4  requested.

5          I declare under penalty of perjury under the laws of the United States of America that the

6  foregoing is true and correct.

7          Executed this _10th_ day of November, 2021, at Woodland Hills, California.

8

9

10                                                 David Seror

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

2723317 (002)

1  DAVID SEROR – Bar No. 67488
   TAMAR TERZIAN – Bar No. 254148
2  BRUTZKUS GUBNER
   21650 Oxnard Street, Suite 500
3  Woodland Hills, CA 91367
   Telephone: (818) 827-9000
4  Facsimile: (818) 827-9099
   Email:    dseror@bg.law
5            tterzian@bg.law

6  Attorneys for Diane C. Weil,
   Chapter 7 Trustee
7

FILED & ENTERED

APR 16 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gasparia  DEPUTY CLERK

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **SAN FERNANDO VALLEY DIVISION**

11 In re                                Case No. 1:20-bk-11784-MB

12 VALLEY ENTERPRISES TS, INC.,         Chapter 7

13             Debtor.                  **ORDER GRANTING TRUSTEE'S MOTION
                                        FOR EXAMINATION OF PERSON MOST
14                                      KNOWLEDGEABLE OF DEBTOR'S
                                        FINANCIAL AFFAIRS PURSUANT TO
15                                      FED. R. BANKR. P. 2004**

16
                                        [No Hearing Required]
17

18                                      **Date of Examination:**
                                        **Date:** May 6, 2021
19                                      **Time:** 10:00 a.m.
                                        **Place:** Via Zoom
20

21

22

23

24        The Court, having reviewed and considered the *Notice of Chapter 7 Trustee's Motion and

25 Motion for Examination of Person Most Knowledgeable of Debtor's Financial Affairs Pursuant to

26 the Fed. R. Bankr. P. 2004* [Doc. #87] (the "Motion"), filed on behalf of Diane C. Weil, the duly

27 appointed and acting chapter 7 trustee (the "Trustee") of this estate, and finding good appearing for

28 the requested examination,

2655013                              **EXHIBIT 1**          **13**

1    IT IS HEREBY ORDERED that the Motion is granted.

2    IT IS HEREBY FURTHER ORDERED that the Debtor shall produce the documents and

3  things identified in **Exhibit A** attached hereto at the offices of Brutzkus Gubner, 21650 Oxnard

4  Street, Suite 500, Woodland Hills, California 91367, no later than **April 28, 2021**, and given the

5  current COVID-19 pandemic may produce such documents electronically via email to

6  dseror@bg.law;

7    IT IS FURTHER ORDERED that the Person Most Knowledgeable of Debtor's Affairs shall

8  appear for oral examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure via

9  Zoom, on **May 6, 2021 at 10:00 a.m. Pacific Daylight Savings Time**, with Zoom login and other

10  details to be provided to the Debtor by the Trustee prior to the examination.

11    IT IS SO ORDERED.

12                                          # # #

13

14

15

16

17

18

19

20

21

22

23

24    Date: April 16, 2021

Martin R Barash
United States Bankruptcy Judge

25

26

27

28

2

**14**

## EXHIBIT "A"

## DOCUMENTS TO BE PRODUCED PRIOR TO 2004 EXAMINATION

**A.**  **Definitions**

As used in these Requests, the following terms shall be defined as follows:

1.    "YOU," "YOUR," "RESPONDENT" or "Valley Enterprise" shall mean and refer collectively and individually to Jose Pasco, and its agents and all other persons acting or purporting to act on its behalf.

2.    "BANKRUPTCY CASE" shall mean the Chapter 11 bankruptcy proceeding initiated by the DEBTOR on or about October 5, 2020, United States Bankruptcy Case No. 1:20-bk-11784 MB.

3.    "DEBTOR" refers to Valley Enterprise, INC., the Debtor in Case No. 1:20-bk-11784 MB, a chapter 7 case currently pending in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division.

