United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 20-11784-MB |
| Valley Enterprises T.S. Inc | Chapter 7 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-1 | User: admin | Page 1 of 2 |
| Date Rcvd: Jan 19, 2022 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 21, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Valley Enterprises T.S. Inc, 13962 Saticoy Street, Van Nuys, CA 91402-6522 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 21, 2022                Signature:    /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 19, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Anthony N Ranieri | on behalf of Debtor Valley Enterprises T.S. Inc a1andb2@aol.com |
| Arnold L Graff | on behalf of Creditor Toorak Capital Partners  LLC agraff@wrightlegal.net, bkudgeneralupdates@wrightlegal.net,jcraig@wrightlegal.net |
| Brian S Edwards | on behalf of Creditor Courtesy NEF brian.edwards@fnf.com   christine.hipp@fnf.com |
| David Seror | on behalf of Trustee Diane C Weil (TR) dseror@bg.law  ecf@bg.law |
| Diane C Weil (TR) | dcweil@dcweillaw.com DCWTrustee@dcweillaw.com;ecf.alert+Weil@titlexi.com |
| Erica T Loftis Pacheco | |

| District/off: 0973-1 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Jan 19, 2022 | Form ID: pdf042 | Total Noticed: 1 |

|  |  |
|---|---|
| | on behalf of Creditor The Carrington Company bknotifications@ghidottiberger.com |
| Giovanni Orantes | on behalf of Interested Party The Orantes Law Firm P.C. go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com |
| Giovanni Orantes | on behalf of Creditor Sandra Chevelle Nicole go@gobklaw.com gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com;orantesgr89122@notify.bestcase.com |
| Greg P Campbell | on behalf of Creditor Courtesy NEF ch11ecf@aldridgepite.com gc@ecf.inforuptcy.com;gcampbell@aldridgepite.com |
| Joseph C Delmotte | on behalf of Creditor JPMorgan Chase Bank N.A. ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com |
| Julian K Bach | on behalf of Creditor Dan B Selleck; TGC Pension Plan; NVS Investments LLC, a California LLC; Rojo Solo 401K Trust; IRA Services Trust Co., Custodian FBO Wayner A Carlander Jr Account #IRA2544848; Ronald E Plummer an Julian@Jbachlaw.com, julianbach@sbcglobal.net |
| Julian K Bach | on behalf of Creditor Dan B Selleck; TGC Pension Plan; NVS Investments LLC, a California LLC; Rojo Solo 401K Trust; IRA Services Trust Co., Custodian FBO Wayne A Carlander Jr Account #IRA2544848; Ronald E Plummer et Julian@Jbachlaw.com, julianbach@sbcglobal.net |
| Julian K Bach | on behalf of Creditor Courtesy NEF Julian@Jbachlaw.com julianbach@sbcglobal.net |
| Katherine Bunker | on behalf of U.S. Trustee United States Trustee (SV) kate.bunker@usdoj.gov |
| Kelli M Brown | on behalf of Creditor Courtesy NEF kbrown@mclaw.org CACD_ECF@mclaw.org |
| Lane M Nussbaum | on behalf of Interested Party Joseph H. Scharlin as Trustee of the Scharlin Family Trust lnussbaum@nussbaumapc.com, info@nussbaumapc.com |
| Matthew D. Resnik | on behalf of Interested Party Courtesy NEF matt@rhmfirm.com roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com |
| Reilly D Wilkinson | on behalf of Creditor SLS MORTGAGE INC. its successors and/or assignees rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com |
| Reilly D Wilkinson | on behalf of Creditor 1SHARPE OPPORTUNITY INTERMEDIATE TRUST REO ENTITY: 1S REO OPPORTUNITY 1 LLC, its successors and/or assignees rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com |
| Robert M Yaspan | on behalf of Creditor Golf View Lane Limited Partnership a California Limited Partnership court@yaspanlaw.com, tmenachian@yaspanlaw.com |
| Russell Clementson | on behalf of U.S. Trustee United States Trustee (SV) russell.clementson@usdoj.gov |
| Steven T Gubner | on behalf of Trustee Diane C Weil (TR) sgubner@bg.law ecf@bg.law |
| Tamar Terzian | on behalf of Trustee Diane C Weil (TR) tamar@terzlaw.com ecf@bg.law |
| Thomas B Ure | on behalf of Debtor Valley Enterprises T.S. Inc tbuesq@aol.com urelawfirm@jubileebk.net;tom@ecf.courtdrive.com |
| United States Trustee (SV) | ustpregion16.wh.ecf@usdoj.gov |

