DAVID SEROR – Bar No. 67488
JESSICA S. WELLINGTON – Bar No. 324477
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    dseror@bg.law
          jwellington@bg.law

Attorneys for Diane C. Weil,
Chapter 7 Trustee for Valley Enterprises, T.S. Inc.

**FILED & ENTERED**

**APR 12 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY Pgarcia    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

**CHANGES MADE BY COURT**

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:20-bk-11784 MB |
| VALLEY ENTERPRISES T.S., INC., | Chapter 7 |
| Debtor. | **ORDER REQUIRING JOSE PASCO TO APPEAR IN PERSON AND PRODUCE REQUESTED DOCUMENTS** |
| | HEARING<br>DATE: May 26, 2022<br>TIME: 3:30 pm<br>PLACE: United States Bankruptcy Court<br>    Courtroom 303<br>    21041 Burbank Blvd.<br>    Woodland Hills, CA 91367 |

The Court's *Order to Show Cause re Civil Contempt for Violation of Court Orders* (the "OSC") [Doc. 287] directing Jose Pasco, individually and as the person most knowledgeable ("PMK") of debtor Valley Enterprises T.S. Inc. ("Debtor"), to appear and show cause why he should not be held in civil contempt and sanctioned for his failure to comply with this Court's Orders and

1

the *Motion for Apprehension of Jose Pasco to Compel Attendance at Examination as the Person Most Knowledgeable of Debtor's Financial Affairs Pursuant to Fed. R. Bankr. P. 2005* (the "2005 Motion") [Doc. 148] came on for continued hearings on March 30, 2022, before the Honorable Martin R. Barash, United States Bankruptcy Judge.  Jessica S. Wellington of BG Law, LLP, appeared on behalf of Diane C. Weil, Chapter 7 Trustee.  No other appearances were made.

The Orders upon which the OSC is based are:

(1) Entered on April 16, 2021 (the "2004 Order") requiring the examination of the PMK of Debtor and production of documents identified on Exhibit 1 to the 2004 Order [Doc. 89].  The 2004 Order required the production of documents by April 28, 2021 [Doc. 89]. Debtor's bankruptcy petition, board of directors' consent and corporate ownership statement identify Jose Pasco as Debtor's only officer, director and 100% shareholder.  [Doc. 1].  Jose Pasco is the PMK of Debtor.  The 2004 Order was served on Debtor on April 16, 2021 [Doc. 90] and April 18, 2021 [Doc. 91].

(2) Entered August 2, 2021 (the "Preliminary 2005 Order").  The Preliminary 2005 Order was based upon the 2005 Motion filed by Diane C. Weil, the duly appointed Chapter 7 Trustee (the "Trustee"), which requested, among things, that Debtor produce: (a) an accounting of rents received post-petition pertaining to the various real property assets; (b) any rental/lease agreements; (c) proof of insurance; and (d) tax returns for tax years 2017, 2018 and 2019 (collectively, the "Additional Documents").  On July 16, 2021, Debtor filed a declaration under penalty of perjury from Jose Pasco agreeing "to produce the requested documents" [Doc. 157].  Based on the foregoing, the Court entered the Preliminary 2005 Order, which among other things ordered Debtor to produce the Additional Documents by August 18, 2021 [Doc. 175].  The Preliminary 2005 Order was served on the Debtor on August 4, 2021 [Doc. 178].

After considering the evidence in support of the Trustee's *Motion for: (1) Issuance of an Order to Show Cause re Contempt of Court and for Order Holding Hose Pasco, Person Most Knowledgeable of Debtor's Financial Affairs, in Contempt of this Court for Failure to Turnover Documents; (2) For Such Further Orders for Relief as the Court May Deem Necessary to Enforce its*

2

2781265

*Order Against Jose Pasco, Person Most Knowledgeable of Debtor's Financial Affairs* (the "Contempt Motion") [Doc. 271] and noting the lack of any written response to the OSC filed by either Jose Pasco or Debtor; and after considering the comments and arguments made at the hearing on the OSC, on December 20, 2021, this Court entered an *Order Adjudicating Debtor in Civil Contempt* (the "Contempt Order") [Doc. 315]. Through the Contempt Order, this Court adjudicated Jose Pasco in civil contempt as follows:

    (1) With respect to the 2004 Order, Jose Pasco failed to complete his examination as the PMK of Debtor and further failed to produce all of the documents identified on Exhibit 1 to the 2004 Order, and has not demonstrated that he in incapable of complying the 2004 Order; and

    (2) With respect to the Preliminary 2005 Order, Jose Pasco failed to complete his examination as the PMK of Debtor, and further failed to produce all of the Additional Documents, and has not demonstrated that he is incapable of complying with the Preliminary 2005 Order.