4.    "Mr. Pasco" shall mean Mr. Jose Pasco principal of the Debtor, Valley Enterprise TS, Inc.

5.    "DOCUMENT" or "DOCUMENTS" mean and refer to any written, recorded (electronically or otherwise), printed, or graphic matter, however produced or reproduced, whether existing in paper format, as electronically stored information, or otherwise, of any kind or description, including originals, copies, non-identical copies, and drafts and both sides thereof.

DOCUMENTS include but are not limited to sound recordings, electronic memoranda, and files with meta data intact (including e-mail or similar electronic messages or memos and word processing, database, and spreadsheet files), photographs, and all other tangible things in which words, figures, notations, or sounds are recorded in writing or by any other means, however denominated, and any such material underlying, supporting, or used in the preparation thereof.

6.    "COMMUNICATION" means any transmission, relation, or delivery of things, facts, thoughts or ideas by any means, method, or medium on or by which intelligence or information can be delivered, transported, recorded, maintained or retrieved, including telephonic face to face

3

**EXHIBIT A**

conversation, without limitation, any handwritten, typed, printed, graphic, electric, magnetic, or illustrative material of any kind or description, including drafts and final versions, originals and reproductions, signed and unsigned versions, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, prepared by or for, or in the possession, custody or control of the party to whom this discovery is propounded or any other PERSON acting or purporting to act on behalf of such party.

7.      "ELECTRONICALLY STORED INFORMATION" shall include, without limitation, the following:

       a.      Information that is generated, received, processed, and recorded by computers and other electronic devices;

       b.      Internal or external web sites;

       c.      Output resulting from the use of any software program, whether said electronic data exists in an active file, specifying all files that are accessible and stored in a readily usable format (e.g., active, online data; near-line data; offline storage; and archives) and that do not need to be restored or otherwise manipulated to be useable;

       d.      Activity listings of e-mail receipts and transmittals; and

       e.      All items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal (e.g., a personal digital assistant such as a Palm Pilot or Blackberry), and file folder tabs or containers and labels appended or relating to any physical storage device associated with each original or copy of all Documents requested herein.

8.      "ENTITY" means and refers to any person, estate, trust, and governmental unit.

9.      "IDENTIFY" shall mean:

       a.      When used in reference to a DOCUMENT, to state the type of DOCUMENT (e.g., letter, memorandum, telegram, chart, etc.), its author and originator, its date or dates, all addressees and recipients, and its present location or custodian;

       b.      When used in reference to a natural person, to state the person's full name, current residence and business addresses, current residence and business telephone numbers and, if

4

**16**

9

2622195

applicable, his or her title, employment, and job description. If current addresses are unknown,

provide the last known business and residence address; and

        c.        When used in reference to an entity, to state the name, address, and telephone

number of the entity.

        10.        "MOONBEAM" is the real properties located at 8901 Moonbeam Ave., Panorama

City, CA.

        11.        "PROPERTIES" include all real properties owned and managed by the Debtor

identified in Debtor's Schedule "A."

        12.        "RELATING TO" shall have the same meaning as "RELATE," "REFER,"

"REFERRING TO," "RELATED TO," "EVIDENCE," "EVIDENCING," and "CONSTITUTE" and

includes referring to, recording, reflecting, supporting, interpreting, prepared in connection with,

used in preparation for, pertaining to, mentioning, having any relationship to, or being in any way

legally, logically, or factually connected with the matter discussed, in whole or in part.