TOTAL: 25

DAVID SEROR – Bar No. 67488
TAMAR TERZIAN – Bar No. 254148
BG LAW
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:   (818) 827-9099
Email:       dseror@bg.law
             tterzian@bg.law

Attorneys for Diane C. Weil,
Chapter 7 Trustee for the bankruptcy estate of
Valley Enterprises T.S., Inc.

**FILED & ENTERED**

**JAN 19 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gasparia  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>VALLEY ENTERPRISES T.S., INC.,<br><br>Debtor. | Case No. 1:20-bk-11784-MB<br><br>Chapter 7<br><br>**ORDER APPROVING TRUSTEE'S MOTION TO: (1) APPROVE SALE OF REAL PROPERTY LOCATED AT 15094 NURMI STREET, (SYLMAR AREA), LOS ANGELES, CA 91342, FREE AND CLEAR OF ALL LIENS, INTERESTS, CLAIMS, AND ENCUMBRANCES WITH SUCH LIENS, INTERESTS, CLAIMS, AND ENCUMBRANCES TO ATTACH TO PROCEEDS PURSUANT TO 11 U.S.C. §§ 363(b), AND (f) ; (2) APPROVING OVERBID PROCEDURES; (3) DETERMINING THAT BUYER IS ENTITLED TO PROTECTION PURSUANT TO 11 U.S.C. § 363 (m); AND (4) AUTHORIZING PAYMENT OF COMMISSIONS FROM PROCEEDS OF SALE**<br><br><u>Hearing</u>:<br>Date:   January 5, 2022<br>Time:   11:00 a.m.<br>Place:  Courtroom 201<br>Via Zoom.Gov (See Telephonic Instructions on cacb.uscourts.gov. and Supplemental Notice) |

  The *Motion By Diane C. Weil, Chapter 7 Trustee To: (1) Approve Sale Of Real Property Located at 15649 Chase Street, North Hills, Ca 91343, Free And Clear Of All Liens, Interests, Claims, And Encumbrances With Such Liens, Interests, Claims, And Encumbrances To Attach To Proceeds Pursuant To 11 U.S.C. §§ 363(b), and (f,); (2) Approve Overbid Procedures; (3) Determine That Buyer Is Entitled To Protection Pursuant To 11 U.S.C. § 363(m) Memorandum Of Points And Authorities And Declarations Of Diane C. Weil and David R. Hagen In Support Thereof* [Doc. No. 301] (the "Motion"), seeking an order authorizing the sale pursuant to 11 U.S.C. §§ 363(b)(1), and (f), of the Estate's interest in the real property located at located at 15094 Nurmi Street, (Sylmar Area), Los Angeles, CA 91342 (the "Nurmi Property") and legally described as,

> The Northeasterly 50 feet of Lot 7 in Block "A", at Tract No. 5813, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 67 Page 47 of Maps, in the Office of the County Recorder of said County. Except the Southeasterly 220.22 feet thereof. (APN: 2604-028-017)

to Ramiro De Lira Salas and Ramiro Ulises De Lira Salas (the "Buyers"), on an "as-is" "where-is", and "with-all-faults" basis without any warranties, expressed or implied, and without any contingencies, free and clear of liens, interests, claims, and encumbrances, with such liens, interests, claims, and encumbrances to attach to the Sale proceeds, net of expenses of sale, with the same priority and rights of enforcement as previously existed, filed on behalf of Diane C. Weil, the duly appointed and acting chapter 7 trustee (the "Trustee") for the bankruptcy estate ("Estate") of Valley Enterprises T.S., Inc. (the "Debtor"), duly came on for a ZoomGov hearing, the Honorable Martin R. Barash, United States Bankruptcy Judge, presiding.