Through the Contempt Order, this Court ordered Jose Pasco to:

    (1) Produce all unproduced documents identified on Exhibit 1 to the 2004 Order and the Additional Documents set forth in the Preliminary 2005 Order to the Trustee's counsel by December 29, 2021. The list of unproduced documents is included at pages 3:24 – 4:16 of the Contempt Motion (the "Unproduced Documents"); and

    (2) Appear on January 6, 2022 at 10:00 a.m. for a continued examination by the Trustee.

On March 29, 2022, the Trustee filed her *Supplemental Statement of Trustee in Support of Order Finding Jose Pasco in Civil Contempt* (the "Supplemental Statement") [Doc. 339], which included evidence demonstrating that Jose Pasco has failed to comply with the Contempt Order as follows:

    (1) Jose Pasco failed to produce the Unproduced Documents to the Trustee's counsel by December 29, 2021, or thereafter, and has not demonstrated that he in incapable of producing the Unproduced Documents; and

(2) Jose Pasco failed to appear for the continued examination by the Trustee on January 6, 2022, or thereafter, and has not demonstrated that he in incapable of appearing for a continued examination.

The Trustee's Supplemental Statement includes the transcript of the September 9, 2021 examination of Jose Pasco (the "2004 Examination") in which Pasco testified that documents relating to money received by the Debtor in 2019 and 2020, documents relating to rents collected from tenants of the Debtor, and documents regarding improvements made to Debtor's real properties (and possibly other Unproduced Documents) were "in boxes" in his possession, custody and control (the "Boxes of Debtor's Records").  Transcript of September 9, 2021 2004 Examination of Jose Pasco at 41, 54, 93, attached as Exhibit A to the Supplemental Statement.

After considering the evidence in support of the Trustee's Supplemental Statement, noting the lack of Jose Pasco's appearance at the continued hearings on the OSC and 2005 Motion on January 19, 2022; February 23, 2022 and March 30, 2022, and for the reasons set forth by the Court at the continued hearings, the Court orders as follows:

**IT IS HEREBY ORDERED THAT:**

1. The hearings on the OSC and 2005 Motion are continued to **May 26, 2022 at 3:30 p.m.** (the "Continued Hearings").

2. Jose Pasco and the Trustee's counsel shall appear **in person** in Courtroom 303 of the United States Bankruptcy Court located at 21041 Burbank Blvd., Woodland Hills, California 91367 for the Continued Hearings.

3. Jose Pasco shall bring all of the Unproduced Documents with him to the Continued Hearings.

4. Jose Pasco shall bring all of the Boxes of Debtor's Records with him to the Continued Hearings and shall turn over such Boxes and the Unproduced Documents to the Trustee's counsel at the Continued Hearings.

5. In the event Jose Pasco fails to comply with this Order, pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 2005 and the Contempt Order, this Court shall issue an order directing the U.S. Marshal to take Jose Pasco into custody until he purges himself of

2781265

contempt by either producing the Unproduced Documents <u>and the Boxes of Debtor's Records</u>, or by filing a declaration affirming that such items are not within his possession, custody, or control or otherwise showing why the Trustee's requests could not be met.

6. <u>To assist the Court with the issuance of an order directing the U.S. Marshal to take Jose Pasco into custody, at the Continued Hearings, the Trustee shall be prepared to provide the Court with as much of the following information as is known to the Trustee or his counsel:</u>

  a. <u>A physical description of Jose Pasco including race, height, weight, hair and eye color and any photographs of Jose Pasco;</u>
  b. <u>Jose Pasco's date and place of birth and Social Security Number;</u>
  c. <u>Full legal name and any known aliases of Jose Pasco;</u>
  d. <u>Jose Pasco's last known or current address or telephone number;</u>
  e. <u>Names, addresses and nature of relationship of Jose Pasco's family members;</u>
  f. <u>Jose Pasco's employer's name, address and telephone number; and</u>
  g. <u>Description of Jose Pasco's automobiles.</u>

7. Within three calendar days of the entry of this Order, the Trustee shall serve (via personal delivery or overnight delivery) this Order on Jose Pasco and Debtor at Mr. Pasco's residence and also at the most recent address provided by Debtor on the bankruptcy court docket. <u>The Trustee shall include with this Order, a copy of the Contempt Order, the list of Unproduced Documents included at pages 3:24 – 4:16 of the Contempt Motion [Doc. 271], and a transcript of the 2004 Examination.</u> The Trustee shall file proof of such service within three days of such service.

\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\
\\\\

2781265

8. <u>This Order neither amends nor vacates the previously entered Contempt Order and Jose Pasco continues to accrue fines of $100 per day for each day after December 29, 2021, that he fails to produce the Unproduced Documents.</u>

**IT IS SO ORDERED.**

### #

Date: April 12, 2022

*[Signature: Martin R. Barash]*

Martin R Barash
United States Bankruptcy Judge

2781265