**B.**    **<u>Instructions</u>**

**1.**    **Documents Withheld**

        If any DOCUMENT is withheld under a claim of privilege or other protection, so as to aid

the Court and the parties hereto to determine the validity of the claim of privilege or other protection,

please provide the following information with respect to any such DOCUMENT:

        a.        The DOCUMENT'S title, if any;

        b.        The identity of the person(s) who prepared the DOCUMENT, who signed it, and over

whose name it was sent or issued;

        c.        The identity of each person(s) to whom the DOCUMENT was directed;

        d.        The nature and substance of the DOCUMENT with sufficient particularity to enable

the Court and parties to this ACTION to identify the DOCUMENT;

        e.        The date the DOCUMENT was first prepared;

        f.        The identity of each person(s) who has custody of or control over the DOCUMENT

and each copy thereof;

        g.        The identity of each person to whom copies of the DOCUMENT were furnished;

**17**

h.      The number of pages comprising the DOCUMENT;

i.      The basis on which any privilege or other protection is claimed;

j.      Whether any non-privileged or non-protected matter is included in the DOCUMENT; and,

k.      The identity of each person who has seen or reviewed or is likely to have seen or reviewed the document; and a description of the subject matter of the document YOU consider adequate to support the claim of privilege.

**2.      Partial Production**

Whenever YOU object to a particular request, or portion thereof, YOU must produce all documents called for which are not subject to that objection. Similarly, wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief and with as much particularity as possible, those portions of the DOCUMENT, which are not produced.

**3.      Orderly Response**

Wherever it is reasonably practicable, please produce DOCUMENTS in such manner as will facilitate their identification with the particular request or category of requests to which they are responsive, producing DOCUMENTS as they are kept in the usual course of business, or organizing and labeling them to correspond with each Request.

**4.      Construction of "And" and "Or"**

As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this request any documents which would otherwise not be brought within its scope.

**5.      Construction of the Singular and Plural Forms**

As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this request any documents, which would otherwise not be brought within its scope.

*///*

2622195

**18**

**6.      Form of Production**

YOU are to produce the requested DOCUMENTS for inspection, copying, or photographing in their original form or reasonable electronic reproduction thereof. DOCUMENTS may be produced electronically at YOUR option.

With regard to electronically-stored information, please produce Microsoft PowerPoint presentations containing audio, Microsoft Excel documents containing macros, and Microsoft Access databases in native format. Please produce all other documents produced electronically in native format with metadata intact or in PDF format with metadata intact. Alternatively, DOCUMENTS produced electronically may be produced in TIFF format with standard load files, including .opt image load files and .dat metadata load files. Electronically-stored information may be provided via CD, DVD, File Transfer Protocol site, portable hard or flash drive, or other reasonably accessible media format. When practicable, please produce hard copy or physical documents in scanned OCR'd PDF format with metadata intact or scanned TIFF format with standard load files, including .opt image load files and .dat metadata load files. Data files should not be zipped, encrypted, or otherwise restricted or proprietarily protected for specific use. If the native file format is derived from software not accessible with Microsoft Office applications (or other common applications), please so state in response to the particular Request.

If the Document or information requested is in a computer-readable form and not produced in PDF or TIFF format, please specify the software (including the exact versions and release) used to create the information. Also specify any other software, hardware, or other information such as passwords or user-supplied files that are required or desirable in order to examine and use the information. Specify the exact configuration of the hardware on which the information was created, including the memory size (and graphics control board in the event the information contains or requires graphics). Please give the exact name, release, and version of the operating system used on the hardware.

///

///

2622195

**19**

**NOTE: IF YOU ARE UNSURE AS TO THE INTENT AND MEANING OF ANY OF THE  FOREGOING DEFINITIONS OR ANY OF THE FOLLOWING REQUESTS FOR  PRODUCTION, YOU ARE HEREBY REQUESTED TO HAVE YOUR ATTORNEY CONTACT ATTORNEYS OF RECORD FOR THE TRUSTEE, WHO HEREBY OFFER TO PROVIDE ANY  NEEDED ASSISTANCE NECESSARY FOR YOU TO UNDERSTAND THE INTENT AND  MEANING OF ANY OF THE FOREGOING, THEREBY ENSURING THAT THE COURT IS NOT BURDENED BY ANY MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS  FOR PRODUCTION BECAUSE OF ANY UNCERTAINTY OF THE FOREGOING ON YOUR PART.**

## DOCUMENTS REQUIRED TO BE PRODUCED

**REQUEST FOR PRODUCTION 1:**

All of Debtor's business records, licenses, permits, bank accounts, banks statements for 2019 and 2020, including but not limited to cancelled checks for 2019 and 2020.