  Tamar Terzian, of BG Law, appeared on behalf of the Trustee, who was also present. The Trustee's broker was present at the hearing. The Buyer and his broker were also present at the hearing. All other appearances are reflected on the record.

  The Court having read and considered the Motion, and all papers and pleadings filed in support thereof, having received evidence both oral and documentary; finding that notice of the

2

Motion was appropriate and sufficient; and after due deliberation; and good cause appearing therefor:

**THE COURT HEREBY FINDS AS FOLLOWS:**

    A.    This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Determination of the Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

    B.    The statutory predicate for the relief sought by the Motion is Section 363(b) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (each a "Bankruptcy Rule" and together, the "Bankruptcy Rules").

    C.    Proper, timely, sufficient, and adequate notice of the Motion and the transaction contemplated thereby has been provided in accordance with Section 363 of the Bankruptcy Code and Rules 2002 and 6004 of the Bankruptcy Rules. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties. Such notice was good, sufficient, and appropriate under the circumstances, and no other or further notice of the Motion is or shall be required.

    D.    The Real Property which is the subject of the Motion, the Nurmi Property bearing APN 2604-028-017 and the purchase agreement attached as **Exhibit "1"** to the Motion, is property of this Estate pursuant to Bankruptcy Code § 541.

    E.    The Preliminary Title Report dated as of October 28, 2021, and prepared by Stewart Title (the "Title Report"), attached as **Exhibit "2"** to the Motion, reflects that title to the Nurmi Property stands in the name of the Debtor in this case. The Title Report also reflects the following liens, encumbrances, and other documents of record affecting title to the Nurmi Property:

    1.    Property Taxes for Tax Year 2020-2021 in the amount of $5,382.97, plus any applicable penalties.

    2.    A Deed of Trust dated March 28, 2019, in favor of SLS Mortgage, Inc., a California Corporation securing an obligation in the original principal amount of $389,711,

  recorded on April 4, 2019, bearing Instrument No. 20190292458 (the "Deed of Trust").

  a. The Deed of Trust was assigned to Triumph Capital Partners, LLC. ("Triumph") by assignment dated March 21, 2019, recorded on April 11, 2019, as Instrument No. 20190318479, and subsequently assigned by Triumph to Toorak Capital Partners, LLC ("Toorak") by Assignment dated March 28, 2019, recorded on August 1, 2019, bearing Instrument No. 20190767366. .

  b. The trustee under the Deed of Trust was substituted from Provident Title Company to Assured Lender Services, Inc. by a Substitution of Trustee recorded on May 21, 2020, bearing Instrument number 20200555530.

  c. On May 21, 2020, Toorak Mortgage recorded a Notice of Default bearing Instrument number 20200555531. On August 28, 2020, Toorak recorded a Notice of Trustee's Sale bearing Instrument number 20201017264.

3. An agreement entitled Master Covenant and Agreement by and between Jose A. Pasco and City of Los Angeles that was recorded on July 24, 2019, bearing Instrument number 20190724719.

4. A Notice of Lien to secure unpaid unsecured property taxes in the amount of $61.06, recorded July 27, 2016, bearing Instrument No. 20160878671.

5. A Notice of Lien to secure unpaid unsecured property taxes in the amount of $985.16, recorded May 8, 2018, bearing Instrument No. 20180448367.

6. A Notice of Lien to secure unpaid unsecured property taxes in the amount of $414.65, recorded May 8, 2018, bearing Instrument No. 20180448381.

F, The terms and conditions of the sale of the Nurmi Property as contemplated and described in the California Residential Purchase Agreement and Joint Escrow Instructions dated October 22, 2021, together with the Trustee's addendum and all amendments (collectively, the "Purchase Agreement") attached as **Exhibit "1"** to the Motion are fair and reasonable.

G. There is a sound business purpose for the sale of the Nurmi Property as contemplated by and described in the Purchase Agreement.