**REQUEST FOR PRODUCTION 2:**

Any and all DOCUMENTS relating to monies received by Debtor in the calendar years 2019 and 2020 with respect to all parcels of real property owned, managed or controlled by Debtor.

**REQUEST FOR PRODUCTION 3:**

All permits and documents related to the costs of construction for the Figueroa Property.

**REQUEST FOR PRODUCTION 4:**

All Escrow Documents related to purchase/sale of the Moonbeam Property.

**REQUEST FOR PRODUCTION 5:**

Any and all Current Mortgage Statements for all properties, including but not limited to any Notice of Defaults.

**REQUEST FOR PRODUCTION 6:**

Any and all DOCUMENTS related to any lease agreements for the Properties owned, managed or controlled by Debtor.

*///*

**20**

2622195

**REQUEST FOR PRODUCTION 7**:

Any and all DOCUMENTS that refer, relate or describe rents received from tenants for the calendar years 2019 and 2020, including but not limited to partial payments due to COVID.

**REQUEST FOR PRODUCTION 8**:

Any and all DOCUMENTS that refer or reflect rent payments paid to Debtor on or after October 5, 2020 related to all PROPERTIES owned, managed or controlled by Debtor.

**REQUEST FOR PRODUCTION 9**:

Any and all DOCUMENTS related to the purchase of all Debtor's PROPERTIES identified in Schedule "A".

**REQUEST FOR PRODUCTION 10**:

Any and all DOCUMENTS that refer or relate to the formation or incorporation of Debtor, including but not limited to all deeds relating to PROPERTIES owned, managed or controlled by Debtor.

**REQUEST FOR PRODUCTION 11**:

All insurance policies for all PROPERTIES owned, managed or controlled by Debtor.

**REQUEST FOR PRODUCTION 12**:

Federal and State Income tax returns for tax years 2016, 2017, and 2019.

2622195

| | |
|---|---|
| **From:** | Tamar Terzian |
| **Sent:** | Wednesday, October 6, 2021 4:36 PM |
| **To:** | Debra Reed |
| **Cc:** | Diane Weil; David Seror; Michael Berger |
| **Subject:** | RE: Request for List of Documents needed from Jose Pasco, Principal of Valley Enterprises |
| **Attachments:** | 2625740.pdf |

Debra,

Attached is the Order for the documents that need to be produced entered by the Court.  Please review the instructions as even when making a partial production of documents you need to provide an explanation of the reason why it is a partial production.  For example, you produced 2017 and 2018 tax return and an explanation why 2019 and 2020 was not filed.  The following is a list of all documents outstanding in this case.

- All of Debtor's business records, licenses, permits, bank accounts, banks statements for 2019 and 2020, including but not limited to cancelled checks for 2019 and 2020.  We received partial bank statements for 2020 from East West Bank and have not received any other bank statements.  We would need ALL bank statements for all bank accounts.

- Any and all DOCUMENTS relating to monies received by Debtor in the calendar years 2019 and 2020 with respect to all parcels of real property owned, managed or controlled by Debtor.

- All permits and documents related to the costs of construction for the Figueroa Property.

- All Escrow Documents related to purchase of the Moonbeam Property.

- Any and all Current Mortgage Statements for all properties, including but not limited to any Notice of Defaults.

- Any and all DOCUMENTS that refer, relate or describe rents received from tenants for the calendar years 2019 and 2020, including but not limited to partial payments due to COVID.

- Any and all DOCUMENTS that refer or reflect rent payments paid to Debtor on or after October 5, 2020 related to all PROPERTIES owned, managed or controlled by Debtor.