      H.      The sale of the Nurmi Property as contemplated by and described in the Purchase Agreement was proposed and negotiated in good faith and is in the best interests of the Estate and its creditors.

      I.      The Nurmi Property was adequately marketed. The Trustee received no qualified overbid pursuant to the proposed Overbid Procedures in the Motion prior to the hearing.

      J.      The Trustee is authorized to sell the Nurmi Property as Trustee of the Debtor's Estate.

      K.      The secured creditor Toorak has consented to the Sale of the Nurmi Property with the condition that it be paid the balance due on the obligation secured by the Deed of Trust or such other amount as may be agreed upon between the Trustee and Toorak or, in the alternative, to the extent Toorak is not paid in full upon the close of escrow, the lien created by the Deed of Trust attach to the proceeds of the Sale.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The Motion is granted in its entirety.

2. Proper, timely, and sufficient notice of the Motion has been provided in accordance with Section 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, and no other or further notice of the Motion is required.

3. The proposed Bidding Procedures for the sale of the Nurmi Property are moot as there were no overbidders.

4. The California Residential Purchase Agreement and Joint Escrow Instructions dated October 22, 2021, together with the Trustee's addendum and all amendments, which sets forth all sale agreement terms between the Trustee and the Buyer, is hereby approved.

5. The Trustee is authorized to sell, convey, assign, and transfer all of the Estate's right, title and interest in the Nurmi Property for a purchase price of Four Hundred and Seventy Thousand Dollars ($470,000) ("Purchase Price") to Ramiro De Lira Salas and Ramiro Ulises De Lira Salas ("Buyers") on an "**AS IS, WHERE IS**" basis, without any warranties, expressed or implied, and without any contingencies, pursuant to Bankruptcy Code §§ 363(b) and (f), free and clear of all liens, claims, interests, and encumbrances, including the property taxes, with such liens, claims,

interests, and encumbrances to attach to the sale proceeds with the same priority and rights of enforcement as previously existed.

6. The Buyers consent and agree to purchase the Nurmi Property subject to item 11 on the Title Report entitled, "An agreement entitled Master Covenant and Agreement by and between Jose A. Pasco and City of Los Angeles," recorded on July 24, 2019, bearing Instrument Number 20190724719.

7. The Trustee is further authorized to execute any and all documents necessary and appropriate to consummate the sale of the Nurmi Property to the Buyers, including but not limited to the execution of a quitclaim deed on behalf of the Debtor. No signature is necessary from the Debtor.

8. The Trustee is authorized to direct escrow to pay from sale proceeds and directly from escrow normal closing costs, as defined in the Motion and Brokers' Commissions.

9. The Buyers have acted in good faith within the meaning of 11 U.S.C. § 363(m) and are thus granted all the protections and immunities afforded by that Section.

10. The Motion and Purchase Agreement are approved as they in the best interests of the Estate and its creditors and entry into the Purchase Agreement is a prudent exercise of the Trustee's business judgment.

11. No objection was filed with the Court. Any objections to the relief requested in the Motion and the entry of this Order that have not been withdrawn, waived, or settled, or not otherwise resolved pursuant to the terms hereof, if any, are hereby denied and overruled on the merits with prejudice.

12. This Court shall retain jurisdiction to enforce, interpret, and implement the terms of the Purchase Agreement, and each of the documents and instruments executed in connection therewith and with this order, and shall further retain jurisdiction to resolve any disputes that arise from entry of this Order.

13. The Purchase Agreement may be modified, amended, or supplemented by the parties thereto without further order of this Court only by non-material modifications, amendments, or supplements that do not have an adverse effect on the Estate or its creditors.

14. The fourteen (14)-day stay as provided by Bankruptcy Rule 6004(h) is waived.

15. The findings of fact and conclusions of law stated herein and as set forth by the Court on the record during the hearing on this matter, shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any finding of fact later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

**IT IS SO ORDERED.**

###

Date: January 19, 2022

Martin R Barash
United States Bankruptcy Judge