- Any and all DOCUMENTS related to the purchase of all Debtor's PROPERTIES identified in Schedule "A" of Debtor's Petition.

- Any and all DOCUMENTS that refer or relate to the formation or incorporation of Debtor, including but not limited to all deeds relating to PROPERTIES owned, managed or controlled by Debtor.

- Status of Filing tax returns for 2019 and 2020.

Please provide these documents no later than October 12, 2021, close of business.  If you need further clarification, please contact me.

**EXHIBIT 2**      **22**

**From:** Debra Reed <Debra.Reed@bankruptcypower.com>
**Sent:** Wednesday, October 6, 2021 11:49 AM
**To:** Tamar Terzian <tterzian@bg.law>
**Cc:** Diane Weil <dcweil@dcweillaw.com>; David Seror <dseror@bg.law>; Michael Berger <Michael.Berger@bankruptcypower.com>
**Subject:** Request for List of Documents needed from Jose Pasco, Principal of Valley Enterprises


CAUTION: This email originated from an external source.

Dear Tamar:

May we have a complete list of documents you still require from Mr. Pasco, principal of Valley Enterprises, please? If you could provide this today, it would be very helpful.

Thank you,
Debra Reed

Debra J. Reed, Esquire, MBA
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor, Beverly Hills, CA 90212-2929
T: 310.271.6223 | F: 310.271.9805 | www.bankruptcypower.com

**23**

| | |
|---|---|
| **From:** | Michael Berger <Michael.Berger@bankruptcypower.com> |
| **Sent:** | Monday, October 25, 2021 12:13 PM |
| **To:** | David Seror; Debra Reed |
| **Cc:** | Tamar Terzian |
| **Subject:** | RE: Examination of Pasco |

CAUTION: This email originated from an external source.

**Dear David:**

**My client has not produced any additional documents to me. We both heard Mr. Pasco say that he will appear for his continued examination.  I heard you say that you did not want to take the continued examination until you received the missing documents.   You already know that I have filed a motion to withdraw as counsel.  That's what is going on.**

**Sincerely,**

**Michael Berger**

**Michael Jay Berger**
**Certified Bankruptcy Law Specialist**
**The State Bar of California Board of Legal Specialization**
**Law Offices of Michael Jay Berger**
**9454 Wilshire Blvd. 6th Floor**
**Beverly Hills, CA 90212-2929**
**Telephone (310) 271-6223**
**Fax (310) 271-9805**
**Website www.bankruptcypower.com**

---

**From:** David Seror <dseror@bg.law>
**Sent:** Monday, October 25, 2021 12:10 PM
**To:** Michael Berger <Michael.Berger@bankruptcypower.com>; Debra Reed <Debra.Reed@bankruptcypower.com>
**Cc:** Tamar Terzian <tterzian@bg.law>
**Subject:** Examination of Pasco

Michael, you and your client heard Judge Barash's comments last week.  I have not received any further documents nor received confirmation that Mr. Pasco will appear for continued examination.  What is going on?

**BRUTZKUS GUBNER**
**YOUR COUNSEL MATTERS**

21650 Oxnard St., Suite 500
Woodland Hills, CA 91367

www.bg.law

**David Seror**
Partner

(818) 827-9000 Main
(818) 827-9023 Fax

dseror@bg.law

 David Seror

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's
e-mail policies, which can be found at: https://www.bg.law/web-disclaimer

1

**EXHIBIT 3**            **24**

| | |
|---|---|
| **From:** | Debra Reed <Debra.Reed@bankruptcypower.com> |
| **Sent:** | Wednesday, October 27, 2021 1:26 PM |
| **To:** | Tamar Terzian |
| **Cc:** | David Seror; Diane Weil; Michael Berger; Karine Manvelian |
| **Subject:** | Re: Valley Enterprises - East West Bank Statements from Jose Pasco |
| **Attachments:** | DOC102521-10252021080157_bank statements Pasco 14 pp.pdf; |
| | DOC102521-10252021080219_bank statements pasco 44 pp.pdf; |
| | DOC102521-10252021080815_bank statements pasco 29 pages.pdf |

CAUTION: This email originated from an external source.

Ms. Terzian:

Attached please find three attachments containing a total of 87 pages of Valley Enterprise's
East West Bank statements provided to our office today by Jose Pasco.

Thank you,

Debra J. Reed, Esquire, MBA
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor, Beverly Hills, CA 90212-2929
T: 310.271.6223 | F: 310.271.9805 | www.bankruptcypower.com

**EXHIBIT 4**          **25**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR: (1) ISSUANCE OF AN ORDER TO SHOW CAUSE RE CONTEMPT OF COURT AND FOR ORDER HOLDING JOSE PASCO, PERSON MOST KNOWLEDGEABLE OF DEBTOR'S FINANCIAL AFFAIRS, IN CONTEMPT OF THIS COURT FOR FAILURE TO TURNOVER DOCUMENTS; (2)  FOR SUCH FURTHER ORDERS FOR RELIEF AS THE COURT MAY DEEM NECESSARY TO ENFORCE ITS ORDERS AGAINST JOSE PASCO, PERSON MOST KNOWLEDGEABLE OF DEBTOR'S FINANCIAL AFFAIRS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF DAVID SEROR IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **November 10, 2021,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **November 10, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**\*\*JUDGE'S COPY UNDER 25 PAGES IS SUSPENDED (GENERAL ORDER 21-05).**

Honorable Martin R. Barash
United States Bankruptcy Court
San Fernando Valley Division
21041 Burbank Blvd., Suite 342
Woodland Hills, CA  91367

Debtor
Valley Enterprises T.S., Inc.
c/o Jose Pasco
7759 Skyhill Drive Los
Angeles, CA 90068

☐    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 10, 2021 | Mela Galvan | /s/ Mela Galvan |
|---|---|---|
| Date | Printed Name | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                      **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **Julian K Bach**    Julian@Jbachlaw.com, julianbach@sbcglobal.net
- **Michael Jay Berger**    michael.berger@bankruptcypower.com,
  yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Kelli M Brown**    kbrown@mclaw.org, CACD_ECF@mclaw.org
- **Katherine Bunker**    kate.bunker@usdoj.gov
- **Greg P Campbell**    ch11ecf@aldridgepite.com, gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com
- **Russell Clementson**    russell.clementson@usdoj.gov
- **Joseph C Delmotte**    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- **Brian S Edwards**    brian.edwards@fnf.com, christine.hipp@fnf.com
- **Arnold L Graff**    agraff@wrightlegal.net, bkudgeneralupdates@wrightlegal.net,jcraig@wrightlegal.net
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Erica T Loftis Pacheco**    bknotifications@ghidottiberger.com
- **Lane M Nussbaum**    lnussbaum@nussbaumapc.com, info@nussbaumapc.com
- **Giovanni Orantes**    go@gobklaw.com, gorantes@orantes-
  law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com
- **Anthony N Ranieri**    a1andb2@aol.com
- **Matthew D. Resnik**    matt@rhmfirm.com,
  roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@r
  hmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **David Seror**    dseror@bg.law, ecf@bg.law
- **Tamar Terzian**    tterzian@bg.law, ecf@bg.law
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Thomas B Ure**    tbuesq@aol.com, urelawfirm@jubileebk.net;tom@ecf.courtdrive.com
- **Diane C Weil (TR)**    dcweil@dcweillaw.com,
  DCWTrustee@dcweillaw.com,dweil@iq7technology.com,alopez@dcweillaw.com;ecf.alert+Weil@titlexi.com
- **Reilly D Wilkinson**    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com
- **Robert M Yaspan**    court@yaspanlaw.com, tmenachian@yaspanlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**